UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN, on behalf of herself and all others similarly situated, | ) )  Civil Action No.: 2:19-cv-69 )  **CLASS AND COLLECTIVE ACTION COMPLAINT** )  **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| DENNY'S, INC; and DOE DEFENDANTS 1-10, | |
| Defendant. | |

Plaintiff Juli Wintjen ("Wintjen" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name Denny's that are owned and operated and/or managed by Defendant Denny's Corporation, ("Defendant" or "Denny's"), and have been subject to the unlawful practices detailed herein.

2. Upon information and belief, the employment practices complained of herein occurred at all of Denny's locations at issue, as Defendant utilized common labor policies and practices at each of their locations. Accordingly, Defendant is responsible for the employment practices complained of herein.

3. Denny's is an international restaurant chain, with over "over 1,700 locations." *See* https://www.dennys.com/company/about/ (last visited October 26, 2018). These locations are either corporate-owned or franchised-owned. In Pennsylvania, there are at least 13 corporate restaurant locations owned and operated by Defendant.

4. Denny's employs individuals in a tipped capacity, namely "servers" ("waiters and "waitresses") (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices. As Tipped Employees, these individuals were primarily responsible for taking customers' orders and serving them their food.

5. As explained in detail below, despite Denny's purported success, it systematically and willfully deprived Plaintiff and Tipped Employees of minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA.

6. Due to Defendant's unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit", Defendant has improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

7. Further, Denny's unlawfully required Plaintiff and current and former Tipped Employees to perform numerous non-tipped duties that are unrelated to their tipped occupation. This includes but is not limited to, cleaning tables, cleaning and vacuuming the restaurant floors, running register, preparing takeout orders and online orders from the Denny's website, slicing fruits for drinks such as lemons and limes, rolling silverware, and preparing rolling bins for silverware. Despite performing this unrelated non-tipped work, Denny's paid Plaintiff and current and former Tipped Employees a sub-minimum wage for performing this work.

8. As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

9. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

10. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendant in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Class").

11. In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA").

12. Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PMWA Class").

13. The FLSA Class and the PMWA Class are hereafter collectively referred to as the "Classes."

14. Plaintiff alleges on behalf of the FLSA Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

15. Plaintiff alleges on behalf of the PMWA Class that Denny's violated the PMWA by failing to comply with the tip credit provisions, as required by law, and consequently failing to pay them the appropriate minimum wages for all hours worked. In addition, Defendant also violated the PMWA by failing to pay PA Class members the full minimum wage for time spent performing non-tip generating work.

## PARTIES

16. Plaintiff Juli Wintjen ("Plaintiff") is a resident of the Commonwealth of Pennsylvania who was employed by Denny's as a "server" in their Cranberry Township, Pennsylvania location (located at 1346 Old Freedom Rd., Cranberry Township, Pa.). Plaintiff was employed as a Tipped Employee at this location from on or about September 2017 to December 2017. While employed as a server, Defendant failed to compensate Plaintiff properly for all hours worked.

17. Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action. Her executed Consent To Sue form is attached hereto as Exhibit A.

18. Denny's owns and operates a chain of restaurants located across the United States. The Company maintains its corporate office at 203 East Main Street, Spartanburg, South Carolina. In addition, the Company maintains the website "www.dennys.com."

19. At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this District.

20. Defendant operates with a high degree of interrelated and unified operations, sharing common management between restaurant locations, sharing common employees

4

between locations, as well as sharing common human resources and payroll services. All of Defendant's locations share the common labor policies and practices complained of herein.

21. Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff.[1] Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants. In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship. Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

23. Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

25. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] Plaintiff believes there may be additional Denny's entities employing Tipped Employees that have not been identified yet. Should discovery reveal the existence of such restaurants, Plaintiff will seek leave to amend her pleadings to add such additional entities as defendants.

## FACTUAL ALLEGATIONS

26. The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

27. Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

28. Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendant.

29. Upon information and belief, all of the Defendant's locations are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

30. Evidencing this fact, on the Company's website, an individual is able to apply online to any Denny's location. The description for "server" is identical for all of Denny's locations. In addition to the regular server duties of waiting on tables, the description requires the "[g]reeting and seating guests", "[r]eceiving payment for the Cashier and making correct change", and "[h]elping to keep our restaurants clean, completing side work, and organizing supplies as needed." *See* https://careers.dennys.com/global/en/restaurant-crew (last visited October 26, 2018).

