## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENNY's, INC., *et al*.,<br><br>Defendants. | Civil Action No.: 2:19-cv-00069-NR |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY CLASS PURSUANT TO FED. R. CIV. P. 23

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

SUMMARY OF RELEVANT FACTS ................................................................................3

    THE PARTIES.............................................................................................................3

    POLICIES AND PROCEDURES ...............................................................................3

    TIP CREDIT NOTIFICATION ...................................................................................4

ARGUMENT ......................................................................................................................4

    I. THE PROPOSED CLASS.........................................................................................6

    II. THE TIP CREDIT REQUIREMENTS ARE STRICTLY ENFORCED............................6

    III. THERE IS NO EVIDENCE DENNY'S MET THE PMWA'S
    REQUIREMENTS TO CLAIM A TIP CREDIT ..........................................................7

    IV. CLASS CERTIFICATION IS PROPER IN THIS CASE...................................................9

        A. THE CLASS IS ASCERTAINABLE ................................................................10

        B. THE CLASS SATISFIES RULE 23(A) ...................................................................11

            1. The Proposed Class is Sufficiently Numerous.........................................11

            2. Plaintiff's Claims Present Questions of Law and Fact Common to the Class........12

            3. Plaintiff's Claims are Typical of the Class Claims..................................................14

            4. Plaintiff and Class Counsel Will Fairly and Adequately Represent the Class ........15

        C. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF 23(B)(3) ..........16

            1. Common Issues Predominate.....................................................................16

            2. Class Action Treatment is Superior to Other Alternatives .......................18

            3. Rule 23(g) Appointment of Class Counsel is Warranted..........................19

CONCLUSION...................................................................................................................20

# TABLE OF AUTHORITES

Cases

*Abdelmonem v. Buona Fortuna, Inc.*,
  2015 U.S. Dist. LEXIS 66657 (D. N.J. May 21, 2015) ........................................................ 20
*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................................................... 19
*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
  133 S. Ct. 1184 (2013) ............................................................................................................ 6
*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994) ................................................................................................ 12, 15
*Bland*, *v. PNC Bank, NA.*,
  2016 U.S. Dist. LEXIS 189220, * 36 (W.D. Pa. Dec. 16, 2016) ............................... 13, 14, 19
*Bouder v. Prudential Fin., Inc.*,
  2015 U.S. Dist. LEXIS 24120 (D. N.J. Feb. 26, 2015) .................................................... 9, 15
*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015) .................................................................................................. 11
*Carrera v. Bayer Corp.*,
  727 F.3d 300 (3d Cir. 2013) .................................................................................................. 11
*Casco v. Ponzios*,
  2018 U.S. Dist. LEXIS 73869 (D.N.J. Apr. 29, 2018) .................................................... 2, 12
*Chen v. Century Buffet & Rest.*,
  2012 U.S. Dist. LEXIS 4214 (D. N.J. Jan. 12, 2012) ............................................................. 6
*Comcast v. Behrend*,
  133 S. Ct. 1426 (2013) ........................................................................................................... 18
*Cope v. Let's Eat Out, Inc.*,
  319 F.R.D. 544 (W.D. Mo. 2017) .................................................................................... 17, 19
*Driver v. AppleIllinois, LLC*,
  265 F.R.D. 293 (N.D. Ill. 2010) ................................................................................. 10, 13, 19
*Flores v. Anjost Corp.*,
  284 F.R.D. 112 (S.D.N.Y. 2012) ............................................................................................. 5
*Garcia v. E.J. Amusements of N.H., Inc.*,
  98 F. Supp. 3d 277 (D. Mass. 2015) ................................................................................ 14, 19
*Goldman v. Radioshack Corp.*,
  2005 U.S. Dist. LEXIS 8742 (E.D. Pa. May 9, 2005) ........................................................... 18
*Graham v. Famous Dave's of Am., Inc.*,
  2020 U.S. Dist. LEXIS 174696 (D. Md. Sep. 23, 2020) ........................................................ 10
*Graudins v. Kop Kilt, LLC*, 2017 WL 736684,
  2017 U.S. Dist. LEXIS 25926 (E.D. Pa February 24, 2017) ................................................. 21
*Hernandez v. JRPAC Inc.*,
  2016 U.S. Dist. LEXIS 75430 (S.D.N.Y. June 9, 2016) .......................................................... 9
*Hicks v. T.L. Cannon Corp.*,
  35 F. Supp. 3d 329 (W.D.N.Y. 2014) .................................................................................... 14
*Iglesias-Mendoza v. La Belle Farm, Inc.*,
  239 F.R.D. 363 (S.D.N.Y. 2007) ..................................................................................... 1, 18

*In re Cmty. Bank of N. Va.*,
   622 F.3d 275 (3d Cir. 2010).................................................................................. 5

*In re Deepwater Horizon*,
   739 F.3d 790 (5th Cir. 2014) ............................................................................... 19

*In re Flat Glass Antitrust Litig.*,
   191 F.R.D. 472 (W.D. Pa. 1999) ............................................................... 12, 14, 19

*In re Hydrogen Peroxide Antitrust Litigation*,
   552 F.3d 305 (3d Cir. 2008)............................................................................. 5, 17

*In re Initial Pub. Offerings Sec. Litig.*,
   471 F.3d 24 (2d Cir. 2006).................................................................................... 6

*In re Wellbutrin XL Antitrust Litigation*,
   2011 U.S. Dist. LEXIS 90075 (E.D. Pa. Aug. 11, 2011)........................................ 12

*King Drug Company of Florence, Inc. v. Cephalon, Inc.*,
   309 F.R.D. 195 (E.D. Pa. 2015) ................................................................ 12, 16, 19

*Knepper v. Rite Aid Corp.*,
   675 F.3d 249 (3d Cir. 2012)................................................................................. 20

*Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-1396,
   2017 U.S. Dist. LEXIS 71809 (W.D. Pa. May 11, 2017)............................... *passim*

