**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE WINTJEN, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>DENNY's, INC., *et al*.,<br><br>  Defendants. | Civil Action No.: 19-CV-00069-CCW |

**NOTICE PLAN FOR CLASS ACTION**

In accordance with the Court's Order granting class certification (ECF No. 106), the parties shall perform the following:

1. To the extent not already provided, Denny's, Inc. ("Denny's") shall provide to Plaintiff Juli Wintjen's ("Plaintiff") Counsel a list, in Microsoft Excel format, of all members of the putative Fed. R. Civ. P. 23 class, as defined in the Court's November 18, 2021 Order (ECF No. 106), including their name, job title, address, email address, mobile telephone number, dates of employment, and date of birth. To the extent not already provided, Denny's shall provide the list to Plaintiff's Counsel within seven (7) business days of the Court's approval of this notice plan.

2. Plaintiff's Counsel intends to select and retain, at Plaintiff's expense, a third-party administrator ("Notice Administrator") to send notice to members of the class ("Class Notice") certified by the Court, without prejudice to Plaintiff's ability to seek to recover such expenses in this litigation. Denny's, Inc. ("Denny's") expressly reserves the right to object to the recovery of or amount of any expenses incurred by Plaintiff or her counsel in connection with the retention of the Notice Administrator. Plaintiff's Counsel shall use the same notice administrator for the class action notice as it retained for the FLSA collective action notice.

3. The Class Notice shall be in the same form as the notice form attached hereto as Exhibit A ("Notification Form"), subject to the Court's approval. The Class Notice shall also include the request for exclusion attached hereto as Exhibit B ("Exclusion Form"), subject to the Court's approval. The term "Class Notice" includes both the Notification Form, and the Exclusion Form, and any dissemination of the Notification Form to members of the class shall also include the Exclusion Form.

4. The 60-day notice and opt-out period shall commence on March 25, 2022 and continue up to, and including, May 24, 2022. The Class Notice shall be sent via U.S. mail on March 25, 2022.

5. The envelope in which the Class Notice will be mailed will be standard business envelopes with the Notice Administrator's name and mailing address pre-printed on the outside, to which will be added the name and mailing address of the intended recipient. "Notice of Pendency of Class Action Lawsuit Against Denny's, Inc. This Notice has been authorized by the United States District Court for the Western Districtof Pennsylvania." shall be the only other language that shall appear on the outside of the envelope.

6. As soon as practicable after the mailing of the Class Notice, the Notice Administrator shall send an email with a .pdf version of the Court-approved Class Notice to any member of the class action for whom the Notice Administrator has an email address. The subject line of this email notification shall read "Notice of Pendency of Class Action Lawsuit Against Denny's, Inc. – Do Not Forward or Reply to this Email." In addition, in the body of the email, the Notice Administrator shall also include the following language "This Notice has been authorized by the United States District Court for the Western District of Pennsylvania."

7. Within five (5) business days of mailing the Class Notice, the Notice Administrator shall send a text message to those individuals for whom a telephone number was provided, which will say: "From RG/2: If you have worked as a server in Pennsylvania for Denny's, Inc. any time between January 22, 2016 and August 1, 2019, and were hired prior to January 1, 2019, you may be part of a certified class claiming back pay for minimum wage as part of a class action lawsuit. For additional information about the case (Case No.: 19-CV-00069-CCW), including how to opt out of this lawsuit, please check your email and U.S. mail for a copy of the Notice. If you did not receive it, please contact the Notice Administrator at XXXXXXXXXXXX. The Notice is also available via the link YYYYYYYYYYYY. This Notice has been authorized by the United States District Court for the Western District of Pennsylvania."

8. The mailing and emailing of the Class Notice, along with the sending of the above text message, shall be referred to as the Class Notice Plan.

9. Other than as contemplated in this Class Notice Plan, Plaintiff's Counsel shall engage in no direct communications/solicitations with individuals who were sent the Class Notice during the sixty (60) day period in which an individual can submit a request to be excluded ("Opt-Out Request") from the class ("Exclusion Period").

10. The Notice Administrator's dissemination of the Class Notice to the class members will be the only unsolicited communication to such individuals about the lawsuit during the Exclusion Period (i.e., there will not be any website or telephone solicitations, etc.). The Notice Administrator and Plaintiff's Counsel are permitted to respond to any inquiries they receive from class members during the Exclusion Period. In addition, Plaintiff's Counsel may communicate with class members who they deem to have submitted incomplete or

deficient Opt-Out Requests.

