IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) 2:19-CV-00069-CCW<br>)<br>) |
| v. | )<br>)<br>) |
| DENNY'S, INC., DOE DEFENDANTS 1-10, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINON ORDER

Before the Court are Plaintiff Juli Wintjen's Motion for Finding of Willfulness ("Plaintiffs' Motion"), *see* ECF No. 171, and Defendant Denny's, Inc.'s Motion to Exclude Opt-In Plaintiffs with Time-Barred Claims from Collective Action ("Defendant's Motion"), *see* ECF No. 174. Both Motions have been fully briefed and are ripe for disposition. Plaintiffs' Motion will be DENIED, and Defendant's Motion will be GRANTED IN PART and DENIED IN PART.

**I.   Background**

In this case, Ms. Wintjen asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act, 43 P.S. §§333.101, *et seq.* ("PWMA"), on behalf of herself and other similarly situated restaurant servers employed by Denny's. *See* ECF No. 1.

Ms. Wintjen claims that Denny's violated the FLSA and the PMWA by (a) failing to provide compliant tip-credit notice to its tipped employees and (b) requiring its tipped employees to spend more than 20% of their working hours performing non-tip-generating side-work (e.g. tasks such as cleaning, rolling silverware, or bussing dishes). *See* ECF No. 72 at 1. The Court granted summary judgment in Ms. Wintjen's favor regarding her claim that Denny's did not

provide compliant tip-credit notice and failed to keep proper records of the time worked by its servers in tipped and untipped roles, but denied her motion for summary judgment as it pertained to her PMWA claims. *See* ECF No. 73. The Court also denied Denny's cross-motion for summary judgment. *See id.* The Court then conditionally certified a collective action for Ms. Wintjen's FLSA claims and certified a class under Federal Rule of Civil Procedure 23(a) and 23(b)(3) for her PWMA claims. *See* ECF No. 106. The Court also granted Ms. Wintjen's request for equitable tolling, thereby extending the applicable limitations period for any opt-in plaintiff by one year and one week. *See id.* at 3 (tolling the limitations period from March 9, 2020, to March 16, 2021). Following conditional certification of the FLSA collective, 117 individuals opted-in to the collective action. *See* ECF No. 172 at 2.

Plaintiffs' Motion here seeks a determination that Denny's' willfully violated the FLSA and, that a three-year limitations period applies to the claims of the opt-in Plaintiffs. *See* ECF No. 171. Under 29 U.SC. § 255(a), claims that an employer violated the FLSA must be commenced within two years, unless the violation was willful, in which case a three-year statute of limitations applies. As to the tip-credit notice claim, Plaintiffs argue that Denny's willfully violated the FLSA because (a) Denny's admits it had "institutional knowledge" of the tip-credit notice requirements and (b) Denny's began providing fully compliant notice to new servers as of March 2019, but did not provide that fully compliant notice to existing employees; and (c) Denny's corporate representative conceded that Denny's did not separately track the amount of time a server spent performing side-work while clocked in under the sub-minimum wage "server" job code. *See* ECF No. 172 at 5–6. Furthermore, in a supplemental Reply filed by Ms. Wintjen, she also points to evidence that Denny's provided fully compliant tip-credit notice to servers from July 2011 to

2

January 2012, and only resumed providing complete notice in March 2019. *See* ECF No. 187-1 at 2.

Defendant's Motion, on the other hand, seeks a determination that the claims of 43 of the opt-in Plaintiffs are time-barred. *See* ECF No. 174. Under 29 U.S.C. § 256(b), the statute of limitations applicable to an opt-in plaintiff's claims continues to run until that opt-in plaintiff files with the court a consent to join the collective action. Given that the Court granted Ms. Wintjen's request for equitable tolling of one year and one week, the statute of limitations for the opt-in Plaintiffs in this case is, therefore, four years and one week if Denny's willfully violated the FLSA or three years and one week if no willful violation occurred. *See* ECF No. 175 at 1–2. Denny's argues that 19 opt-in Plaintiffs filed their consent to join forms more than four years and one week after their date of separation from Denny's and that those claims are time-barred regardless of which limitations period applies. *See id.* The other 24 opt-in Plaintiffs cited in Defendant's Motion filed their consent to join forms more than three years and one week after their date of separation; accordingly, Denny's argues that their claims are time-barred unless the longer limitations period for willful violations applies. *See id.*

**II.    Discussion**

A willful violation of the FLSA occurs where an employer, "at the time of its FLSA violation, either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Acting only 'unreasonably' is insufficient—some degree of actual awareness is necessary." *Id.* (quoting *McLaughlin*, 486 U.S. at 135 n.13). That is, "[g]eneral awareness of the [FLSA's] requirements" is insufficient to demonstrate willfulness, *Wright v. Ristorante La Buca Inc.*, No. 18-2207, 2018 U.S. Dist. LEXIS

180518 (E.D. Pa. Oct. 22, 2018); rather, "[w]illful FLSA violations require a more specific awareness of the legal issue." *Souryavong,* 872 F.3d 126 (citing *Flores v. City of San Gabriel*, 824 F.3d 890, 896, 905–07 (9th Cir. 2016)).  Furthermore, the Third Circuit has held that whether a violation is willful is normally "'a question of fact'"; consequently, a motion for a finding of willfulness should only be granted "if 'there is no legally sufficient evidentiary basis for a reasonable jury to find for' the non-moving party." *Id.* (quoting *Bianchi Trison Corp. v. Chao*, 409 F.3d 196, 208 (3d Cir. 2005) and *Rego v. ARC Water Treatment Co.*, 181 F.3d 396, 400 (3d Cir. 1999)).

