**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULI WINTJEN, on behalf of herself and all others similarly situated,** | ) | **2:19-CV-00069-CCW** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **DENNY'S INC.,** | ) | |
| **Defendant.** | ) | |

**JOINT MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE AND STAY PROCEEDINGS PURSUANT TO PARTIAL SETTLEMENT**

## I. BACKGROUND

Plaintiff Juli Wintjen ("Plaintiff" or "Wintjen"), on behalf of herself and members of the conditionally certified collective action ("Opt-In Plaintiffs") (collectively "Plaintiffs"), and Defendant Denny's, Inc. ("Denny's" or "Defendant") (Plaintiffs and Denny's are hereinafter referred to as "Parties"), have settled Plaintiffs' claims that Denny's allegedly failed to pay Plaintiffs full minimum wage for hours spent performing either non-tipped duties and/or excessive "side work" duties (hereinafter "80/20 Claim"). The Parties' partial settlement does not, however resolve all outstanding claims in this case, and Wintjen's claim on behalf of the conditionally certified collective action, and Fed. R. Civ. P. 23 certified class that Denny's allegedly failed to give her and other servers adequate notice of its intention to claim a tip credit for subminimum hourly wages paid to servers in Pennsylvania ("Notice Claim") remains outstanding and, consequently, will move forward pursuant to the Court's previously entered Orders.

To allow litigation of the Notice Claim to proceed without the risk of delay caused by issues that might arise during the settlement approval process, the Parties jointly move to bifurcate the 80/20 Claim and stay proceedings as to that claim.

## II. ARGUMENT

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." In considering whether to sever proceedings pursuant to Rule 42(b), courts in this district have held that they are to consider

> (1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the nonmoving party would be prejudiced if bifurcation is not granted.

*Cooper v. Metlife Auto & Home*, Civ. Action No. 13-687, 2013 U.S. Dist. LEXIS 110248, at *5 (W.D. Pa. Aug. 6, 2013).

The Parties do not, of course, anticipate having to try the 80/20 Claim, given their putative settlement of those claims. But because the Parties are submitting their settlement to the Court for approval, the 80/20 Claim is now on a separate track than the Notice Claim. The issues raised by the 80/20 Claim are now necessarily different from the Notice Claim, even more than they were prior to the settlement.

If the claims are not bifurcated, then the action as a whole would need to be stayed to ensure that the Court finally approves of the Parties' settlement. This is so because the deadline for Plaintiff to move for final certification of the collective action is June 2. The settlement will not likely receive approval before that date, and even if it did, the time for appeal would not run until after the June 2 deadline. In the unlikely event that the Court does not approve the Parties' settlement of the 80/20 Claim, and the Parties need to continue litigating that claim, bifurcation

will allow the Parties to be placed back in the same positions they were at the time of the settlement of the 80/20 Claim. Importantly, bifurcation will allow judicial review of the proposed settlement without affecting the motion practice that will occur regarding the Notice Claim. Consequently, bifurcation of claims at this procedural stage will expedite resolution of all claims, while allowing the parties and the Court to proceed in an expeditious manner.

In sum, bifurcation avoids the need to stay the entire case to ensure that deadlines applicable to the settled 80/20 Claim do not pass, and corresponding delay in the resolution of the Notice Claim. Bifurcation also allows the Court to restore the parties to their respective positions in this litigation at the time of settlement in the unlikely event the Court does not approve the settlement, avoiding prejudice from the Parties' efforts to resolve a portion of the case.

## III. CONCLUSION

For the reasons set forth, and to avoid prejudice stemming from the partial settlement of this case, the Parties respectfully request that the Court grant their Motion to Bifurcate.

**CONNOLLY WELLS & GRAY, LLP**

/s/ Gerald D. Wells, III w/ email auth. 6-2-23
Gerald D. Wells, III
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malver, PA 19355
Telephone: 610-822-3700
Facsimile: 610-822-3800
gwells@cwglaw.com
rgray@cwglaw.com

and

**LYNCH CARPENTER LLP**
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

**FARUKI PLL**

/s/ Darren W. Ford________________
Darren W. Ford (admitted *pro hac vice*)
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: 513-513-0313
dford@ficlaw.com

and

**BRICKER GRAYDON LLP**
Kent Wellington (admitted *pro hac vice*)
Michael A. Roberts (admitted *pro hac vice*)
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Telephone: 513-621-6464
Facsimile: 513-651-3836

Telphone: 412-322-9243
Facsimile: 412-231-0246
glynch@carlsonlynch.com

*Attorneys for Plaintiff Juli Wintjen, on behalf of herself and all others similarly situated*

kwellington@brickergraydon.com
mroberts@brickergraydon.com

and

**VORYS, SATER SEYMOUR AND PEASE LLP**
Lauren L. Matthews (Pa. #322469)
500 Grant Street, Suite 4900
Pittsburgh, PA 15219
Telephone: 512-904-7721
Facsimile: 412-904-7818
lmathews@vorys.com

*Attorneys for Denny's Inc.*

4864-2326-5377.2