IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DENNY'S INC.,<br><br>        Defendant. | 2:19-CV-00069-CCW |

**OPINION**

Before the Court are Ms. Wintjen's motion to modify and finally certify the FLSA collective, ECF No. 226, and Denny's' motion seeking to decertify the Rule 23 class action, ECF No. 231. For the following reasons, the Court will GRANT Ms. Wintjen's Motion and DENY Denny's' Motion.

**I.    Procedural Background**

On behalf of herself and other similarly situated employees, Plaintiff Juli Wintjen brings this hybrid collective and class action, asserting claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* Ms. Wintjen alleges that Denny's violated wage-and-hour laws when it categorized its servers as tipped employees despite failing to provide adequate tip-credit notice.[1] The Court previously conditionally certified an FLSA collective action and certified a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). *See* ECF Nos. 105, 106.

---

[1] Originally, Ms. Wintjen asserted a claim that Denny's had violated wage-and-hour laws when it asked its servers to perform excessive side-work. However, the parties have since resolved this claim and received the Court's approval of their executed settlement agreement. *See* ECF No. 234.

Specifically, on November 18, 2021, the Court conditionally certified the following FLSA collective action:

> All Tipped Employees who worked for Denny's, Inc. in the Commonwealth of Pennsylvania at any point between July 6, 2017 and August 1, 2019, who (i) were hired prior to January 1, 2019 and (ii) elect to opt-into this Action.

ECF No. 106 at 2.

Also on November 18, 2021, the Court certified the following class action pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All Tipped Employees who worked for Denny's, Inc., in the Commonwealth of Pennsylvania at any point between January 22, 2016 and August 1, 2019 and were hired prior to January 1, 2019.

ECF No. 106 at 1 (footnote omitted).

## II.  Factual Background

The Court has previously recounted the facts of this case in significant detail.  *See* ECF No. 105 at 3–5; ECF No. 72 at 2–4.  The Court will briefly recite the facts relevant to this decision.  The majority of the facts herein are drawn from the parties' Joint Stipulated Facts, *see* ECF No. 228-1.  The remaining facts are drawn from the Court's review of the record and are undisputed.

Denny's is a restaurant chain that operates nationwide.  During the class and collective action periods, Denny's operated 13 restaurants in Pennsylvania with 929 servers.  *Id.* ¶¶ 2, 3.  During this time frame, Denny's hired 652 new servers.  *Id.* ¶ 4.  Servers performed the same basic job duties, were provided the same payroll and human resources services, were subjected to the same labor and human resources policies, and were compensated with a tip credit.  *Id.* ¶¶ 3, 5–7, 30–31.

On July 26, 2011, Denny's distributed a form titled "Employee Tip Credit Notification" ("ETCN") to its managers of Pennsylvania restaurants. *Id.* ¶ 13. It was Denny's' policy to have servers physically sign this form. *Id.* ¶¶ 14–15. No other correspondence was sent out to managers or servers regarding the ETCN. *Id.* ¶ 15. The parties have indicated that the ETCN provided all the requisite pieces of information for tip-credit notice. ECF No. 238 at 11. In addition, Denny's has produced—and Ms. Wintjen now has possession of—all executed copies of the ETCN. *Id.* ¶ 17.

From July 26, 2011 to December 27, 2016, Denny's had a policy of providing an "Employment Information Sheet" ("EIS") to new servers. ECF No. 228-1 ¶ 18. The EIS contained certain information related to the tip-credit notice. *Id.* ¶ 19. On December 28, 2016, Denny's implemented a system known as the "Workday System" to assist it with human resources management. *Id.* ¶ 20. Through this system, new employees could electronically acknowledge receipt of documents. *Id.* ¶ 21. The EIS was not included as part of the Workday System. *Id.* ¶ 22. Starting January 1, 2019, Denny's included a document titled "Important Information for Tipped Employees" ("IITE") through the Workday System. *Id.* ¶¶ 24–25.

In sum, Denny's implemented one policy for tip-credit notices from 2011 to 2016 and another policy for tip-credit notices from 2017 to 2019. Also of note, Ms. Wintjen began working for Denny's in mid-September of 2017, so she was not subject to the EIS tip-credit notice. ECF No. 58 ¶ 10; ECF No. 62 ¶ 2.

### III.    Final Certification of the FLSA Collective Action is Warranted

Ms. Wintjen requests that the Court modify the definition of the collective to exclude individuals who received adequate tip-credit notice and, then, finally certify the modified

3

collective pursuant to 29 U.S.C. § 216(b).  For the following reasons, the Court will grant Ms. Wintjen's Motion.

