# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULI WINTJEN, on behalf of herself and all others similarly situated,** | ) ) ) | **2:19-CV-00069-CCW** |
| **Plaintiff,** | ) ) | |
| vs. | ) ) ) ) | |
| **DENNY'S INC.,** | ) ) ) ) | |
| **Defendant.** | ) | |

# DEFENDANT DENNY'S, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Denny's, Inc. ("Denny's" or "Defendant") respectfully submits its Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiff Juli Wintjen's ("Plaintiff" or "Wintjen") remaining claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101, *et seq.*, on behalf of the members of the finally certified FLSA collective action, and as class representative of the Fed. R. Civ. P. 23 class certified by the Court.  (*See* ECF Nos. 244 & 245.)

## I.        INTRODUCTION

With the parties' resolution of Plaintiff's FLSA and PMWA excessive side work claims (ECF No. 235), only Plaintiff's claims that Denny's failed to provide adequate notice of its intention to claim a tip credit under 29 U.S.C. § 203(m) ("FLSA Notice Claim") and 43 P.S. § 333.103 ("PMWA Notice Claim") (collectively referred to as "Notice Claims") remain.

Since the Court's decisions granting Wintjen summary judgment on her FLSA Notice Claim in February 2021 (ECF No. 72), and Rule 23 class certification on November 18, 2021 (ECF NO. 105), the U.S. District Court for the Eastern District of New York has held in multiple decisions that a plaintiff lacks Article III standing to bring New York wage notice claims in light of the U.S. Supreme Court's June 25, 2021 decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).  *See Deng v. Frequency Elecs., Inc.*, No. 21-cv-6081, 2022 U.S. Dist. LEXIS 206390, at *19-20 (E.D.N.Y. Nov. 14, 2022) (citing cases).  In *Ramirez*, the U.S. Supreme Court held that a class of plaintiffs lacked Article III standing to bring claims that they had received credit file disclosures required by the Fair Credit Reporting Act in the wrong format.  141 S. Ct. at 2213-14.  In reaching its holding, the Court held that the plaintiffs had identified "no 'downstream consequences' from failing to receive the required information[,]" and

2

that "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F. 3d 990, 1004 (11th Cir. 2020)).

Following the Court's decisions on FLSA final certification and Rule 23 certification (ECF No. 244), the propriety of continued collective and class treatment of this case, and Denny's' liability, turns entirely on Denny's' alleged failure to inform collective and class members "that the tip credit shall not apply to any employee who has not been informed of the requirements" of § 203(m).  29 C.F.R. § 531.59(b).  (*See* ECF No. 72, Opinion, at Page 12-13; ECF No. 105, at Page 23; ECF No. 244, at Page 6.)  As the Seventh Circuit held in *Schaefer v. Walker Bros. Enters.*, this so-called fifth requirement of § 531.59(b) "does not add anything to the worker's fund of knowledge" if an employer provides the first four pieces of information. 829 F.3d 551, 556 (7th Cir. 2016).  Plaintiff has never articulated what actual harm she, or any other member of the collective or class action suffered as a consequence of being deprived of this one piece of information.  Denny's thus urges the Court to reconsider its previous decision regarding Article III standing in light of *Ramirez* and the recent New York decisions applying the *Ramirez* court's reasoning to wage notice claims like those involved here.

Denny's also asks this Court to revisit the legal standard applicable to both FLSA and PMWA Notice Claims for purposes of assessing the adequacy of the notice provided by the Employee Tip Credit Notification ("ETCN") form (ECF No. 239-1, at Page 105), and the Employee Information Sheet ("EIS"), in conjunction with the other documentation used by Denny's' Pennsylvania managers between July 2011 and December 2016 (ECF No. 239, Joint Stipulated Facts, at Page 5, ¶ 18; ECF No. 239-1, at Page 141).  Under pre-§ 531.59 federal precedent, an employer was obligated to "inform the employee that it intend[ed] to treat tips as satisfying part of the employer's minimum wage obligation," i.e., of their intent to take a tip

3

credit towards the employer's minimum wage obligations.  *See Kilgore v. Outback Steakhouse*, 160 F.3d 294, 298 (6th Cir. 1998).  Denny's was unable to locate any reported decision prior to the promulgation of § 531.59 in which a court found that an employer failed to provide adequate notice because it did not inform employees "that the tip credit shall not apply to any employee who has not been informed of the requirements" of § 203(m).  This Court held in its decision on the parties' cross-motions for summary judgment that § 531.59 did not change an employer's disclosure obligations under § 203(m).  (ECF No. 72, at Page 11.)  The Court's holding that § 531.59 did not change the law, but that Denny's could not rely on pre-regulation case law that found disclosures without the fifth piece of information adequate, is incongruous.