31. As such, upon information and belief, the employment practices complained of herein occurred at all Denny's locations within the Commonwealth as Defendant utilized common labor policies and practices at each of their locations. Accordingly, Defendant is responsible for the employment practices complained of herein.

### Plaintiff's Experience Working For Defendant

32. As set forth above, Plaintiff was employed by Denny's as a "server" in their Cranberry Township location in the Commonwealth of Pennsylvania. Plaintiff worked at this location from in or about September 2017 through December 2017.

33. Plaintiff was paid an hourly cash wage rate of $2.83 from Denny's and earned tips from customers who chose to leave her a gratuity.

34. Plaintiff does not ever recall her hourly wage being raised above $2.83 for any day she worked for Denny's, irrespective of how little tips she earned or the type of work she performed.

35. During her employment with Denny's, Plaintiff typically worked at least 40 to 50 hours a week over five (5) days per week. Plaintiff typically worked the overnight shifts on Friday and Saturday of each week. In addition Plaintiff would often work the 5:00 p.m. to 11:00 p.m. shift Sunday through Thursday.

36. For her Friday and Saturday shifts, Plaintiff typically worked a nine (9) hour shift. Her weekend shifts were either 5:00 p.m. to 2:00 a.m. or 6:00 p.m. to 3:00 a.m.

37. As she neared the end of her shifts, Plaintiff would spend her time cleaning and performing her closing sidework, rather than waiting on tables.

38. Plaintiff recorded her work time by logging into Denny's timekeeping system through the point-of-sale ("POS") system.

39. Notably, Plaintiff was never instructed to clock in under a different job code when performing non-tip generating work (such as set up or breakdown work at the start or end of a shift) or when working prior to or after the restaurant opened/closed. Indeed, to the best of Plaintiff's knowledge, Defendant did not keep track of such time separately from Plaintiff's entries into the POS system.

7

40. The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendant's employment and/or payroll records.

## The Tip Credit Provision & Requirements

*FLSA Requirements*

41. Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendant chose to take a tip credit and pay these employees less than the applicable minimum wage.

42. Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage.[2]

43. According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

44. As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

---

[2] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit. Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

45. First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

46. Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit. In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

47. Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

48. Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

49. Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

50. In short, Fact Sheet #15 effectively sets forth in plain English what is required under the regulations for an employer to properly claim a tip credit.

51. An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[3] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

---

[3] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

52. Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

53. As set forth herein, Defendant failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

*Pennsylvania's Requirements*

54. Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements. *See* 43 P.S. § 333.103(d).

55. Importantly, however, Pennsylvania mandates a higher minimum cash wage and requires employers to pay at least $2.83 per hour. Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.[4]

56. As such, an employer cannot be said to have complied with Pennsylvania's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters, as said posters do not explicitly identify the tip credit amount in Pennsylvania (as it differs from the FLSA tip credit amount).

57. In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

---

[4] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee. *See* 43 P.S. § 333.103(d).

(1) A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

(2) Weekly or monthly amount reported by the employee, to the employer, of tips received. This may consist of reports made by the employees to the employer on IRS Form 4070;

(3) Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage. The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

(4) Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours; and

(5) Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

### Defendant's Failure to Notify Tipped Employees

58. As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

59. Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendant chose to simply pay their Tipped Employees $2.83 per hour in Pennsylvania. In short, Defendant failed to inform their Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendant intended to claim as a tip credit.

11

60. The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including paying employees for all hours worked, that employer forfeits the tip credit and must pay the employee the full minimum wage.

61. Indeed, Plaintiff does not ever recall being notified by Denny's that it intended to take a "tip credit," nor how much that amount would be. Evincing the magnitude of Defendant's abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never even heard the term "tip credit."

62. Denny's also failed to comply with 43 P.S. 231.34 insofar as it failed to notify employees in writing whenever the tip credit claimed by Defendant changed. Rather, Defendant took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed.

63. Defendant also failed to comply with 43 P.S. 231.34 insofar as it failed to notify employees in writing of the hours worked where the Tipped Employee did not receive tips. Rather, Defendant took the maximum tip credit permissible for every hour worked by its Tipped Employees, including Plaintiff, irrespective of whether its Tipped Employees (i) actually earned sufficient tips to substantiate the tip credit claimed or (ii) whether the employees were engaged in tip generating work.