*Leap v. Yoshida*, No. 14-3650,
   2016 U.S. Dist. LEXIS 57819, *14 (E.D. Pa. April 29, 2016) ............................... 18

*Lewis v. Curtis*,
   671 F.2d 779 (3d Cir. 1982)................................................................................. 16

*Marcus v. BMW of North America, LLC*,
   687 F.3d 583 (3d Cir 2012)................................................................................... 5

*Martinez v. Ayken, Inc.*, No. 13-cv-7411,
   2016 U.S. Dist. LEXIS 25556, (S.D.N.Y. Feb. 29, 2016).................................... 12

*Neale v. Volvo Cars of North America, LLC*,
   794 F.3d 353 (3d Cir. 2015)............................................................................ 17, 19

*Razak v. Uber Techs., Inc*,
   2016 U.S. Dist. LEXIS 139668 (E.D. Pa. Oct. 7, 2016)...................................... 2, 7

*Reardon v. ClosetMaid Corp.*,
   2013 U.S. Dist. LEXIS 169821 (W.D. Pa. Dec. 2, 2013) ....................................... 9

*Reich v. Chez Robert, Inc.*,
   28 F.3d 401 (3d Cir. 1994).................................................................................... 8

*Richard v. Marriott Corp.*,
   549 F.2d 303 (4th Cir. 1977) ................................................................................. 8

*Rui Tong v. Henderson Kitchen, Inc.*,
   2018 U.S. Dist. LEXIS 176294 (E.D. Pa. Oct. 12, 2018)....................................... 7

*Schear v. Food Scope Am., Inc.*,
   297 F.R.D. 114 (S.D.N.Y. 2014) ...................................................................... 6, 18

*Soles v. Zartman Constr., Inc.*,
   2014 U.S. Dist. LEXIS 98181 (M.D. Pa. July 18, 2014)................................... 11, 17

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001)................................................................................. 12

*Stone v. Troy Constr., LLC*,
   2015 U.S. Dist. LEXIS 161009 (M.D. Pa. Dec. 1, 2015) ................................... 14, 17

*Tigges v. AM Pizza, Inc.*,
   2016 U.S. Dist. LEXIS 100366 (D. Mass. July 29, 2016)..................................... 10

*Velez v. 111 Atlas Rest. Corp.,*
    2016 U.S. Dist. LEXIS 107230 (E.D.N.Y. Aug. 11, 2016)...........................................1, 10, 18
*Verma v. 3001 Castor, Inc.,*
    2016 U.S. Dist. LEXIS 164026 (E.D. Pa. Nov. 29, 2016)................................................9, 14, 19
*Wal-Mart Stores v. Dukes,*
    131 S.Ct. 2541.................................................................................................................... 12
*Wetzel v. Liberty Mut. Ins. Co.,*
    508 F.2d 239 (3d Cir. 1975)............................................................................................. 16
*Wintjen v. Denny's, Inc.,*
    2021 U.S. Dist. LEXIS 35199 (W.D. Pa. Feb. 25, 2021) ...........................................2, 7, 12
*Wright v. Ristorante La Buca Inc.,*
    2018 U.S. Dist. LEXIS 180518 (E.D. Pa. Oct. 22, 2018)...............................................2, 7

Statutes

29 U.S.C. § 203(m) .........................................................................................................2, 7

Rules

FED. R. CIV. P. 23 ............................................................................................... 1, 5, 6, 21
Fed. R. Civ. P. 23(a)(1)–(4) .................................................................................................. 5
Fed. R. Civ. P. 23(b)(3) ....................................................................................... 2, 5, 16, 19
Fed. R. Civ. P. 23(g)(1)........................................................................................................ 20
RULE 23(A)11 ...................................................................................................................2, 5
Rule 23(b) ............................................................................................................................ 5
Rule 23(g) ............................................................................................................................ 20

Regulations

29 CFR § 531.59 .................................................................................................................. 8

Plaintiff Juli Wintjen ("Plaintiff"), by and through her undersigned counsel, hereby seeks, pursuant to Fed. R. Civ. P. 23, certification of her Pennsylvania state claims against Defendant Denny's, Inc. ("Denny's" or "Defendant") who operated numerous restaurants under the brand name "Denny's" in the Commonwealth of Pennsylvania prior to August 1, 2019. The justification for this request is set forth herein.

## INTRODUCTION

"[C]ourts have held that issues about whether employees were paid appropriately 'are about the most perfect questions for class treatment.'" *Velez v. 111 Atlas Rest. Corp.*, No. 14-cv-6956, 2016 U.S. Dist. LEXIS 107230, *72 (E.D.N.Y. Aug. 11, 2016) (quoting *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 373 (S.D.N.Y. 2007). Through this motion[1], Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23 for "Tipped Employees" (employees with the job code: servers) based on Defendant's failure to comply with Pennsylvania wage laws regarding use of the tip credit in the payment of its minimum wage workers. As set forth herein, Plaintiff meets all the requirements of Fed. R. Civ. P. 23(a) and amply satisfies the requirements of Fed. R. Civ. P. 23(b)(3). Indeed, sister courts within both this District and Circuit have certified classes in analogous cases based on substantially the same facts. *See Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-1396, 2017 U.S. Dist. LEXIS 71809 (W.D. Pa. May 11, 2017); *see also Casco v. Ponzios,* No. 16-2084 (RBK), 2018 U.S. Dist. LEXIS 73869 (D.N.J. Apr. 29, 2018).