11. Denny's, Denny's' Counsel, Plaintiff, and Plaintiff's Counsel are not permitted to take any action to dissuade or encourage any individual from submitting an Opt-Out Request.

12. For any first-class mailed Class Notices returned as undeliverable, an address skip trace shall be performed by the Notice Administrator and the Class Notice shall be re-mailed one time to a new address obtained through the skip trace.

13. On a weekly basis during the Exclusion Period, the Notice Administrator shall inform Plaintiff's Counsel and Denny's Counsel of the number of Class Notices returned as undeliverable. The Notice Administrator shall make a good faith effort to locate alternative mailing address information for each putative collective action member whose Class Notice is returned as undeliverable using the information provided. For any putative class action members whose Class Notice was returned as undeliverable, and for whom the Notice Administrator cannot locate an alternative mailing address, the Notice Administrator shall notify the parties, and provide a list of those class action members' names for whom alternative address information could not be located. Upon receiving the list from the Notice Administrator, Denny's' Counsel shall, within three business days, provide the Notice Administrator with the social security numbers for those individuals that it has in its possession. Denny's reserves the right to object to providing a social security number and may do so upon application to the Court prior to the expiration of the three business day period.

14. The Notice Administrator shall maintain a list of all individuals for whom a Class Notice was sent. The list shall indicate the method the Class Notice was sent (mail, email, text) and whether there was any indication the individual did not receive that particular form of notice (e.g., mail returned as undeliverable, email bounced back as undeliverable, text message returned as undeliverable). At the expiration of the Exclusion Period, the Notice Administrator shall produce this list to Plaintiff's Counsel and Denny's Counsel.

15. The Class Notice directs class members who wish to be excluded from the class to send either the signed Exclusion Form, or a signed, written request stating the individual's desire to be excluded from the class, to the Notice Administrator by first class mail, overnight delivery service, or email. Copies of all Opt-Out Requests, and any other written communication from a class member (including all electronic forms of communication) that appears to be a request to be excluded from the class, that are received by the Notice Administrator, Plaintiff's Counsel, or Denny's Counsel, regardless of the form in which it is made, the method of delivery, or whether it is signed, shall be promptly sent to Plaintiff's Counsel and Denny's Counsel.

16. Plaintiff's Counsel shall promptly file all Opt-Out Requests to which there is no objection with the Court as they are received, but in no event more than seven (7) days after the Opt-Out Request is received by Plaintiff's Counsel.

17. The Notice Administrator shall maintain a list of all individuals for whom an Opt-Out

    Request was received and, if applicable, the date of the postmark on the envelope in which the Opt-Out Request was contained. At the expiration of the Exclusion Period, the Notice Administrator shall produce this list to Plaintiff's Counsel and Denny's Counsel.

18. An individual shall be considered to have opted out of the class if the Opt-Out Request is sent via first class mail or overnight delivery service, and post-marked on or before the last day of the Exclusion Period. If the Opt-Out Request is sent via email, or received via any other method, the individual shall be considered to have opted out of the class if the Opt-Out Request is received on or before the last day of the Exclusion Period.

19. Any Opt-Out Request received and, if applicable, postmarked after the expiration of the Exclusion Period shall be recorded as such, and copies of the Opt-Out Request provided to Plaintiff's Counsel and Denny's Counsel, along with documentation showing that the postmark of the envelope was after the last day of the Exclusion Period. Untimely Opt-Out Requests need not be filed with the Court. In the event such a situation arises, Plaintiff's Counsel is hereby ordered to notify the individual of their tardy submission and that the Opt-Out Request will not be filed with the Court.

20. Defendant expressly reserves all rights to request decertification of the class action and preserves, and does not waive, its defenses to the claims of Plaintiff or the class.

21. Either party may seek relief from this Class Notice Plan upon application to the Court and a showing of good cause.

**SO ORDERED.**

DATED: February 3, 2022

          /s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE WINTJEN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>DENNY's, INC., *et al.*,<br><br>                    Defendants. | Civil Action No.: 19-CV-00069-CCW |

**NOTICE OF PENDENCY OF CLASS ACTION**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**TO:   ALL TIPPED EMPLOYEES[1] WHO WORKED FOR DENNY'S, INC., IN THE COMMONWEALTH OF PENNSYLVANIA AT ANY POINT BETWEEN JANUARY 22, 2016 AND AUGUST 1, 2019, AND WERE HIRED PRIOR TO JANUARY 1, 2019 (THE "CLASS").**