Here, Ms. Wintjen has not met her burden to demonstrate that there is no basis for a jury to find for Denny's on the question of willfulness.  Although Ms. Wintjen points to evidence that Denny's had "institutional knowledge" of the tip credit notice requirement, and that Denny's provided complete notice to at least some servers in 2011 and 2012 and then to all new servers beginning in March 2019, that evidence, while suggestive, does not necessarily show that Denny's knew the notice it provided in the 2012–2019 period was incomplete or that Denny's showed reckless disregard towards its obligation to provide complete notice.  Indeed, at summary judgment, although Denny's onboarding materials only provided some—but not all—of the information required for complete tip credit notice, the Court also considered evidence that Denny's provided Department of Labor Fact Sheet #15 to the managers of its Pennsylvania restaurants.  *See* ECF No. 72 at 12.  Fact Sheet #15 indisputably sets forth the complete set of information required for tip credit notice to be compliant.  *See id.*  At a minimum, distribution of Fact Sheet #15 to managers is sufficient to raise a triable issue as to whether Denny's "recklessly disregarded" its tip credit notice obligations.  As such, the Court finds that a reasonable jury could conclude that Denny's did not willfully violate the FLSA.  *See Walsh v. E. Penn Mfg. Co.*, 555 F.

4

Supp. 3d 89, 136 (E.D. Pa. 2021) (declining to find willfulness where "a reasonable jury may well find that [defendant] was negligent or assumed incorrectly that it complied with its obligations under the FLSA.").

As to the claim that Denny's violated its minimum wage obligations by requiring Plaintiffs to spend more than 20% of their time on side-work, the Court only granted summary judgment in Ms. Wintjen's favor on the discrete issue of whether Denny's "'ke[pt] records of the hours in which an employee receives tips, and the hours in which they do not,' as required by 29 C.F.R. § 516.28." ECF No. 72 at 20 (quoting *Belt v. P.F. Chang's Bistro, Inc.*, 401 F.Supp.3d 512, 537 (E.D. Pa. 2019). Given also that the Court denied Denny's motion for summary judgment on the underlying side-work claim itself, notwithstanding any non-compliance with statutory record keeping requirements, there remains a triable issue as to whether Denny's side-work requirement for its servers in fact resulted in any violation of the FLSA. *See id.*; *see also Lopez v. Tri-State Drywall, Inc.,* 861 F. Supp. 2d 533, 536–37 (E.D. Pa. 2012) (noting that "federal courts have held there is no private right of action for a record keeping violation.") and *Adami v. Cardo Windows*, Inc., No. 12-2804 (JBS/JS), 2013 U.S. Dist. LEXIS 102447, at *12 (D.N.J. July 23, 2013) (dismissing claim with prejudice because "as no private right of action for record-keeping violations exists under" the FLSA). Any determination that Denny's willfully violated its minimum wage requirements with respect to Plaintiffs' side-work would, therefore, be premature. Plaintiffs' Motion will, therefore, be DENIED in full.

Having concluded that there are triable issues as to whether Denny's willfully violated the FLSA on both claims, the Court now turns to consider whether the statute of limitations bars the claims of the 43 Plaintiffs cited in Defendant's Motion. According to the Supreme Court in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989), 29 U.S.C. § 216(b)'s "affirmative

permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* The Court may thus consider, at this juncture, whether the opt-in Plaintiffs' consent forms were timely filed and, if not, dismiss them from this case. *See* 29 U.S.C. § 255(a) (claims under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued," except in the case of a willful violation); 29 U.S.C. § 256 (action commenced for opt-in plaintiff not named in the complaint or joined as a party on the date the complaint was filed "on the subsequent date on which [opt-in plaintiff's] written consent is filed in the court in which the action was commenced."); and Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

As Denny's sets forth in a summary chart included in its opening Brief to Defendant's Motion, *see* ECF No. 175 at 2–3, 19 of the opt-in Plaintiffs filed their consent to join forms after even the limitations period applicable to their claims for a willful violation had run out. Those claims are clearly time-barred, and the Court is not persuaded by Plaintiffs' argument that further equitable tolling is warranted. *See* ECF No. 179 at 5–7. The claims of the remaining 24 Plaintiffs challenged by Defendant's Motion, however, are timely if the longer limitations period applicable to willful violations controls. *See* ECF No. 175 at 6–7. Because the Court has concluded that there is a triable issue as to willfulness, the Court cannot find at this juncture that the claims of those 24 Plaintiffs are time-barred. Accordingly, the Court will GRANT Defendant's Motion as to the 19 Plaintiffs who did not file consent to join forms within even the longest possible limitations period applicable to their claims, and those 19 Plaintiffs will be dismissed. On the

other hand, the Court will DENY Defendant's Motion as to the other 24 Plaintiffs because their claims may be timely if the longer limitations period for willful violations applies.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

- Plaintiffs' Motion, ECF No. 171, is DENIED IN FULL;  and,

- Defendant's Motion, ECF No. 174, is GRANTED IN PART and DENIED IN PART such that the following opt-in Plaintiffs are hereby DISMISSED from this case:  Haley Smalley, Emily Collins, Shannon Monack, Christine Grove, Catherine Walters, Stacy Hart, Alexis Blackburn, Ashely Corbitt, Tanya Delapp, Felicia Barbagello, Eve Wilson (née Starling), Lauren Shrader, Christine Pawlowicz (née Laughner), Crystal Morris, Ariana Grassmyer, John Gregurich, Victoria Rill, Raven Day, and Ashely Clark.

IT IS SO ORDERED.

DATED this 25th day of August, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record