### A. Legal Standard

Final certification of a collective action under the FLSA is only appropriate if "the proposed collective plaintiffs are 'similarly situated.'" *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (quoting 29 U.S.C. § 216(b) ("An action to recover the liability prescribed [by this statute] may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.")).  "To be found similarly situated, members of the collective need not have an identical experience; complete symmetry of job functions is not required for final certification under the FLSA." *Rood v. R&R Express, Inc.*, No. 2:17-cv-1223-NR, 2021 WL 3021978, at *6 (W.D. Pa. July 16, 2021) (Ranjan, J.) (internal quotation marks omitted).  Nor must plaintiffs in an FLSA collective action satisfy the prerequisites of Federal Rule of Civil Procedure 23.  *See Zavala*, 691 F.3d at 536 (rejecting "approaches [to final FLSA certification] derived from Rule 23"); *see also Ruehl v. Viacom, Inc.*, 500 F.3d 375, 389 n.4 (3d Cir. 2007) (noting that by adopting the collective action device, Congress "impliedly rejected the Rule 23 [opt-out] class action procedures") (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).  Instead, § 216(b)'s "similarly situated" requirement imposes a different—and somewhat less burdensome—standard on plaintiffs to prevail on final certification.  *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 131 (3d Cir. 2018) ("Rule 23 class certification and FLSA collective action certification are fundamentally different creatures.") (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555–56 (2d Cir. 2010).  A group of plaintiffs must nevertheless meet this burden by a preponderance of the evidence.  *See Zavala*, 691 F.3d at 537.

Courts in this Circuit apply the so-called "ad hoc" approach to determining whether the members of a proposed collective are similarly situated. *See id.* at 536. ("We have already repeatedly approved the ad-hoc approach, and we do so again today.") (collecting cases). This approach requires the district court "to consider[] all the relevant factors and make[] a factual determination on a case-by-case basis." *Id.* According to the Third Circuit, the factors a court should consider include, but are not limited to: "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." *Id.* at 536–37. Courts should also consider whether "the existence of individualized defenses" renders members of a proposed collective dissimilar. *Id.* at 537 (citing *Ruehl*, 500 F.3d at 388 n.17). Some courts also look to "fairness and procedural considerations." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 09-cv-00085-CB, 2011 WL 6372873, at *9 (W.D. Pa. Dec. 20, 2011) (Bissoon, J.).

**B.     Discussion**

As a threshold matter, Ms. Wintjen requests that opt-in plaintiffs who returned executed copies of the ETCN forms be dismissed because "discovery has revealed" that they "signed [ETCN] forms from 2011 that provided all five of the required pieces of tip credit notification." ECF No. 227 at 3. If discovery renders it appropriate to dismiss certain opt-in plaintiffs from the collective action, the Court may dismiss them. *See, e.g.*, *Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 2:18-CV-01698-RJC, 2021 WL 3563388, at *15 (W.D. Pa. Aug. 12, 2021) (Colville, J.). Because, per Ms. Wintjen's representation, the opt-in plaintiffs who executed copies of the ETCN form cannot establish a violation of the FLSA, the Court will modify the collective as follows:

5

> All Tipped Employees who worked for Denny's, Inc. in the Commonwealth of Pennsylvania at any point between July 6, 2017 and August 1, 2019, who (i) were hired prior to January 1, 2019 and (ii) elect to opt-into this Action, *and (iii) for whom Defendant does not have an executed copy of the 2011 Employee Tip Credit Notification form.*

*See* ECF No. 227 at 9–10 (modification in italics).

With respect to the modified collective, the Court finds that Ms. Wintjen has satisfied the *Zavala* factors by a preponderance of the evidence, such that final certification is appropriate. *See* 691 F.3d at 536–37. In this case, although the opt-in Plaintiffs may have been subjected to different tip-credit notices, they were all categorized as servers, performed the same basic job duties, worked in Denny's' restaurants in Pennsylvania with similar labor and human resources policies, were compensated with the same tip credit wage policy, and, critically, were allegedly denied one of the requisite pieces of information in the tip-credit notice. *See id.* at 536; *see also* ECF No. 228-1 ¶¶ 5, 7, 9, 28–32.