Further, Denny's requests that the Court reconsider its determination that § 531.59 should govern the interpretation of the PMWA's disclosure obligations, despite the Pennsylvania Department of Labor & Industry's failure to adopt an analogous regulation after 12 years, in light of the Pennsylvania Supreme Court's decision in *Heimbach v. Amazon.com, Inc.*  That case stands for the proposition that the PMWA "must be interpreted in accordance with its own specific terms . . ."  255 A.3d 191, 202 (Pa. 2021).  Instead, Denny's posits that the applicable standard for compliance with the PMWA's tip credit notice provision is found in *Golfview Manor, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 51 Pa. Commw. 323, 329, 414 A.2d 722, 725 (1980), and pre-regulation federal case law, such as *Schaefer*.

In sum, the undisputed facts in the record demonstrate that Denny's consistently provided the substantive information required by the FLSA and PMWA tip-credit notice provisions.  Consequently, Plaintiff's Notice Claims—if successful—would impose a substantial monetary penalty against Denny's for a mere procedural violation, resulting in a financial windfall to Plaintiff and the collective and class members, divorced from any public policy

4

served by the disclosure requirements of the FLSA and PMWA. Denny's therefore respectfully requests that the Court grant its motion, and enter summary judgment on all of Plaintiff's remaining claims in its favor.

## II.      PROCEDURAL BACKGROUND

Ms. Wintjen filed her lawsuit against Denny's on January 22, 2019 on behalf of herself and "'Tipped Employees' who work or have worked at restaurants operating under the trade name Denny's that are owned and operated and/or managed by Defendant Denny's Corporation . . . and have been subject to the unlawful practices detailed [in the Complaint]." (Compl., ECF No. 1, ¶ 1.)[1] Following a period of discovery, the parties filed cross-motions for summary judgment on July 6, 2020. (ECF Nos. 54 & 57.) As pertinent here, Plaintiff moved for summary judgment on both her FLSA and PMWA Notice Claims, while Denny's moved only on Plaintiff's FLSA Notice Claim. (ECF Nos. 54, 55, 57 & 58.) Denny's opposed Plaintiff's motion as to her PMWA Notice Claim based on the rule against one-way intervention. (ECF No. 60.)

The Court granted Plaintiff's motion on her FLSA Notice Claim and denied it as to her PMWA Notice Claim based on the rule against one-way intervention. (ECF No. 72, Opinion.) For the FLSA Notice Claim, the Court held that there was no issue of material fact that Denny's had failed to provide Wintjen with the fifth piece of information prescribed by § 531.59(b), i.e., "that the tip credit shall not apply to any employee who has not been informed of the requirements in this section." (ECF No. 72, at Page 12-13.)

---

[1] Ms. Wintjen further limited the scope of the class on whose behalf she sued to "[a]ll current former Tipped Employees who have worked for Defendant in the Commonwealth of Pennsylvania . . ." (Compl., ¶¶ 10-11.)

Following the Court's summary judgment decision, Plaintiff sought certification of a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of her claim that Denny's failed to provide adequate notice of its intention to claim a tip credit for purposes of the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101, *et seq.* (ECF Nos. 89 and 90.) She also sought conditional certification of an FLSA collective action under 29 U.S.C. § 216(b) for both of her FLSA claims. (ECF No. 91.)

The Court granted conditional certification of an FLSA collective action, and certified a Fed. R. Civ. P. 23 class on November 18, 2021. (ECF Nos. 105 & 106.) Following notice and an opt-in/opt-out period, the parties engaged in additional class discovery. After the close of discovery the parties reached a settlement of Plaintiff's FLSA and PMWA excessive side-work claims, leaving only her class and collective Notice Claims. (ECF No. 235.) Plaintiff moved for final certification of her FLSA Notice Claim (ECF No. 226), and Denny's moved to decertify the Rule 23 class (ECF No. 231). The Court granted Plaintiff's motion on July 13, 2023, modifying the Rule 23 class definition as follows:

> All Tipped Employees who worked for Denny's, Inc., in the Commonwealth of Pennsylvania at any point between January 22, 2016 and August 1, 2019, and were hired prior to January 1, 2019. *Excluded from this Class are any individuals for whom Defendant has produced an executed copy of the 2011 Employee Tip Credit Notification form.*

(ECF No. 244, at Page 11.) The court similarly modified the FLSA collective action definition to exclude "*any individuals for whom Defendant has produced an executed copy of the 2011 Employee Tip Credit Notification form.*" (*Id.* at Page 6.)[2] The Court's decision to finally certify an FLSA collective action and deny decertification of the Rule 23 class hinged on the Court's

---

[2] Those forms are appended to the parties' Joint Stipulated Facts as Exhibit 6. (ECF No. 239-1, at Page 105.)