**Additional Evidence of Defendant's Failure To Comply With The Tip Credit Provisions**

64. Defendant required Tipped Employees to perform non-tip generating work. Such non-tip generating work included what is commonly referred to as "side work." Such work included prep work at the beginning of the shift (prepping the work station and stocking

items), running side work (cleaning the work area and restocking items that customers used) and closing side work (breaking down and cleaning work area at end of shift).

65. This non-tip generating side work comprised a substantial portion of the Tipped Employees' shifts.

66. For example, Plaintiff estimates that she spent approximately 30% of each of her shifts performing side work. Indeed, when she worked the midnight shift at the restaurant she would routinely have little to no customer activity and would perform non-tip generating work throughout the entire night, where she also earned little to no tips.

67. As Fact Sheet #15 makes clear, "where a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing" non-tip generating work, "no tip credit may be taken for the time spent in such duties."

68. At no time did Defendant have Plaintiff or other Tipped Employees clock in under a different code or pay these individuals the full minimum wage, instead electing to continue to pay them the minimum cash wage and continuing to claim the tip credit despite the fact that these employees could not earn tips during this time.

69. Such conduct constitutes a violation of 43 P.S. 231.34 insofar as Denny's failed to record the hours where Plaintiff and the other Tipped Employee were engaged in non-tip generating work.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

70. Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PMWA Class for claims under the PMWA..

71.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims brought pursuant to the PMWA may be pursued by all similarly-situated persons who do not opt-out of the PMWA Class pursuant to Fed.R.Civ.P. 23.

72.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, given that Denny's operates approximately 13 restaurants in the Commonwealth of Pennsylvania, there are likely well over a hundred individuals in the Classes.

73.     Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

74.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices.

75.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant have failed to pay the full minimum wage for each hour worked;

(b)     whether Defendant satisfied each of the requirements in order to claim a tip credit against each hour worked;

(c)     whether Defendant were precluded from claiming the tip credit during the period encompassed by this Complaint; and

(d) whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

76. Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

77. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

78. Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

79. Defendant has violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
**(On Behalf of the FLSA Class)**

80. Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

81. At all relevant times, Denny's has had gross revenues in excess of $500,000.

82. At all relevant times, Denny's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83. At all relevant times, Denny's has employed, and/or continues to employ, Plaintiff and each of the FLSA Class Members within the meaning of the FLSA.

84. Pursuant to Denny's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendant took a tip credit and paid Tipped Employees only the tip-credit wage.

85. Denny's has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86. Due to Denny's FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
### (On Behalf of the PMWA Class)

87. Plaintiff, on behalf of herself and the members of the PMWA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

88. At all relevant times, Denny's has employed, and/or continues to employ, Plaintiff and each of the PMWA Class Members within the meaning of the PMWA.

89. Pursuant to Denny's compensation policies, rather than pay Tipped Employees the Pennsylvania mandated minimum wage, Denny's improperly took a tip credit and paid Tipped Employees at a rate well below the Pennsylvania minimum wage.

16

90. Pursuant to Denny's compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Denny's took a tip credit and paid Tipped Employees only the tip-credit wage.

91. At relevant times in the period encompassed by this Complaint, Denny's had a willful policy and practice of failing to satisfy the notification requirements in order for Denny's to claim the tip credit.

92. As a result of Denny's willful practices, Denny's was not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

93. Defendant has violated and, continue to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

94. Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid minimum wages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the FLSA Class and members of the PMWA Class respectfully requests the Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B. Designation of the action as a class action under F.R.C.P. 23 on behalf of the PMWA Class;

    C.      Designation of Plaintiff as representative of the FLSA Class and the PMWA Class;

    D.      Designation of Plaintiff's counsel as class counsel for the FLSA Class and the PMWA Class;

    E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

    F.      An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    G.      An award of unpaid minimum wages to Plaintiff and the members of the Classes;

    H.      An award of liquidated damages to Plaintiff and members of the Classes;

    I.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

    J.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 22, 2019                         Respectfully submitted,

                                                            By: /s/ Gary F. Lynch

                                                            **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
                                                           Gary F. Lynch (PA ID# 56887)
                                                           1133 Penn Ave, 5th Floor
                                                           Pittsburgh, PA 15222
                                                           T: 412-322-9243
                                                           F: 412-231-0246
                                                          glynch@carlsonlynch.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: 610-822-3700
Facsimile: 610-822-3800
gwells@cwg-law.com
rgray@cwg-law.com

*Attorneys for the Plaintiff*