As set forth herein, there is ample evidence that Defendant, who owned and operated over a dozen restaurant locations in the Commonwealth, failed to comply with black letter law regarding

---

[1] The Declaration of Gerald D. Wells, III ("Wells Decl."), filed contemporaneously herewith, is being submitted in support of both this motion and Plaintiff's motion for conditional certification pursuant to Section 216(b) of the FLSA.  References to all exhibits attached to the Wells Decl. will be cited as "Ex.___."

the utilization of a tip credit -- which, as explained herein, permits employers, under certain limited circumstances, to count tips received against a Tipped Employee's wages. Pennsylvania law, like federal law, requires an employer to provide five specific pieces of information prior to claiming a tip credit and paying the employee a subminimum wage.[2] As this Court recently held, there is no evidence that Defendant provided its employees with the requisite fifth piece of information. *Wintjen v. Denny's, Inc.,* No. 19-CV-00069, 2021 U.S. Dist. LEXIS 35199, **17-18 (W.D. Pa. Feb. 25, 2021). Indeed, Defendant acknowledges that it did not provide the fifth piece of information to any of its Tipped Employees until at least March 20, 2019. *See* Ex. C at No. 19. Further, Defendant acknowledges that it never provided the fifth piece of information to any Tipped Employees who were hired prior to January 1, 2019.  *Id.* at No. 20.

Under these circumstances, Defendant was prohibited from claiming a tip credit with respect to any of its Tipped Employees that were hired prior to that date. *See, e.g., Wintjen*, 2021 U.S. Dist. LEXIS 35199 at *19 (granting Plaintiff's motion for summary judgment regarding issue of deficient FLSA tip credit notice); *see also Wright v. Ristorante La Buca Inc.*, No. 18-2207, 2018 U.S. Dist. LEXIS 180518 (E.D. Pa. Oct. 22, 2018) (due to "substantial parallel" between statutes, granting summary judgment as to Plaintiff's PMWA claim after determining that employer also violated FLSA tip credit notification requirement). As such, Plaintiff can amply demonstrate a system-wide violation of the tip credit notification requirements and, correspondingly, class certification is eminently appropriate.

---

[2] The Pennsylvania Minimum Wage Act ("PMWA") is, effectively, a state analog to the federal wage law, the Fair Labor Standards Act ("FLSA"). *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 U.S. Dist. LEXIS 139668, *22 (E.D. Pa. Oct. 7, 2016) ("Because the PMWA 'substantially parallels' the FLSA, . . . federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA")(citations omitted). The PMWA, like the FLSA, has very strict requirements an employer must meet before being able to claim a tip credit. *Compare* 29 U.S.C. § 203(m) *with* 43 P.S. § 333.103(d).

## SUMMARY OF RELEVANT FACTS

### THE PARTIES

Defendant Denny's, Inc. ("Denny's" or "Defendant") operates a chain of restaurants across the United States. *See* ECF No. 14 at ¶18. Prior to their sale to a franchisee in July 2019, Denny's owned and operated twelve locations in Pennsylvania. *See* Ex. B at Response No. 3; *see also* Ex. A at 24:12-15.[3] Plaintiff worked for Defendant as a "server" in the Denny's restaurant located in Cranberry Township, Pennsylvania from mid-September 2017 through the end of November 2017. *See* ECF No. 14, ¶16; ECF No. 72, at p. 2. In her role as a server, Plaintiff was a "Tipped Employee" and Denny's claimed a tip credit for wages paid to Plaintiff and all other servers in Pennsylvania. *See* Ex. C at Response No. 21. Denny's corporate-owned restaurants share common management and employees, utilize centralized payroll and human resources systems, and employ common labor policies and practices. *See* ECF No. 14 at ¶20. Indeed, there is one Employee Guidebook under which all servers operate. *See* Ex. A at 51:8-11.

### POLICIES AND PROCEDURES

Defendant considers its servers, including Plaintiff, to be "front of house employees." *See* Ex. A at 47:14-19. Defendant took a tip credit for all servers. *Id*. at 53:24-54:5. Upon being hired, all Tipped Employees go through an orientation process, wherein the same information is conveyed to each new hire. *Id.* at 74:6-19 (testifying that "anyone hired with Denny's . . . would go through an orientation onboarding process" in which they would be provided with the same policy information). Indeed, it was Defendant's expectation that all managers conducting orientation of new hires between January 2016 and July 2019 used the same material in conducting

---

[3] Consequently, this litigation only involves these twelve locations prior to their transfer to a franchisee in August 2019.

the orientation. *Id.* at 66:3-14. During that time, the only materials that Denny's provided to its managers to orally inform new hires about the tip credit was an orientation checklist and an onboarding checklist. *Id*. at 185:3-12.

**TIP CREDIT NOTIFICATION**

All employees were informed of the tip credit provision in an identical manner. Prior to January 1, 2019, that method consisted of oral notification "by the manager and/or trainer responsible for onboarding, and through written materials" consisting of employee pay stubs, state and federal labor law posters, the employee guidebook, and important wage and hour policies summary and acknowledgment form." *See* Ex. B at No. 9; *see also* Ex. A at 79:14-80:1. These materials were provided to all Tipped Employees through the onboarding and orientation of each Tipped Employee, which was conducted by the restaurant managers. *Id.* at 79:7-12. It was Defendant's expectation that all servers going through the onboarding process would receive the same information. *Id*. at 64:13-19.

In or around March 20, 2019, Defendant began utilizing a form entitled "Important Information For Tipped Employees" that adequately provided the proper tip credit notification ("Tip Notice Form"). *See* Ex. C at No. 19.  However, the Tip Notice Form was provided only to those Tipped Employees who had been hired on or after January 1, 2019. *Id.* As a result, this new form did not cure the failure to properly provide the full notice to the employees who had been previously hired and were still in Defendant's employment.

**ARGUMENT**

In order to qualify for class certification, Plaintiff must satisfy the requirements of Rule 23(a), along with one of the three requirements set forth in Rule 23(b). *See Marcus v. BMW of North America, LLC*, 687 F.3d 583, 590 (3d Cir 2012). The requirements of Rule 23(a) are well

known: numerosity, commonality, typicality, and adequacy. *In re Cmty. Bank of N. Va.,* 622 F.3d 275, 291 (3d Cir. 2010); *see also* Fed. R. Civ. P. 23(a)(1)–(4). In the instant matter, Plaintiff is seeking certification under Rule 23(b)(3), "which requires that (i) common questions of law or fact predominate (predominance), and (ii) the class action is the superior method for adjudication (superiority)." *In re Cmty. Bank of N. Va.*, 622 F.3d at 291.