**PLEASE NOTE: THIS CASE HAS NOT BEEN ADJUDICATED OR SETTLED. THIS NOTICE IS INTENDED ONLY TO INFORM YOU THAT A CLASS ACTION IS CURRENTLY IN PROGRESS.**

      This Notice is issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Pennsylvania (the "Court"), entered on November 18, 2021, certifying a cause of action in the above action as a class action ("Class Action"). The purpose of this Notice is to inform you of: (a) the pendency of the Class Action before the Honorable Christy Criswell Wiegand, in the United States District Court for the Western District of Pennsylvania (the "Action"); (b) the certification of the Class defined above, of which you may be a member ("Class Member"); and (c) your rights as a Class Member, including the right to exclude yourself from (or "opt out" of) the Class.

      In a class action lawsuit, one or more people called "Class Representatives" sue on behalf

---

[1] Tipped Employees are individuals to whom Denny's paid an hourly wage of less than $7.25 per hour for hours worked under the job code "server," and for whom Denny's claimed a tip-credit under the FLSA.

of other people who may have similar claims. In this case, the Class Representative (Juli Wintjen) sued Denny's under Pennsylvania wage and hour law, specifically the Pennsylvania Minimum Wage Act.

If you worked for Denny's, Inc. as a Tipped Employee between January 22, 2016 and August 1, 2019 (the "Class Period"), were hired before January 1, 2019, and were paid an hourly wage less than the Pennsylvania minimum wage of $7.25 per hour by Denny's, Inc. during the Class Period, you are a member of the Class. As a Class Member you will be bound by the result of any trial of the Action, any judgment entered by the Court, and any determination made by the Court, unless you timely mail a request for exclusion, as described below, postmarked no later than **May 24, 2022**.

## DESCRIPTION OF THE ACTION

On January 22, 2019, Juli Wintjen ("Plaintiff") filed a class and collective action complaint against Denny's, Inc. and Doe Defendants 1-10 ("Denny's" or "Defendant") on behalf of herself and all others similarly situated, for unpaid wages under the federal Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff alleges that Denny's failed to provide employees with adequate notice of its intention to claim a tip credit in violation of the PMWA by failing to properly inform its Tipped Employees of all the required information prior to its taking of a tip credit ("PMWA Tip-Credit Notice Claim"). Plaintiff has also brought FLSA claims arising out of the same alleged conduct but those claims are not at issue in this Notice.

Denny's has denied and continues to deny all claims and wrongdoing asserted in the Complaint.

By order dated November 18, 2021, the Court certified the Class, as defined above, for the PMWA Tip-Credit Notice Claim; appointed Plaintiff as the class representative ("Class Representative"); and appointed Connolly Wells & Gray, LLP and Lynch Carpenter LLP as class counsel ("Class Counsel"). Certification of the Class means that the PMWA Tip-Credit Notice Claim portion of the Action is legally recognized as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

This Notice is being sent to notify you that you may be a member of the Class whose rights could be affected by this Action. There is no assurance that a judgment in favor of the Class will be granted or that the Court will award the class a monetary recovery. This Notice is intended to advise you of the pendency of the Action and of your rights with respect to the Action, including the right either to remain a Class Member or to exclude yourself from the Class.

This Notice should not be understood as an expression of any opinion by the Court concerning the merits of the allegations which have been made against Denny's.

## INSTRUCTIONS TO CLASS MEMBERS

If you wish to remain a Class Member, you are not required to do anything at this time other than keep your employment records and any other documents concerning your employment at Denny's that you may have, including paystubs and training materials, and notify Class Counsel

(identified below) of any change in address. If you do nothing, you will remain a Class Member and will be bound by the result of any trial, judgment, or determination of the Court, whether favorable or unfavorable to Plaintiff, or the terms of any settlement that may be reached by the parties. If you choose to remain in the Class, you will not be able to pursue a lawsuit on your own with regard to any of the issues that were or could have been decided for the PMWA Tip-Credit Notice Claim. If you remain in the Class, you are not personally responsible for any expenses or attorneys' fees. If there is a recovery, either as a result of a trial or settlement, you will be notified about such a result and how the proceeds will be distributed.

There is no settlement or judgment in the case at this time. In the event of recovery, you will be able to share in a recovery in this case for the PMWA Tip Credit Claim, only if you are a member of the Class—i.e., you do not exclude yourself.