Against this substantial evidence, which indicates that they are similarly situated, Denny's provides a few unpersuasive arguments. First, Denny's argues that final certification should be denied because the opt-ins were subjected to two different tip-credit notices. This fact is insufficient to overcome the Third Circuit's instruction that plaintiffs are "similarly situated" when there is a "common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538. In this case, the parties agree that Denny's had a set of common practices, namely that (i) its servers would all be paid using the tip-credit system; and (ii) received deficient tip-credit notices.

Second, Denny's argues that there are individualized defenses "to which the plaintiffs may be subject on an individual basis" that would undermine final certification. *Halle*, 842 F.3d at 226. In particular, Denny's maintains that the opt-in plaintiffs will require different analyses as to

whether Denny's acted willfully in violating the FLSA. Willfulness is established when a plaintiff shows that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). According to Denny's, the fact that it provided one tip-credit notice from 2011 to 2016 and another from 2017 to 2019, means the willfulness analysis for an opt-in plaintiff from 2011 "would be entirely different than [Ms.] Wintjen's" who began work in 2017. ECF No. 239 at 9. However, Denny's has stipulated that it was aware of its tip-credit obligations (namely, 29 C.F.R. §§ 516.28 and 531.59) from January 22, 2016 to August 1, 2019. Crucially, this timeframe implicates both the EIS and the IITE tip-credit notices.[2] Although willfulness requires more than simply "awareness of the FLSA on a basic level," *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017), "evident indifference" to the FLSA will suffice, *Stone v. Troy Constr., LLC*, 935 F.3d 141, 149 n.10 (3d Cir. 2019) (internal quotation marks omitted). In addition, the opt-in Plaintiffs' position is that both tip-credit notices lack the same required piece of information. Given this, the Court is not persuaded that significant differences exist in assessing willfulness. Therefore, after examining whether individualized defenses exist between the opt-in plaintiffs, the Court still finds final certification appropriate in this case.

For the foregoing reasons, the Court will modify the conditionally certified FLSA collective to exclude those employees who received adequate notice and will finally certify the modified FLSA collective.

### IV. Decertification of the Rule 23 Class Action is Not Warranted

Denny's Motion requests that the Court decertify the Rule 23 class. Ms. Wintjen opposes decertification but acknowledges that a modification to the class definition is warranted. For the

---

[2] To the extent that Denny's argues there is a third tip-credit notice, the ETCN, this is moot with the Court's modification of the collective action to exclude those opt-in plaintiffs who returned executed ETCN forms.

following reasons, the Court will deny Denny's' Motion and grant Ms. Wintjen's request to modify the class definition.

### A. Legal Standard

Before final judgment has been entered, a court may alter or amend its prior order granting class certification. Fed. R. Civ. P. 23(c)(1)(C). Decertification or modification of a class may be appropriate "in light of subsequent developments in the litigation." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see also Zenith Lab'ys, Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976).

In reviewing a motion to decertify a class, a court examines whether the plaintiff can no longer establish the requirements of either Rule 23(a) or Rule 23(b). *See, e.g.*, *Johnson v. GEICO Cas. Co.*, 672 F. App'x 150, 157 (3d Cir. 2016) (affirming a court's decertification of a class action when the predominance requirement of Rule 23(b)(3) was no longer satisfied). Decertification is warranted "where changes in the substantive or procedural law, or subsequent facts call into question whether continued class action treatment is proper." *Martinez-Santiago v. Pub. Storage*, 331 F.R.D. 94, 101 (D.N.J. 2019) (cleaned up).

### B. Discussion

Denny's moves to decertify the class action on the basis that new facts "developed through discovery" have rendered the Court's previous class certification order "unsound." ECF No. 232 at 4. Specifically, Denny's claims that the class should be decertified because Denny's implemented one policy for tip-credit notices from 2011 to 2016 and another policy for tip-credit notices from 2017 to 2019. According to Denny's, this variation in tip-credit notices means Ms.

Wintjen cannot satisfy either the commonality and typicality requirements of Rule 23(a) or the predominance requirement of Rule 23(b)(3).

As the Court noted in its prior Opinion certifying the class, a plaintiff has satisfied the commonality requirement of Rule 23(a) and predominance requirement of Rule 23(b)(3) when "the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members." ECF No. 105 at 20 (quoting *Reinig v. RBS Citizens*, N.A., 912 F.3d 115, 127 (3d Cir. 2018)). Denny's argues that the different tip-credit notices provided to tipped employees will require "individualized proof of what specific notice employees received" at trial, such that these elements have not been met. ECF No. 232 at 14.