6

conclusion that class and collective members were similarly situated by virtue of Denny's' alleged failure to provide the fifth piece of information prescribed by § 531.59(b).

## III. ARGUMENT

Denny's moves this Court for summary judgment on Plaintiff's Notice Claims pursuant to Fed. R. Civ. P. 56, as there is no genuine dispute as to any material fact, and Denny's is entitled to judgment as a matter of law.

### A. Standard of Review

"Summary judgment will be proper 'if the pleadings, depositions, answers to interrogatories . . . show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 184 (3d Cir. 2014). "When an employee brings a claim under the FLSA, he ordinarily bears 'the burden of proving that he performed work for which he was not properly compensated.'" *Id.* at 188 (citation omitted).

Although this Court has previously entered summary judgment on Plaintiff's FLSA Notice Claim, it is free to reconsider that decision. *Martin v. Port Auth. Transit*, 115 Fed. App'x 556, 560 (3d Cir. 2004) (citing *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cit. 1994)). Indeed, "[t]he pre-trial rulings of a trial court may be reconsidered not only during pre-trial proceedings, but even after trial." *Martin*, 115 Fed. App'x at 560.

Additionally, the Court has only entered judgment on Plaintiff's FLSA Notice Claim. As such, the Court has not yet considered a motion for summary judgment on Plaintiff's PMWA Notice Claim, although it addressed legal arguments in the context of motions directed at Rule 23

7

certification. (ECF No. 105.) In raising arguments previously asserted in the context of certification briefing, and which the Court rejected, Denny's does not seek reconsideration of the Court's decisions on those motions, but re-presents those arguments so that the Court may consider them in the context of the summary judgment standard.

> **B.     Plaintiff, and the members of the FLSA collective action, have not suffered a concrete harm flowing from Denny's' failure to supply the "fifth" piece of information prescribed by § 531.59(b) under *TransUnion LLC v. Ramirez***

Through prior briefing, and as made clear in the Court's decisions on summary judgment and certification, Plaintiff's Notice Claims turn on Denny's' alleged failure to provide the fifth piece of information prescribed by 29 C.F.R. § 531.59(b), i.e., "that the tip credit shall not apply to any employee who has not been informed of the requirements" of § 203(m).

To establish Article III standing, "a 'plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Kamal v. J. Crew Group, Inc.*, 918 F.3d 102, 110 (3d Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). To establish the first element, a plaintiff must show "an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." *Kamal* at 110 (quoting *Spokeo* at 1548).

As an initial matter, the requirements of Article III standing apply with equal force to federal claims and state law claims, as well as to class actions. *See Ramirez*, 141 S. Ct. at 2208 (analyzing Article III standing in the context of Fair Credit Reporting Act claim, and holding that "[e]very class member must have Article III standing in order to recover individual damages"); *Lundy v. Hochberg*, 91 Fed. App'x 739, 741 (3d Cir. 2003) ("Before addressing the

merits of the parties' allegations in this appeal, we must satisfy ourselves that it was appropriate for an Article III court to consider the state law claims . . ."). *See also Deng*, 2022 U.S. Dist. LEXIS 206390, at *19 (finding that plaintiff lacked article III standing to bring New York wage notice claim). And because the injury alleged by Plaintiff and the members of the collective and class is the same—failure to receive fifth piece of information prescribed by § 531.59(b)—the standing inquiry for both is the same.

In *Ramirez*, the Supreme Court explained that "even though 'Congress may "elevate" harms that "exist" in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is.'" 141 S. Ct. at 2205 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)). As such, "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Ramirez*, 141 S. Ct. at 2205. "'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'" *Id.* (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)).

In terms of the kinds of injuries that may satisfy the injury-in-fact requirement, the Supreme Court has identified physical and monetary harms, as well as intangible harms "with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Ramirez*, 141 S. Ct. at 2204. Such intangible harms include reputational harms, disclosure of private information, and intrusion upon seclusion. *Id.* But as pertinent here,

9

"[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 2214 (quoting *Trichell*, 964 F.3d at 1004).