"A class certification decision requires a thorough examination of the factual and legal allegations." *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 309 (3d Cir. 2008) (internal citation omitted).[4] However, the Supreme Court has cautioned that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013). Here, Defendant engaged in a uniform and company-wide process that failed to meet the necessary standard to claim a tip credit and pay Plaintiff and Class Members a subminimum wage. Accordingly, class certification is appropriate to remedy Defendant's improper actions.

---

[4] Importantly, "factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence." *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d at 307. As a district court noted in an analogous matter, however:

> Although the Court must resolve factual disputes relevant to satisfying each Rule 23 requirement, "[t]he certifying court should not make any factual findings or merits determinations that are not necessary to the Rule 23 analysis, and any factual determinations made at the certification stage are not binding on a subsequent fact-finder, even the certifying court." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D.N.Y. 2012) (citing *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 123-24 (S.D.N.Y. 2014).

## I.    THE PROPOSED CLASS

By this motion, Plaintiff seeks certification of a class of Tipped Employees in Pennsylvania. The proposed class consists of the following:

> All Tipped Employees who worked for Defendant in the Commonwealth of Pennsylvania at any point between January 22, 2016 and August 1, 2019, and who were hired prior to January 1, 2019.  (the "Pennsylvania Class").

As set forth herein, Plaintiff -- a Tipped Employee in Pennsylvania -- is an adequate representative for the Pennsylvania Class. A list of employees for which Defendant claimed a tip credit can be generated from Defendant's records.

## II.    THE TIP CREDIT REQUIREMENTS ARE STRICTLY ENFORCED

"Under the FLSA, an employer is permitted to pay tipped employees at an hourly rate below the minimum wage if the employees' wages and tips, added together, meet or exceed the minimum wage proscribed in the statute." *Chen v. Century Buffet & Rest.*, No. 09-1687, 2012 U.S. Dist. LEXIS 4214, *14 (D. N.J. Jan. 12, 2012) (citing 29 U.S.C. § 203(m)). "However, before an employer can take advantage of this tip credit provision, it must inform the employee of the statutory requirements related to the credit tip and allow the employee to keep all tips received, with an exception made for the pooling of tips among employees who regularly receive tips." *Id.* Similarly, Pennsylvania law also allows employers to utilize a tip credit in calculating the pay owed to certain employees. *See* 43 P.S. § 333.103(d).

Importantly, the tip credit notification requirements of the PMWA substantially parallels the tip credit notification requirements of the FLSA. *Compare* 29 U.S.C. § 203(m) *with* 43 P.S. § 333.103(d). "Because of the substantial parallel between the two statutes' minimum wage provisions, federal courts are directed to interpret the FLSA when analyzing claims under the PMWA." *Rui Tong v. Henderson Kitchen, Inc.*, No. 17-1073, 2018 U.S. Dist. LEXIS 176294, **6-

7 (E.D. Pa. Oct. 12, 2018) (citing *Razak*, 2016 U.S. Dist. LEXIS 139668 (finding plaintiffs had stated legally cognizable PMWA minimum wage claim because they had stated a legally cognizable FLSA minimum wage claim)).

In order to claim a tip credit under the FLSA, an employer must provide certain specific information to the tipped employee *before* the credit may be claimed by the employer. *See* 29 CFR § 531.59; *Wintjen*, 2021 U.S. Dist. LEXIS 35199. Pennsylvania wage law effectively contains the same notification requirements. *Compare* 29 U.S.C. § 203(m) *with* 43 P.S. § 333.103(d).[5] Employers bear the burden of demonstrating compliance with these notice provisions and "if the employer cannot show that it has informed employees that tips are being credited against their wages, **then no tip credit can be taken** and the employer is liable for the full minimum-wage." *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994) (emphasis added).[6] A violation of the FLSA's tip credit notification requirements also constitutes a violation of the PMWA. *See, e.g.,* *Wright*, 2018 U.S. Dist. LEXIS 180518, *21 (finding a violation of the PMWA tip credit notice requirements where the court also determined that the employer's violated the FLSA's tip credit notification requirements).

## III.   THERE IS NO EVIDENCE DENNY'S MET THE PMWA'S REQUIREMENTS TO CLAIM A TIP CREDIT

Despite any claims to the contrary, this Court has already determined that none of the written materials, including the "Employee Handbook" and the "Important Wage and Hour

---

[5] Notably, however, Pennsylvania wage law requires a higher cash wage be paid to employees and thus permits a lower tip credit to be claimed by employers.  In Pennsylvania, the cash wage amount is $2.83 and thus the maximum permissible tip credit an employer can claim is only $4.42 per hour.  *See* 43 P.S. § 333.103.

[6] *See also Richard v. Marriott Corp.,* 549 F.2d 303, 305 (4th Cir. 1977) ("What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) and fully inform your employees of it, you may obtain a 50 percent credit from the receipt of tips toward your obligation to pay the minimum wage.  The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit").

Summary and Acknowledgement Form," included all of the requisite information. *See* ECF No. 72, at p. 12 (finding no evidence that the fifth requirement, "that the employer will not be able to claim a tip credit unless the employee has been advised of these five requirements", was provide to Denny's servers). Similarly, this Court previously rejected Denny's contention that it provided sufficient tip credit notification orally, noting a lack of evidence that any such oral notification occurred. *Id*.

The generic wage posters hung in the Pennsylvania locations do not adequately address the shortcomings contained in any of the other written materials provided by Denny's to its Tipped Employees. Further, there is no evidence that Denny's requires its managers to discuss or otherwise reference the wage posters with new employees. *See* Ex. A at 169:16-24.[7] More substantively, the wage posters do not (i) reference Defendant directly or (ii) contain all the necessary information, including for example the tip credit amount claimed by Defendant. *See, e.g.,* ECF No. 56-9.