The Class is represented by the Court-appointed Class Counsel, who are:

| **CONNOLLY WELLS & GRAY, LLP** | **LYNCH CARPENTER LLP** |
|---|---|
| Gerald D. Wells, III | Edwin J. Kilpela |
| Robert J. Gray | Elizabeth Pollock-Avery |
| 101 Lindenwood Drive, Suite 225 | 1133 Penn Avenue, 5th Floor |
| Malvern, PA 19355 | Pittsburgh, PA 15222 |
| Telephone: 610-822-3700 | (412) 322-9243 |
| gwells@cwglaw.com | ekilpela@lcllp.com |
| rgray@cwglaw.com | elizabeth@lcllp.com |

**If you desire to be excluded from the Class, you must either return the "REQUEST FOR EXCLUSION FROM A CLASS ACTION" included with this Notice, or otherwise request exclusion in writing ("Request")**. If you do not use the included form, your request for exclusion must: state your desire to be excluded from the Class, the name and address of the person requesting exclusion, that such person requests exclusion from the Class in this Action, and be signed by or on behalf of the person requesting exclusion from the Class. Requests for exclusion must be transmitted by first class mail, overnight delivery service, or email to the [Notice Administrator]

[ADMINISTRATOR CONACT]

**To be effective, your Request must be received or postmarked no later than May 24, 2022.**

If you exclude yourself from the Class, you will not be bound by any judgment or decision by the Court in this Action that is unfavorable to the Class, but you also will not be entitled to share in the benefits of any judgment that is favorable to the Class or from any Court-approved settlement on behalf of the Class. If you request exclusion, you would be entitled to pursue any individual remedy that you may have, but at your own expense and through your own counsel.

**Your Right to Appear**

As noted above, by remaining in the Class, you will not be responsible to pay the costs of the lawsuit, which will be prosecuted by Class Counsel. However, you may still, if you so desire, retain your own personal lawyer, at your expense, and enter an appearance through an attorney of your own choice. If you wish, you may also consult with your own counsel concerning your rights in this Action.

If you do not timely request exclusion from the Class postmarked by **May 24, 2022**, you will be considered a Class Member and you will be bound by any judgment in this Action, and will not be able to pursue any individual remedy that you may have under the PMWA. You may also be called upon in due course to provide information concerning your claim. Your failure to provide this information in the manner required by the Court may result in your claim being disallowed.

### AVAILABILITY OF FILED PAPERS

For further information about the Action, you may contact Class Counsel at the address listed above or consult the pleadings and other papers filed in the Action at the Office of the Clerk, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, during normal business hours of 8:30 a.m. to 4:30 p.m. of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the Western District of Pennsylvania, https://ecf.pawd.uscourts.gov/cgi-bin/ShowIndex.pl.

If you have any questions concerning this Notice or your membership in the Class, you may contact Class Counsel.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT OR THE CLERK'S OFFICE.**

Dated: _____

        **By Order of the Court**
        **United States District Court, Western District of Pennsylvania**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE WINTJEN, on behalf of herself and all others similarly situated, | ) ) ) ) Civil Action No.: 19-CV-00069-CCW ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DENNY's, INC., *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **REQUEST FOR EXCLUSION FROM A CLASS ACTION**

      By completing and returning this form, I, the undersigned, hereby request to be excluded from the Class Action in the above-captioned case in accordance with the terms of the Notice of Pendency of Class Action, and with the understanding that I will not be bound by any decision of the Court, whether favorable or unfavorable to the Plaintiff, and that I will not receive a benefit from any judgment or settlement that may be obtained by the Plaintiff.

Date:_____

Mail to:

[NOTICE ADMINISTRATOR]

_____
Printed Name

_____
Signature

Address:

_____

_____

_____

Phone No. _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE WINTJEN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DENNY's, INC., *et al.*,<br><br>                    Defendants. | )<br>)<br>)  Civil Action No.: 19-CV-00069-CCW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **REQUEST FOR EXCLUSION FROM A CLASS ACTION**

      By completing and returning this form, I, the undersigned, hereby request to be excluded from the Class Action in the above-captioned case in accordance with the terms of the Notice of Pendency of Class Action, and with the understanding that I will not be bound by any decision of the Court, whether favorable or unfavorable to the Plaintiff, and that I will not receive a benefit from any judgment or settlement that may be obtained by the Plaintiff.

Date:_____

Mail to:

[NOTICE ADMINISTRATOR]

_____
Printed Name

_____
Signature

Address:

_____

_____

_____

Phone No. _____