The Court disagrees and finds that Ms. Wintjen has still satisfied the commonality and predominance requirements, despite variations in tip-credit notices. A class can have "many legal and factual differences among putative class members" so long as "all putative class members were subjected to the same harmful conduct by the defendant." *In re Community Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 397 (3d Cir. 2015). In this case, Denny's harmful conduct is a purported failure to provide sufficient tip-credit notice. Cases alleging deficient tip-credit notice "are routinely managed as class actions," despite variations in the notices given to employees. *Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-cv-01396, 2017 WL 2061408, at *5 (W.D. Pa. May 11, 2017) (Kearney, J.) (certifying a class despite some employees receiving proper tip-credit notice orally, while others did not); *see also Marin v. Apple-Metro, Inc.*, No. 12 CV 5274 (ENV) (CLP), 2017 WL 4950009, at *49–50 (E.D.N.Y. Oct. 4, 2017) (finding the commonality and predominance requirements were met for class certification, despite the fact that "employees may have received different forms of notice"). This Court finds, as other courts have

held, that the commonality requirement is still satisfied as "a common question of fact exists as to whether class members received adequate notice of the tip credit." *Marin*, 2017 WL 4950009, at *50. In addition, the Court finds that the predominance requirement is still met because whether Denny's has provided sufficient tip-credit notice to its tipped employees is capable of proof at trial through evidence that is common to the class.

The typicality requirement of Rule 23(a), as noted in this Court's decision certifying the class, asks whether "the interests of the class and the class representatives are aligned." *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 427–28 (3d Cir. 2016) (internal quotation marks omitted). This Court noted that the Third Circuit has a "low threshold for typicality" that is able to withstand "[e]ven relatively pronounced factual differences . . . where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *Id.* at 428 (internal quotation marks omitted). Denny's argues that because Ms. Wintjen has not received one of the forms of tip-credit notice that other tipped class members received, the typicality requirement has not been met, such that decertification of the class is appropriate.

However, Ms. Wintjen's underlying legal theory continues to share a strong similarity with the other class members.[3] Specifically, she alleges that Denny's did not provide compliant tip-credit notice, which is common to all class members regardless of whether they were subjected to the notice from 2011 to 2016 or the notice from 2017 to 2019. Her claim also arises from the same

---

[3] In its Reply, Denny's contends that the Court improperly placed the burden on Denny's, rather than Ms. Wintjen, to establish the predominance requirement of Rule 23(b)(3). While arguments included for the first time in a reply are considered forfeited, the Court will quickly dispense of this argument. The prior decision provided, "[A]s with every other required element of class certification, the plaintiff must show that the predominance requirement 'has been met by a preponderance of the evidence at the time of class certification.'" ECF No. 105 at 21 (quoting *Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 184 (3d Cir. 2019)). The Court then held that Ms. Wintjen had met this burden. As part of the analysis, the Court noted that, of the evidence Ms. Wintjen provided, there was no indication that all five required notice items were given to tipped employees, and to the extent Denny's asked the Court to require Ms. Wintjen to prove a negative, she had done so through the absence of this fact in the record. *Id.* at 22–25 (noting "there is no evidence in the record that any manager working for Denny's in Pennsylvania during the proposed class period ever verbally provided all five required notice items").

practice or course of conduct as other tipped employees—Denny's' allegedly deficient company-wide policies and procedures. Therefore, the Court will not disturb its prior finding that the typicality requirement of Rule 23(a) is satisfied. Accordingly, Denny's' Motion, requesting that the class action be decertified, will be denied.

The Court will, however, grant Ms. Wintjen's request to modify the class definition to exclude the class members who did receive adequate tip-credit notice, as follows:

> All Tipped Employees who worked for Denny's, Inc., in the Commonwealth of Pennsylvania at any point between January 22, 2016 and August 1, 2019, and were hired prior to January 1, 2019. *Excluded from this Class are any individuals for whom Defendant has produced an executed copy of the 2011 Employee Tip Credit Notification form.*

*See* ECF No. 238 at 20 (modification in italics). Because a court is permitted to "adjust[] the class definition as needed," the Court will modify the class to exclude those individuals who produced an executed copy of the ETCN form. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012).

**C.    Conclusion**

For the foregoing reasons, the Court will GRANT Ms. Wintjen's motion to modify and finally certify the FLSA collective and DENY Denny's' motion seeking to decertify the Rule 23 class action as more fully set forth in the attached Order.

DATED this 13th day of July, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record