The United States District Court for the Eastern District of New York applied these principles to New York's wage notice statutes, NYLL §§ 193, 195. *Deng*, 2022 U.S. Dist. LEXIS 206390 at *19-26. As the *Deng* court explained, "NYLL § 195(1) requires employers to provide to new employees a wage notice at the time of hiring . . . that set forth the employee's rate of pay, allowances, and various other information relating to the computation of plaintiff's pay." *Id.* An employer who fails to provide an employee with this information is liable to the employee for $250 per work day up to a maximum of $5,000 under NYLL § 198(1-b). In finding that a plaintiff-employee lacked standing to assert a claim to recover these damages, the district court held that the plaintiff contained "no allegations that she was somehow injured merely because of the failure to provide the required notice and statements" *Deng*, 2022 U.S. Dist. LEXIS 206390 at *25.

Another judge of the Eastern District of New York reached the same conclusion. *You Qing Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2022 U.S. Dist. LEXIS 57481, at *35 (E.D.N.Y. Mar. 29, 2022). There, the district court held that "[a]lthough the evidence establishes by a preponderance that Defendants failed to provide plaintiff with required notices under the NYLL, Plaintiff lacks standing to recover on those claims"; reasoning that "[t]echnical statutory violations that do not lead 'to either a tangible injury or something akin to a traditional cause of action,' cannot confer Article III standing in federal court." *Id.* (quoting *Francisco v. NY Tex. Care, Inc.*, No. 19-CV-1649, 2022 U.S. Dist. LEXIS 55633, at *7 (E.D.N.Y. Mar. 28, 2022) (citing *Ramirez*, 141 S. Ct. at 2205)).

10

For this case to proceed, Wintjen must demonstrate that she has standing to bring her Notice Claims for purposes of Article III. *See Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 359 (3d Cir. 2015) (holding that at least one named class representative must have Article III standing to pursue a Rule 23 class action). Her theory of standing in this case is that by Denny's alleged failure to inform her "that the tip credit shall not apply to any employee who has not been informed of the requirements" of § 203(m), she suffered an injury-in-fact sufficient to satisfy Article III.

Prior to the *Ramirez* decision, and the above-cited Eastern District decisions, the Court held that Plaintiff did "not seek redress for a purely technical violation of the FLSA or a mere 'informational injury;' rather, Plaintiff is seeking recovery for monetary harm." (ECF No. 72, at Page 14.) But *Ramirez* makes clear that this analysis is incomplete. As the *Ramirez* Court emphasized, "we cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." 141 S. Ct. at 2205. Here, the court must separate Wintjen's statutory cause of action to sue Denny's because it allegedly claimed a tip credit without providing the fifth piece of information from whether Wintjen—who unquestionably received more than minimum wage by virtue of her employment with Denny's—suffered a concrete harm because she did not receive this information. *Id.* ("an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law"). Wintjen did not suffer a monetary harm, as she earned more than minimum wage working at Denny's during the entirety of her employment. The "monetary harm" she has identified, and which the Court found, stems solely from the technical violation of the statute, for which she seeks an additional $4.42 per hour for every hour worked, despite having earned more than minimum

11

wage through tips. This additional $4.42 per hour to which Plaintiff claims she and other members of the collective and class are entitled represents a penalty against Denny's, not a recovery of any monetary loss, i.e., harm, suffered by Plaintiff.

It is worth noting that a finding that Wintjen lacks Article III standing does not foreclose enforcement of the disclosure requirements by the Department of Labor, which is not governed by the same Article III constraints. *See Reich v. Chez Robert, Inc.*, 28 F.3d 401 (3d Cir. 1994) (enforcement action by Department of Labor to enforce tip credit notice requirements); 29 U.S.C. § 216(c) (authorizing Secretary of the Department of Labor to bring actions to recover unpaid minimum wages). But *Ramirez* forecloses enforcement of mere technical violations of the FLSA by private plaintiffs absent a showing of concrete harm.

Accordingly, in light the Supreme Court's decision in *Ramirez*, and subsequent decisions applying that decision to state law wage notice claims, Denny's respectfully requests that the Court enter judgment in its favor on the Notice Claims for lack of standing under Article III.