It was not until on or around March 20, 2019, that Denny's began providing some of its employees with the Tip Notification Form. *See* Ex. C at No. 19. Yet, even then, the new Tip Notification Form was only provided to those Tipped Employees who were hired after January 1, 2019. *Id*. Indeed, Denny's has expressly confirmed that, as of August 1, 2019 – the date it sold all of its Pennsylvania restaurants -- it had never provided the Tip Credit Notification Form to any of its Tipped Employees who were hired prior to January 1, 2019. *See* Ex. C at 20.

The failure to provide Tipped Employees of all of the required information necessary to claim a tip credit renders Defendant unable to claim said tip credit. Because Defendant's tip

---

[7] For his part, Denny's corporate designee testified that he did not know of any communication by Denny's to its managers to notify the employees about, or otherwise point out the generic wage posters. *Id.*

notification procedures were plainly inadequate prior to at least March 20, 2019, Defendant is liable to Plaintiff and each Tipped Employee for the same violation – improperly claiming the tip credit and, resultingly, paying these employees an improper subminimum wage. Thus, as set forth below, class certification is eminently appropriate in this matter. [8]

## IV.   CLASS CERTIFICATION IS PROPER IN THIS CASE

Courts have frequently certified Rule 23 classes alleging violations of state wage laws at issue here. *See, e.g., Koenig*, 2017 U.S. Dist. LEXIS 71809, *15 (W.D. Pa. May 11, 2017) (certifying class of current and former tipped employees who alleged tip credit notification violation); *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2016 U.S. Dist. LEXIS 164026 (E.D. Pa. Nov. 29, 2016) (granting certification of plaintiff's minimum wage, overtime, and mandatory tip out claims); *Casco*, No. 16-2084 (RBK), 2018 U.S. Dist. LEXIS 73869; *Bouder v. Prudential Fin., Inc.*, No. 06-04359, 2015 U.S. Dist. LEXIS 24120 (D. N.J. Feb. 26, 2015)(certifying, *inter alia*, subclasses of Pennsylvania employees alleging failure to pay overtime and improper deductions).

Indeed, courts across the country have held that analogous tip credit notification claims are appropriate for class treatment. *See, e.g., Graham v. Famous Dave's of Am., Inc*., Civil Action No. DKC 19-0486, 2020 U.S. Dist. LEXIS 174696, at *1 (D. Md. Sep. 23, 2020); *Driver v.*

---

[8] To the extent Defendant contends that there may be some rogue general manager at an individual location who, by either happenstance or otherwise, had the necessary information and knew to convey it to Tipped Employees, such issues do not prevent class certification as the Court can subsequently narrow the class at a later date should discovery deem such tailoring necessary. *See, e.g. Reardon v. ClosetMaid Corp.,* No. 08-1730, 2013 U.S. Dist. LEXIS 169821 (W.D. Pa. Dec. 2, 2013) (narrowing previously certified class due to ongoing discovery revelations). Moreover, such testimony from a manager – in addition to being an issue for the trier of fact -- would be highly dubious. *See, e.g., Hernandez v. JRPAC Inc.,* No. 14-cv-4176, 2016 U.S. Dist. LEXIS 75430, *36 (S.D.N.Y. June 9, 2016) (after bench trial, rejecting defendants' assertion that they provided oral tip credit notification, finding, among other things, such a claim "implausible" and "unsupported by any contemporaneous documentary evidence"). Here, like *Hernandez,* the Court has already determined there to be a lack of contemporaneous documentary evidence that Defendants actually provided adequate oral notification. *See* ECF No. 72, at p. 12.

*AppleIllinois, LLC,* 265 F.R.D. 293, 302 (N.D. Ill. 2010) (granting class certification where "Plaintiffs allege that [defendant] failed to provide members of the [Illinois state class] notice of the tip credit provisions of the FLSA"); *Velez*, 2016 U.S. Dist. LEXIS 107230, at **65-66 (granting class certification where plaintiffs alleged that defendants "failed to pay tipped employees the proper minimum wage, instead paying them the minimum wage minus the tip credit even though defendants failed to satisfy the NYLL requirements to claim a valid tip credit"); *see also Tigges v. AM Pizza, Inc.,* Nos. 16-10136, 16-10474, 2016 U.S. Dist. LEXIS 100366 (D. Mass. July 29, 2016) (granting certification to class of delivery drivers where plaintiffs alleged, *inter alia*, failure to comply with state's tip notification requirements). For the same reasons, class certification is proper in the instant matter.

A.     THE CLASS IS ASCERTAINABLE

A plaintiff seeking class certification of Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable. *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). The ascertainability inquiry is two-fold, requiring a plaintiff to show that: (1) the class is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd*, 784 F.3d at 163(citing *Carrera v. Bayer Corp.*, 727 F.3d 300, 355 (3d Cir. 2013)). Both requirements are met here.

Here, the proposed class is defined with objective criteria -- anyone for whom Defendant claimed a tip credit while employed at Defendant's restaurant locations in Pennsylvania during a set period of time. Additionally, given that Defendant maintains payroll records of the employees at its restaurants, there is a reliable and administratively feasible mechanism for the inclusion of class members within the Class. *See Soles v. Zartman Constr., Inc.,* No. 13-cv-29, 2014 U.S. Dist.

LEXIS 98181, *11 (M.D. Pa. July 18, 2014) (finding the class "readily ascertainable" where "the company's employment records could reasonably be expected to pinpoint exactly which former and/or current employees are members of the putative class"). Accordingly, the proposed class is clearly ascertainable.