**C.     Denny's gave adequate notice of its intention to claim a tip credit for purposes of the PMWA**

In granting Plaintiff's Motion for Class Certification, the Court rejected Denny's argument that the PMWA should not be construed to incorporate the requirement of 29 C.F.R. § 531.59, and that the PMWA required only that an employee: (1) know that the employer is taking a tip credit; and (2) directly receives the tips. (ECF No. 99, Denny's, Inc.'s Mem. in Opp. to Pl. Juli Wintjen's Motion for Class Certification (Doc. 89) (citing *Golfview Manor*, 414 A.2d at 725).) One of the Court's rationales for construing the PMWA to require the disclosures prescribed by 29 C.F.R. § 531.59 was its reliance on "the general proposition that the PMWA

12

should be interpreted in light of parallel provisions found in the FLSA." (ECF No. 105, at Page 12.)

Denny's incorporates here the same arguments made in its opposition to Plaintiff's Rule 23 certification motion for purposes of preserving them in any appeal. (ECF No. 99, at Page 7-13.) Denny's also noted that its position that the PMWA and FLSA need not be interpreted coextensively is bolstered by the Pennsylvania Supreme Court's decision in *Heimbach*, which stands for the proposition that the PMWA "must be interpreted in accordance with its own specific terms . . ." 255 A.3d at 203.

Although the Court has previously addressed the sufficiency of the notice information provided by Madeleine Weinel, and found it deficient due to the failure to provide the fifth piece of information, it has not addressed the sufficiency of the other tip credit notification processes employed by Denny's during the limitations period. Denny's thus addresses each in turn.

    1.  <u>The ETCN form provides adequate notice for purposes of the PMWA</u>.

The ETCN, employed by Denny's in July 2011 following the promulgation of § 531.59 contains the following language: "The tip credit shall not apply unless you have been informed of the provisions of [Section 203 (m)]." (ECF No. 239-1, at Page 105.) This language substantially mirrors the language of the fifth requirement in § 531.59, and Plaintiff has conceded as much. Accordingly, any employee who received this form has received adequate notice for purposes of the PMWA.

### 2.     The EIS form provides adequate notice for purposes of the PMWA.

Although the EIS does not contain the disclosure "that the tip credit shall not apply to any employee who has not been informed of the requirements" of § 203(m), its purpose to comply with § 203(m) is clear.  The form specifically provides that "[t]his is to inform you that the company will be utilizing the tip credit provided under the Fair Labor Standard Act and/or applicable state law."  (ECF No. 239-1, at Page 141.)  The EIS also contains the first and second requirements, while the third and fourth were disclosed through onboarding documents during orientation as testified to in Madeleine Weinel's declaration. (ECF No. 239-1, at Page 7, ¶ 31.)

In terms of the EIS process's sufficiency, the language in the EIS tracks language in federal case law.  In *Kilgore*, that court held that "an employer must inform the employee that it intends to treat tips as satisfying part of the employer's minimum wage obligation."  160 F.3d at 298.  Similarly, in *Perez v. Lorraine Enters.*, the First Circuit held that an employer must take "affirmative steps to inform affected employees of the employer's intent to claim the tip credit." 769 F.3d 23, 27 (1st Cir. 2014).

Notably, no pre-§ 531.59 federal case law provides that the fifth disclosure is required to satisfy § 203(m), and the only Pennsylvania case law addressing the notice requirements makes no mention of this requirement.  Given the substantive information disclosed in the EIS and other onboarding documentation used at the time, the Court should find that the EIS, in conjunction with the other disclosures provided to new employees, satisfied the PMWA as a matter of law.

Further, although the EIS does not provide the fifth piece of information prescribed by § 531.59 verbatim, it is implicit in Denny's statement that the EIS is for the purpose of complying with the FLSA. It puts an employee on notice that Denny's is making the disclosure for the purpose of complying with federal or state law, and that there would be consequences if Denny's failed to make the disclosure.

### D. Denny's gave adequate notice of its intention to claim a tip credit for purposes of § 203(m) of the FLSA

"An employer can utilize the tip credit only when: 1) an employer informs the employee that a tip credit is being utilized and the amount of such a credit; 2) the employee makes tips equaling the tip credit amount and 3) the employee retains all tips collected." *Ford v. Lehigh Valley Rest. Group, Inc.*, No. 3:14cv227, 2014 U.S. Dist. LEXIS 92801, at *6 (M.D. Pa. July 9, 2014). In its prior decision on summary judgment, the Court held that disclosure of all five pieces of information prescribed by § 531.59 was required for an employer to satisfy its notification obligations under § 203(m). (ECF No. 72, at Page 13.) In reaching this holding, the Court also held that § 531.59 did not change an employer's disclosure obligations under § 203(m).