**B.      THE CLASS SATISFIES RULE 23(A)**

**1.      The Proposed Class is Sufficiently Numerous**

"Rule 23(a)(1) requires a finding that the class is so numerous that joinder of all class members is impracticable. Although there is no precise number for establishing numerosity, classes that exceed forty or more class members generally satisfy this prerequisite." *In re Wellbutrin XL Antitrust Litigation*, No. 08-2431, 2011 U.S. Dist. LEXIS 90075, *10 (E.D. Pa. Aug. 11, 2011) (citing *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001)).[9] Here, the proposed class is sufficiently numerous. *See, e.g., Soles*, 2014 U.S. Dist. LEXIS 98181, *12 (finding numerosity met where "common sense suggests" that there has been turnover amongst defendant's workforce). Indeed, there were over one thousand Tipped Employees employed by Defendant in Pennsylvania. *See* Ex. C at No. 22. As such, the numerosity prong is clearly satisfied. *See, e.g., Martinez v. Ayken, Inc.,* No. 13-cv-7411, 2016 U.S. Dist. LEXIS 25556, (S.D.N.Y. Feb. 29, 2016) (finding numerosity met where plaintiffs' estimate was "not purely speculative and derives from evidence in the record").

---

[9] In this District, joinder has also been found to be impracticable where "some member would be unable to assume the financial burdens associated with litigating individual" claims.  *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472, 477 (W.D. Pa. 1999). Given the transient nature of the work and that this was a minimum wage job, one can safely assume that the financial burden of litigating their individual claims would be too much for many class members to bear.

2.      **Plaintiff's Claims Present Questions of Law and Fact Common to the Class**

"The commonality requirement is met where the class members' claims 'depend upon a common contention' that is 'capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 309 F.R.D. 195, 207 (E.D. Pa. 2015) (quoting *Wal-Mart Stores v. Dukes*, 131 S.Ct. 2541, 25551 (2011)). Commonality "will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class. Because the requirement may be satisfied by a single common issue, it is easily met[.]" *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (internal citations omitted).

Defendant's improper use of the tip credit occurred on a uniform and widespread basis: Defendant claimed the tip credit for all of its Tipped Employees, irrespective of whether Defendant had met the requirements to claim such a credit. Indeed, Defendant had a standard policy with respect to notification – reliance on deficient written materials and/or deficient oral notification via Defendant's managers. *See* Ex. B at No. 9. As this Court has previously held, Denny's failed to provide all the requisite information necessary in order to claim a tip credit. *Wintjen*, 2021 U.S. Dist. LEXIS 35199 at *19.[10] Thus, the issue of whether Defendant's policy meets the requirements to claim a tip credit is common to the class. *See, e.g., Driver,* 265 F.R.D. at 303 ("Because AppleIllinois contends that it has a standardized policy and practice in place to provide such notice to all its tipped employees, this issue is common to the class").  Moreover, Defendant's "actions in creating a written tip credit" notification policy, specifically the Tip Credit Notification Form

[10] While Plaintiff believes that the Court's prior ruling regarding the FLSA violation is relevant insofar as it demonstrates, *inter alia*, the commonality of the proposed class's claims before the Court, Plaintiff concedes that she will necessarily need to demonstrate a violation of the PMWA at a later date (as the FLSA and PMWA are separate statutes).

(which contained all of the required information), "suggests a flawed policy of oral notification." *Koenig,* 2017 U.S. Dist. LEXIS 71809, *7. It is this flawed policy that Plaintiff and the proposed class challenges.

Commonality is also satisfied because Defendant: (i) utilized the same deficient and/or defective written material regarding tip notification, (ii) applied the same compensation policies to each class of Tipped Employees; (iii) paid each Tipped Employee substantially less than the minimum wage; and (iv) attempted to comply with the same statutes and regulations at issue in this litigation through the same policies and procedures. In attempting to comport with the tip notification requirements, Defendant issued the same deficient written materials to its Tipped Employees. Such facts clearly establish commonality. *See Hicks v. T.L. Cannon Corp.,* 35 F. Supp. 3d 329, 352 (W.D.N.Y. 2014) (in granting class certification in tip credit case, finding commonality met where same four facts were identified by plaintiffs). As the *Garcia* court aptly noted when certifying a class for certain violations of states' wage laws, "[w]age claims involving system-wide practices or policies are appropriate for class treatment because establishing liability for one employee necessarily establishes liability for the entire class." *Garcia v. E.J. Amusements of N.H., Inc.,* 98 F. Supp. 3d 277, 286 (D. Mass. 2015).

Here, Defendant did not treat one Tipped Employee differently from another in terms of failing to properly notify them of their utilization of a tip credit. Consequently, the calculation of compensation owed is also common to the class. *Bland*, *v. PNC Bank, NA.,* No. 15-CV-01042, 2016 U.S. Dist. LEXIS 189220, * 36 (W.D. Pa. Dec. 16, 2016).  Simply put, "[t]he crux of the matter is the company-wide policy, applied in a uniform manner to all potential class members, and the common questions of law as to its application." *Stone v. Troy Constr., LLC,* No. 14cv306, 2015 U.S. Dist. LEXIS 161009 (M.D. Pa. Dec. 1, 2015).

In short, the issue of whether Defendant complied with and thus can claim a tip credit rather than pay the full minimum wage due and owing is wholly appropriate for class certification. *See, e.g., Koenig supra.*; *Verma,* 2016 U.S. Dist. LEXIS 164026, *17 (granting class certification for minimum wage claim where there was "no evidence that the [defendant] ever informed any of the dancers of the FLSA tip credit provision").

### 3.      Plaintiff's Claims are Typical of the Class Claims

"The typicality requirement 'focuses on whether the individual claim of the class representative has the essential characteristic common to the claims of the class.'" *Koenig,* 2017 U.S. Dist. LEXIS 71809, *10 (quoting *In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472, 479 (W.D. Pa. 1999)).  Typicality "is intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees." *Baby Neal*, 43 F.3d at 57.  In the instant wage case, there is no such potential conflict as Plaintiff and the absentee class members all assert the same claim – Defendant's violation of the PMWA – based on Defendant's common conduct of improperly claiming a tip credit. Further, Plaintiff and the absentee class members seek the same relief for Defendant's violations – repayment of the tip credit improperly claimed. In effect, "[t]he focus of these Claims is a company-wide policy for calculating [compensation] owed." *Bland*, 2016 U.S. Dist. LEXIS 189220, *37. Thus, typicality is readily appropriate because "plaintiff and each class member alleges they are owed compensation by [Defendant] for the same reason." *Id.,* at **37-38.