If § 531.59 effectuated no change in the law, then Denny's is entitled to rely on case law where the fifth piece of information was not required to demonstrate its compliance with § 203(m). *See Schaefer,* 829 F.3d at 558 (holding that employee handbook and poster combined to supply workers with the pieces necessary to comply with tip-credit notice requirement); *McDougle v. Dakota of Rocky Hill, LLC*, No. 3:17-cv-00245, 2019 U.S. Dist. LEXIS 168294, at *15 (D. Conn. Sept. 30, 2019) (concluding on a motion for class certification that a restaurant-employer's "orientation process, internal policies, and wage posters collectively

15

notified its servers of the five tip credit provisions"); *Calabrese v. TGI Friday's Inc.*, No. 16-cv-0868, 2017 U.S. Dist. LEXIS 181598, at *4-5 (E.D. Pa. Nov. 2, 2017) (granting summary judgment to employer on tip-credit claim based on a combination of information provided to the employee in the form of discussions with his managers during the interview process; computerized training; employee handbook review; and labor law posters).  Under such case law, Madeleine Weinel's disclosures were more than adequate.

If the 2011 regulation did change an employer's obligations, then it is not a permissible interpretation of § 203(m), as the statute is clear.  *See Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2291 n. 9 (2021).  As the *Schaefer* court found, the fifth requirement "does not add anything to the worker's fund of knowledge" if the other four pieces of information are disclosed.  829 F.3d at 556.  Rather, § 203(m) provides that subsections (m)(1) and (2) "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."  The language constituting the "fifth" piece of information under the regulation imposes the disclosure requirement.  It is not information about the limitations on an employer's ability to take the tip credit, which are potentially useful to an employee.  As § 203(m) is clear, the court owes no deference to § 531.59, and need not find deficient notice merely due to the absence of the fifth piece of information.

        1.    <u>The ETCN form provides adequate notice for purposes of the FLSA</u>.

As explained above, the ETCN form contains language mirroring the language of § 531.59, including the fifth piece of information.  Plaintiff does not contest the adequacy of the ETCN, and accordingly, any employee who received this form has received adequate notice for purposes of the FLSA.

        2.       <u>The EIS form provides adequate notice for purposes of the FLSA.</u>

As set forth above, the EIS provides adequate notice of Denny's' intention to take a tip credit for purposes of § 203(m) for the same reasons that it satisfies the FLSA.

Additionally, the EIS clearly satisfies the first element of the three-part test set forth in the *Ford* case, which is that "an employer informs the employee that a tip credit is being utilized and the amount of such a credit." 2014 U.S. Dist. LEXIS 92801 at *6. The other two elements of that test are satisfied through other disclosures made by Madeleine Weinel, and notably, the test does not include a requirement that an employer disclose the fifth piece of information. Such case law further reinforces Denny's' position that the regulation did not change employers' obligations under § 203(m), and that its disclosures clearly satisfy long-standing federal case requirements.

**IV.**       <u>**CONCLUSION**</u>

For the reasons set forth above, in support of its Motion for Partial Summary Judgment (ECF Nos. 57, 58, 64), and in opposition to Plaintiff's Motion for Class Certification (ECF No. 99), Plaintiff respectfully requests that the Court grant its motion and enter judgment on all of Plaintiff's remaining claims in its favor.

Respectfully submitted,

**FARUKI PLL**

/s/ Darren W. Ford
Darren W. Ford (admitted *pro hac vice*)
201 E. Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0313
Email: dford@ficlaw.com

and

**BRICKER GRAYDON LLP**

Kent Wellington (admitted *pro hac vice*)
Michael A. Roberts (admitted *pro hac vice*)
Kellie A. Kulka (admitted *pro hac vice*)
312 Walnut St., Suite 1800
Cincinnati, OH  45202
Telephone:     (513) 621-6464
Facsimile:     (513) 651-3836
Email:  kwellington@brickergraydon.com
            mroberts@ brickergraydon.com
            kkulka@brickergraydon.com

and

**VORYS, SATER, SEYMOUR AND PEASE LLP**

Lauren L. Matthews (Pa. #322469)
500 Grant Street, Ste. 4900
Pittsburgh, PA  15219
Telephone:  (412) 904-7721
Facsimile:  (412) 904-7818
Email: lmathews@vorys.com

*Attorneys for Denny's Inc.*

4872-1297-0357.1