As a sister court in this District determined, typicality was satisfied where defendants "used the same employee handbook and compensation policy for [plaintiff] and the class members and paid [plaintiff] and class members under the same tip credit provision and using the same payroll

system." *Koenig,* 2017 U.S. Dist. LEXIS 71809, *10. Here, Defendant's corporate designee acknowledged that each Tipped Employee received the same employee guidebook. *See* Ex. A at 51:3-11. Defendant also produced evidence showing that all Tipped Employees working under the server job code in Pennsylvania were paid a sub minimum hourly wage, resulting in Defendant claiming the same tip credit. *See* Ex. A at 191:3-15; Exhibit A at Exhibit 14 "Important Information for Tipped Employees"). Thus, Plaintiff "and the Class Members share the same interest—proving that Defendants have violated state labor laws. As such, Plaintiffs have satisfied the typicality requirement of Rule 23(a)." *Bouder*, 2015 U.S. Dist. LEXIS 24120, *155 (certifying, *inter alia,* subclasses of Pennsylvania employees alleging failure to pay overtime and improper deductions).

### 4.    Plaintiff and Class Counsel Will Fairly and Adequately Represent the Class

"The final Rule 23(a) requirement, adequacy of representation, has two prongs: (1) 'the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation'; and (2) 'the plaintiff must not have interests antagonistic to those of the class.'" *King Drug Company of Florence, Inc.*, 309 F.R.D. at 208 (quoting *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)). In the Third Circuit, the competency of class counsel is presumed and defendants carry the burden of proving the inadequacy of counsel. *See Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982). Here, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation. *See Koenig,* 2017 U.S. Dist. LEXIS 71809, *11; *also* Wells Decl. ¶¶ 40-55; *also* Ex. E.

Moreover, there is no evidence of any conflicts of interest between Plaintiff and members of the Class. Rather, Plaintiff shares the same claims under the PMWA as the other Class members, and each Tipped Employee will likely benefit from this litigation. *See* Wells Decl. ¶¶ 30, 31,  36.

15

Indeed, Plaintiff has amply demonstrated her commitment to the prosecution of this matter as she has, *inter alia*, sat for her deposition and responded to written discovery. *See* Wells Decl. ¶¶ 18, 32.

## C.   THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF 23(B)(3)

Rule 23(b)(3) requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For the reasons set forth below, Plaintiff satisfies both the predominance and superiority requirements.

### 1.   Common Issues Predominate

As the Third Circuit has explained, the "predominance test asks whether common issues of law or fact in the case predominate over non-common, individualized issues of law or fact . . . Predominance begins, of course, with the elements of the underlying cause of action." *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 370 (3d Cir. 2015) (internal quotations omitted). District courts "must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d at 311 (3d Cir. 2008). Nevertheless, "the presence of individual questions does not *per se* rule out a finding of predominance. If issues common to the class overwhelm individual issues, predominance should be satisfied." *Neale*, 794 F.3d at 371 (internal quotations omitted).

Here, "[t]he predominant questions of fact and law for the class relate to how [Defendants] notified tipped employees of the tip credit and calculated all tipped employees' minimum wage." *Koenig,* 2017 U.S. Dist. LEXIS 71809, *13 (finding predominance requirement met because

defendants used the same procedures for tip notification – reliance on location management personnel to provide oral notification); *see also Cope v. Let's Eat Out, Inc.*, 319 F.R.D. 544 (W.D. Mo. 2017) (granting class certification to class of tipped employees despite defendants' assertion that policy of requiring employees to pay for cash shortages and customer walkouts was "enforced on a manager-by-manager basis").

The reasoning of *Koenig* applies with equal force here. Defendant claimed a tip credit despite failing to meet all of the requirements to do so, and thus treated all Tipped Employee in the same manner by denying them the full minimum wage.[11] Thus, "common questions predominate over individual issues" as this matter "turns on a company-wide policy, equally applicable to all class members." *Stone*, 2015 U.S. Dist. LEXIS 161009, *18.

Once liability is established, damages would "be a matter of mathematics, recalculating each employee's" minimum "wages based on [Defendants'] records of their hours worked." *Soles*, 2014 U.S. Dist. LEXIS 98181, *20; *see also Schear,* 297 F.R.D. at 126 (finding damages could be easily calculated using "modern software technology, such as Microsoft Excel"). Indeed, the calculation of damages for any individual class member is a simple mathematical equation consisting of multiplying the number of hours worked during the class period by the amount of tip credit claimed by Defendant for those hours. Any deviation in damages would simply arise from

---

[11] Historically, courts have found such issues to exemplify the type of questions poised for class-wide adjudication. *See, e.g., Leap v. Yoshida*, No. 14-3650, 2016 U.S. Dist. LEXIS 57819, *14 (E.D. Pa. April 29, 2016) (finding predominance requirement "easily met" where employer allegedly had unlawful system and subjected all servers to it); *Iglesia-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) ("[C]ommon questions of liability clearly predominate over individual inquiries. The issues to be litigated are whether the class members (1) were supposed to be paid the minimum wage as a matter of law and were not . . . These are about the most perfect questions for class treatment."); *Goldman v. Radioshack Corp.*, No. 03-0032, 2005 U.S. Dist. LEXIS 8742, **14-15 (E.D. Pa. May 9, 2005) (finding the predominance prong satisfied where employees were denied overtime wages and challenged standard corporate procedures).

individual class members working a different number of hours during the class period. *See, e.g.,* *Velez*, 2016 U.S. Dist. LEXIS 107230 at *72 (finding predominance factor met "[e]ven though there may be a need to make individualized determinations on damages issues"). Importantly, the same methodology will be used for all class members. Therefore, common issues of liability regarding whether Defendant violated the PMWA plainly predominate over individual issues in this case.[12]

### 2.      Class Action Treatment is Superior to Other Alternatives

"In establishing superiority, a plaintiff must demonstrate that resolution by class action will 'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.'" *King Drug Company of Florence, Inc.* 309 F.R.D. at 214 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). In the instant action, given the common questions of law and fact relating to the same state wage and hour laws, a class action is the superior method of litigating the Tipped Employees' claims. *See Cope*, 319 F.R.D. at 557. Indeed, "the predominance of common questions inherent in the action would be beneficial to defendants" as they would only need to "defend against plaintiffs' allegations in one proceeding" and thus not "fear individual actions with respect to the same issues ad infinitum." *In re Flat Glass Antitrust Litig.*, 191 F.R.D. at 489.

---

[12] The Supreme Court's ruling in *Comcast* does not alter this analysis. *Comcast v. Behrend*, 133 S. Ct. 1426 (2013). Indeed, since *Comcast*, the Third Circuit has held that "it is 'a misreading of *Comcast*' to interpret it as 'precluding certification under Rule 23(b)(3) in any case where the class members' damages are not susceptible to a formula for class-wide measurement.'" *Neale v. Volvo Cars of North American, LLC*, 794 F.3d 353, (3d Cir. 2015) (quoting *In re Deepwater Horizon*, 739 F.3d 790, 815 & n.4 (5th Cir. 2014)). Here, as noted above, each class member's damages are quantifiable by the same formula (hours worked x tip credit improperly claimed during said hours).

Further, this Court provides a fair and convenient forum for this litigation for Plaintiff, Defendant, and the numerous class members who reside in or around this District. *See, e.g.,* Wells Decl. at ¶¶ 38. Indeed, given the size of the putative class, it is hard to imagine that Defendants would want to defend numerous lawsuits alleging substantially the same facts. *See, e.g., Driver,* 265 F.R.D. at 304 ("[i]t is hard to imagine that 10,000 individual lawsuits would be a more efficient way for the court to resolve this issue, or that [defendant] really wants to defend 10,000 lawsuits with the potential for an award of attorneys' fees to successful plaintiffs in each case"); *see also Garcia,* 98 F. Supp. 3d at 292 (declaring "a class action lawsuit would be a better option than . . . any of the other known options"). Further, "a class action is superior to requiring separate lawsuits" due to the fact that "class members' interest in controlling their own claims is minimal in comparison to the cost of prosecuting those claims in separate lawsuits." *Bland*, 2016 U.S. Dist. LEXIS 189220, *61.

Based on these factors, "a class action is the superior method for the class' minimum wage claims because of the small size of individual recoveries" and is further buttressed by the fact that "tip credit claims on behalf of tipped employees in the restaurant industry are routinely managed as class actions." *Koenig,* 2017 U.S. Dist. LEXIS 71809, **13-14.[13]

### 3.     Rule 23(g) Appointment of Class Counsel is Warranted

"A court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g).  In appointing class counsel, the court must consider: "(i) the work counsel has done in identifying or

---

[13] That Plaintiff is pursuing both her federal and state wage claims is entirely permissible in this Circuit.  *See, e.g., Abdelmonem v. Buona Fortuna, Inc.*, No. 13-3070, 2015 U.S. Dist. LEXIS 66657, *7 (D. N.J. May 21, 2015)(finding *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012), "forecloses" defendants' argument that plaintiff could not proceed with both an FLSA action and state wage claims in the same action); *see also Verma,* 2016 U.S. Dist. LEXIS 164026 (granting class certification of PMWA claims, and final certification of FLSA collective claims).

investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1). As set forth in the attached declaration, the appointment of Connolly, Wells & Gray, LLP and Carlson Lynch LLP as Class Counsel is plainly warranted. *See* Wells Decl. at ¶¶ 40-55; *also* Ex. E. Indeed, as one court in this Circuit noted in granting final approval in a directly analogous matter, "[t]he result that counsel has achieved here likely compensates Participating Settlement Class Members **beyond their actual damages and would not have been achieved without counsel's skill and experience**." *Graudins v. Kop Kilt, LLC*, 2017 WL 736684, *10 (E.D. Pa. February 24, 2017) (emphasis added).  Moreover, earlier this year, CWG and Carlson Lynch obtained final approval in a directly analogous matter pending in this District. *See* Wells Decl. at ¶ 53. There is no reason to believe counsel's skill and experience will not also be brought to bear here.

## CONCLUSION

For the above-state reasons, this Court should certify the following class pursuant to Fed. R. Civ. P. 23:

> All Tipped Employees who worked for Defendant in the Commonwealth of Pennsylvania between January 22, 2016 and August 1, 2019, and were hired prior to January 1, 2019. (the "Pennsylvania Class").

Plaintiff further requests that this Court appoint Plaintiff Juli Wintjen as class representative and the law firms of Connolly Wells & Gray, LLP and Carlson Lynch LLP as class counsel.

Dated: May 17, 2021                    Respectfully submitted,

                                       **CARLSON LYNCH LLP**

                                       */s/  Edwin J. Kilpela*
                                       Gary F. Lynch (PA ID 56887)
                                       Edwin Kilpela (PA ID 201595)
                                       Elizabeth Pollock Avery (PA ID 314841)
                                       1133 Penn Avenue, 5th Floor
                                       Pittsburgh, PA  15222
                                       T:  412-322-9243
                                       F:  412-231-0246
                                       glynch@carlsonlynch.com
                                       ekilpela@carlsonlynch.com
                                       eavery@carlsonlynch.com

                                       **CONNOLLY WELLS & GRAY, LLP**
                                       Gerald D. Wells, III (PA ID 88277)
                                       (admitted *pro hac vice*)
                                       Robert J. Gray (PA ID 86251)
                                       (admitted *pro hac vice*)
                                       101 Lindenwood Drive, Suite 225
                                       Malvern, PA  19355
                                       T:  610-822-3700
                                       F:  610-822-3800
                                       gwells@cwglaw.com
                                       rgray@cwglaw.com


                                       *Counsel for Plaintiff and the Proposed Classes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of May 2021, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


*/s/ Edwin J. Kilpela*