IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN, *on behalf of herself and others similarly situated,*<br><br>          Plaintiff,<br><br>     v.<br><br>DENNY'S INC.,<br><br>          Defendant. | 2:19-CV-00069-CCW |

## OPINION

Before the Court are cross-motions for summary judgment filed by Plaintiff Juli Wintjen, ECF No. 249, and Defendant Denny's, Inc., ECF No. 252. For the reasons set forth below, Ms. Wintjen's Motion for Summary Judgment will be **GRANTED IN PART** and **DENIED IN PART**, and Denny's' Motion for Summary Judgment will be **DENIED**.

**I.     Background**

In this hybrid class/collective action, Ms. Wintjen asserts a claim on behalf of herself and other individuals employed by Denny's in a tipped capacity under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.*[1] Ms. Wintjen alleges that Denny's violated its minimum wage obligation because it failed to properly notify its tipped employees that it would claim a tip credit and therefore paid them sub-minimum wage. The following facts are undisputed unless otherwise noted.

---

[1] Originally, Ms. Wintjen also asserted a claim that Denny's had violated wage-and-hour laws when it asked its servers to perform excessive side-work. However, the parties have since resolved this claim and received the Court's approval of the settlement agreement. ECF No. 234.

1

Denny's is a restaurant chain that operates nationwide. ECF Nos. 251 ¶ 5, 258 ¶ 5. Between January 22, 2016 and August 1, 2019, Denny's owned 13 restaurants in Pennsylvania. ECF Nos. 251 ¶ 6, 258 ¶ 6. Denny's corporate-owned restaurants in Pennsylvania have similar operations. ECF Nos. 251 ¶¶ 9–12, 258 ¶¶ 9–12. Specifically, these restaurants share common management, employees, labor policies and practices, payroll administration, and human resources services. ECF Nos. 251 ¶¶ 9–10, 258 ¶¶ 9–10.

In addition, when training its new servers, Denny's employs a uniform system. ECF Nos. 251 ¶¶ 13–14, 258 ¶¶ 13–14. Denny's provides the same onboarding process, so that all servers receive the same information. ECF Nos. 251 ¶ 13, 258 ¶ 13. During this process, Denny's' managers use a written orientation checklist to onboard new servers. ECF Nos. 251 ¶ 14, 258 ¶ 14. It is undisputed that, as early as January of 2016, Denny's was aware of 29 U.S.C. § 203(m), the FLSA provision related to the tip credit, and 29 C.F.R. § 531.59(b), the accompanying regulation that sets forth the five pieces of information to include in the tip credit notice. ECF Nos. 251 ¶¶ 26–27, 258 ¶¶ 26–27. Denny's asserts that it provided tip credit information "orally by the manager and/or trainer responsible for onboarding, and through written materials" including "employee paystubs; state and federal labor law posters; the Employee Guidebook; and the "Important Wage and Hour Policies Summary and Acknowledgement Form." ECF Nos. 251 ¶ 31, 258 ¶ 31.

*The Employee Tip Credit Notification*

On July 26, 2011, Denny's circulated a form titled the "Employee Tip Credit Notification" (the "Tip Credit Notice") to its managers in Pennsylvania. ECF Nos. 251 ¶ 15, 258 ¶ 15. Along with the Tip Credit Notice, Denny's attached a memo that noted "[t]he U.S. Department of Labor has amended its tip credit notice regulations to require employers to inform tipped employees of

2

certain information." ECF Nos. 251 ¶ 16, 258 ¶ 16; *see also* ECF No. 251-6 at 2. Denny's Ms. Kit Linder[2], who was employed as a manager in its Human Resources Department, compiled a list of all servers for whom a pre-addressed copy of the Tip Credit Notice was created. ECF Nos. 258 ¶ A.1[3], 265 ¶ 1. A Tip Credit Notice was created for each of the tipped employees on the list and was sent to the appropriate restaurant via intercompany mail. ECF Nos. 258 ¶¶ A.2-A.3, 265 ¶¶ 2–3. Ms. Linder does not recall being notified by Denny's Payroll Department or any general restaurant manager that a tipped employee on the list did not receive a Tip Credit Notice. ECF Nos. 258 ¶ A.4, 265 ¶ 4. There are ten (10) collective action members whose names appear on the Tip Credit Notice list but from whom Denny's does not have a signed Tip Credit Notice: Patricia Keller, Rosemary Clark, Susanna Kibler, Sherry Chess, Teresa Stoudt, Gretchen Schumann (née Cochran), Sarah Gower, Kristen Burns (née Margie), Brent Rodgers and April Howard (collectively, the "Notice List Employees"). ECF Nos. 258 ¶ A.5 (a)-(j), 265 ¶ 5. It was Denny's' expectation that an employee would sign the Tip Credit Notice and that signed form would then be placed in the employee's personnel file. ECF No. 265 ¶ A.[4] The parties dispute whether the Notice List Employees received a copy of the Tip Credit Notice. ECF Nos. 251 ¶ 18, 265 ¶ 3. It is undisputed that the Tip Credit Notice contains all five elements required by the FLSA. ECF

---

[2] Ms. Wintjen objects to the Declaration of Ms. Kit Linder on the basis that it was not disclosed during discovery, ECF No. 265. However, she does not cite any legal authority for her objection and the case law consistently shows that Courts routinely consider post-discovery declarations on summary judgment when the declarant has been previously disclosed as a witness. *Mastrella v. DeJoy*, Civ. A. No. 1:20-cv-1135, 2023 WL 5489031, at *1 n.2 (M.D. Pa. Aug. 24, 2023); *Riemensnyder v. Paragon Sys.*, No. 3:20-cv-109, 2022 WL 1123187, at *3–4 (M.D. Pa. April 14, 2022). Accordingly, Ms. Wintjen's objection to the Declaration is overruled.

[3] Denny's' additional material facts at issue restarted the numbering, thus, there are duplicative paragraph numbers within ECF No. 258. For ease of reference, the Court has placed an "A" before the paragraphs in the "Additional Material Facts at Issue" section.

[4] Because Denny's did not file a response to Ms. Wintjen's additional material facts at issue, ECF 265, this fact is deemed admitted.

Nos. 251 ¶ 32, 258 ¶ 32.  However, Denny's did not ultimately adopt the Tip Credit Notice form as its standard tip-credit notice.  ECF Nos. 251 ¶ 18, 258 ¶ 18.

*The Employee Information Sheet*

Instead, from July 26, 2011 until December 28, 2016, Denny's used a form titled the "Employee Information Sheet" ("Information Sheet") as its standard tip credit notice.  ECF Nos. 251 ¶ 19, 258 ¶ 19, 253 ¶ 11, 257 ¶ 12.  The Information Sheet contained the following language: "This is to inform you that the company will be utilizing the tip credit provided under the Fair Labor Standard Act and/or applicable state law."  ECF Nos. 253 ¶ 11, 257 ¶ 12.  It is undisputed that the Information Sheet did not contain the fifth element required by the FLSA.  ECF Nos. 251 ¶ 32, 258 ¶ 32.

*The Madeleine Weinel Declaration*

From December 28, 2016 until August 1, 2019, Denny's managers provided to new servers, either orally or in writing, information related to the tip credit as described by Madeleine Weinel's declaration.  ECF Nos. 251 ¶ 20, 258 ¶ 20; *see* ECF No. 255-4 at 1–2.  Ms. Weinel, who worked as a manager for Denny's, noted that as part of her written orientation checklist that had been approved by Denny's, there was a section titled "Tip Credit Information."  ECF No. 255-4 ¶¶ 4–7.  It is undisputed that the written orientation checklist failed to advise the servers that the tip credit will not apply to any employee who has not been informed of the FLSA's tip-credit requirements.  ECF Nos. 251 ¶ 33, 258 ¶ 33; *see also* ECF No. 255-4 ¶ 7 (listing only four pieces of information in the written orientation checklist).

*The Important Information for Tipped Employees*

Beginning January 1, 2019, Denny's required new servers to acknowledge receipt of a document titled "Important Information for Tipped Employees."  ECF Nos. 251 ¶¶ 22–23, 258 ¶¶

22–23.  Prior to 2019, Denny's did not provide any of its new servers the Important Information for Tipped Employees document.  *Id.* ¶ 23.  It is undisputed that the Important Information for Tipped Employees document contains all five elements required by the FLSA.  ECF Nos. 251 ¶ 33, 258 ¶ 33.

### B. Procedural History

During this litigation, the Court has issued a number of rulings that are relevant to the parties' Motion, which the Court now summarizes.

#### 1. The Court's Summary Judgment Ruling

On February 25, 2021, the Court granted summary judgment in Ms. Wintjen's favor, on her individual claim, on the issue of whether Denny's complied with the tip credit notice provisions of the FLSA.  ECF No. 72.  First, the Court held that in order to comply with the FLSA's tip notice requirement, an employer is required to provide all five pieces of information in § 203(m).  ECF No 72 at 8–12.  Second, the Court held that based on the undisputed facts before it, Denny's failed to provide Ms. Wintjen with adequate tip-credit notice because "there is no real debate, and the record is clear, that [Denny's] did not inform its Pennsylvania servers, including [Ms. Wintjen], of item [5], i.e. that the tip credit would not apply to any employee who had not received notice until it issues its 'Important Information for Tipped Employees' notice in January of 2019."  *Id.* at 12.  In resolving the parties' Motions for Partial Summary Judgment, the Court found that Denny's' written materials—i.e., the onboarding checklists, the Employee Guidebook, Wage and Hour Acknowledgement, etc.—were insufficient to satisfy Denny's' tip credit notice obligation under the FLSA.  *See* ECF No. 72 at 12–13.  The Court further found that Ms. Weinel's declaration confirms that Ms. Weinel did not verbally provide Ms. Wintjen with complete tip credit notice.

5

*See id.* Because Ms. Wintjen was hired in 2017, the Court did not need to address Denny's use of the Tip Credit Notice or the Information Sheet.

By contrast, the Court denied Denny's' motion for summary judgment, which sought a ruling in Denny's' favor on the FLSA claims and a dismissal without prejudice on the PMWA claims. *Id.* at 1–2, 21. Importantly, Denny's also challenged whether Ms. Wintjen had established Article III standing to bring suit, arguing that she has not "suffered any concrete injury fairly traceable to the alleged deficient notice," and that because she received tips, thereby satisfying minimum wage, she has only alleged a mere "informational injury" which fails to establish standing. ECF No. 58 at 12–14. In rejecting Denny's standing arguments, the Court ruled that Ms. Wintjen's tip credit notice claim "does not seek redress for a purely technical violation of the FLSA or a mere 'informational injury'" but rather that Ms. Wintjen was seeking recovery for a monetary harm—i.e., Defendant's failure to provide the tip credit notice prior to taking the tip credit. ECF No. 72 at 14. Because Denny's did not pay Ms. Wintjen the full minimum wage, she suffered a concrete, financial injury. *Id.*

In the same Opinion, the Court declined to grant summary judgment in Ms. Wintjen's favor on her PMWA claim because a class had not yet been certified and ruling on her PMWA claims would be inappropriate under the rule against one-way intervention. *Id.* at 4–5.

### 2. The Court's Class Certification Ruling

Following the Court's Summary Judgment Ruling, and an unsuccessful mediation, Ms. Wintjen moved to certify a Pennsylvania class under the PMWA and to conditionally certify an FLSA collective action regarding her tip credit notice claim. ECF Nos. 89, 91. In opposing such relief, Denny's argued that Ms. Wintjen lacked Article III standing to pursue the PMWA claim and that the PMWA incorporated a less demanding tip credit notice standard than the FLSA. ECF

No. 105 at 6. As for standing, the Court found that Denny's argument as to the PMWA tip credit claim was "functionally identical to the argument Denny's made at summary judgment regarding Ms. Wintjen's FLSA tip credit claim." *Id.* Accordingly, the Court reiterated that it has "already considered—and rejected—this argument" and concluded that "for the reasons set forth at summary judgment,[] Ms. Wintjen has Article III standing to pursue her PMWA tip credit notice claim." *Id.* The Court also reaffirmed its ruling that § 203(m) of the FLSA requires an employer to provide a tip credit notice that contains all five pieces of information, rejected Denny's argument that the PMWA contains a "less rigorous" notice requirement and held that the PMWA tip credit notice provision "substantially parallels" the FLSA and the two are to be interpreted the same. *Id.* at 13. Accordingly, the Court conditionally certified the collective action and certified the class action. ECF No. 105.

### 3. The Court's Willfulness Ruling

Following the Court's certification of the collective action and class, and a second phase of discovery, Ms. Wintjen moved for a finding that Denny's violation of the FLSA and PMWA was willful. ECF No. 171. On August 25, 2022, the Court denied Ms. Wintjen's motion for willfulness finding and held that, at a minimum, Denny's "distribution of Fact Sheet #15 to managers is sufficient to raise a triable issue as to whether Denny's 'recklessly disregarded' its tip credit notice obligations. As such, the Court finds that a reasonable jury could conclude that Denny's did not willfully violate the FLSA." ECF No. 192 at 4.

### 4. The Court's Final Certification of the Collection Action Ruling

At the request of Ms. Wintjen, the Court excluded certain opt-in plaintiffs who had signed the Tip Credit Notice because Ms. Wintjen argued that such opt-ins could not state a claim for

violation of the FLSA or PMWA. ECF No. 244 at 5. On July 13, 2023, the Court finally certified the following FLSA collective:

> All Tipped Employees who worked for Denny's, Inc., in the Commonwealth of Pennsylvania at any point between January 22, 2016 and August 1, 2019, and were hired prior to January 1, 2019. *Excluded from this Class are any individuals for whom Defendant has produced an executed copy of the 2011 Employee Tip Credit Notification form.*

ECF No. 244 at 11.

## II. Standard of Review

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains with 'the moving party regardless of which party would have the burden of persuasion at trial.'" *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). Furthermore, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that

burden.'" *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586–87 (internal quotation marks omitted) (finding that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). Thus, while "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings" and point to "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). But while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal quotation marks omitted). Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id.* (cleaned up).

"Where, as here, cross-motions for summary judgment are filed, 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, Civil Action No. 19-2184, 2020 WL 2404904, at *3 (E.D. Pa. May 12, 2020) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016)).

### III. Legal Analysis

In her Motion, Ms. Wintjen argues that the class and collective action members are entitled to summary judgment in their favor because (1) Denny's violated the FLSA and PMWA by failing

to provide sufficient tip credit notice, (2) Denny's FLSA violation was willful, and (3) Ms. Wintjen and the collective members are entitled to liquidated damages under the FLSA. ECF No. 250. In response, Denny's argues that its tip credit notice was adequate and that genuine issues of material fact preclude summary judgment on the issues of willfulness and liquidated damages. ECF No. 260.

In its Motion, Denny's asks the Court to revisit its prior rulings, arguing that (1) Ms. Wintjen, the class members and the collective action members lack standing because they have only alleged an informational injury, and (2) that it gave adequate notice under the PMWA and FLSA because they do not require the fifth piece of information. ECF No. 254. In addition to addressing Denny's arguments substantively, Ms. Wintjen and the class and collective action members respond that the law of the case doctrine applies and forecloses Denny's arguments. ECF No. 256. Because Denny's asks the Court to reconsider its prior rulings, the Court will first address Denny's Motion for Summary Judgment.

### A.     Denny's Motion for Summary Judgment

#### 1.     The Law of the Case Doctrine Applies

Despite repeatedly requesting this Court to revisit its prior rulings, ECF No. 254 at 3 ("Denny's thus urges this Court to reconsider its previous decision…"), 3 ("Denny's also asks this Court to revisit the legal standard…"), 4 ("Further, Denny's requests that the Court reconsider…"), Denny's argues that the law of the case doctrine does not apply to the Court's prior rulings. Denny's asserts that the Court is free to reconsider its prior decisions, that not all of the Court's prior rulings were at the summary judgment stage, and that all of the Court's prior rulings are interlocutory orders. ECF Nos. 254 at 7–8, 263 at 2. None of Denny's arguments have merit.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in prior stages in the same case." *In re Pharmacy*

*Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (citing *Arizona v. California*, 460 U.S. 605 (1983)). The law of case doctrine was developed to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id.* The doctrine does not restrict a court's power but rather governs its exercise of discretion. *Id.* The law of the case doctrine does not limit the power of a trial judge to revisit issues addressed in interlocutory orders, however, its underlying principles may provide grounds for declining to do so. *In re Le-Nature's, Inc.*, MDL No. 2021, No. 8-1518, 2012 WL 363981, at * 2 (W.D. Pa. Feb. 2, 2012) (Ambrose, J.). The Third Circuit "has recognized several 'extraordinary circumstances' that warrant a court's reconsideration of an issue decided earlier" in the litigation: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997).

No such extraordinary circumstances exist here. Accordingly, the Court exercises its discretion to apply the law of the case doctrine to its prior rulings. Denny's has cited no legal authority for its proposition that the Court's decisions had to be made at the summary judgment stage to be law of the case. Further, the fact that the prior orders are interlocutory is not a bar to the law of the case doctrine applying. *In re Le-Nature's, Inc.*, 2012 WL 363981, at *2. The Court has previously considered—and rejected—the very arguments that Denny's advances and declines to reconsider the issues, for what would be the third time.

    a.  **Plaintiffs have Article III Standing**

Denny's seeks summary judgment in its favor on the issue of standing, contending that Ms. Wintjen and the class and collective action members have only suffered an "informational injury" under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). ECF No. 250. However, the law of the case is that Ms. Wintjen, the Pennsylvania class members and the opt-in plaintiffs have Article III

11

standing for their tip credit notice claims under the FLSA and PMWA. *See supra* pp. 5–7. Denny's has not shown that any of the narrow exceptions to law of the case apply. Moreover, *TransUnion*, which is in applicable because Plaintiffs did not suffer merely an "informational injury", did not constitute a supervening new law. *See Kelly v. RealPage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022) ("In sum, rather than working a sea change to its informational injury jurisprudence, the Supreme Court in TransUnion simply reiterated the lessons of its prior cases…"). Accordingly, the Court will deny Denny's motion for summary judgment on the issue of standing.

### b. The FLSA and PMWA Require Employers to Provide Five Pieces of Information to Invoke the Tip Credit

Denny's next seeks summary judgment on the issue of whether it provided adequate notice under the FLSA and PMWA. Denny's' argument would require the Court to abandon its prior rulings that (1) the FLSA requires employers to provide the five pieces of information in § 203(m) to satisfy the tip credit notice and (2) the tip credit requirements in the FLSA and PMWA are the same. The Court declines Denny's invitation and determines that the law of the case is that the FLSA and PMWA require notice of the five elements in § 203(m). Denny's has not shown that any of the narrow exceptions apply. Nor could it, as Denny's advances the same case law and position as previously asserted, and rejected, by this Court. *Compare* ECF Nos. 58 (relying on *Schaefer v. Walker Bros. Enters., Inc.*, 829 F.3d 551 (7th Cir. 2016), ECF No. 99 (same), *with* ECF No. 254 (same). Accordingly, the Court will deny Denny's motion for summary judgment on this issue.

### 2. Genuine Issues of Material Fact Exist as to Whether the Notice List Employees Received the Tip Credit Notice

While the Court has not yet had occasion to evaluate the completeness of the Information Sheet or the Tip Credit Notice, the Court does not write on a blank slate. As previously stated, it

is the law of the case that the FLSA and PMWA require an employer to provide all five elements of § 203(m). *See supra* p. 12. It is undisputed that the Information Sheet did not contain the fifth piece of information. ECF Nos. 251 ¶ 32, 258 ¶ 32. Accordingly, Denny's motion for summary judgment that the Information Sheet complies with the FLSA and PMWA is denied. It is undisputed that the Tip Credit Notice did contain all five pieces of information required by the FLSA and PMWA. ECF Nos. 251 ¶ 32, 258 ¶ 32. While the Court has excluded any opt-in plaintiff that has acknowledged receipt of the Tip Credit Notice, a dispute remains as to whether the Notice List Employees received the Tip Credit Notice. ECF Nos. 258 ¶ A.5 (a)-(j), 265 ¶ 5. Accordingly, summary judgment is not appropriate as to the limited issue of whether the Notice List Employees did or did not receive the Tip Credit Notice.

### 3. Conclusion

For the foregoing reasons, Denny's Motion for Summary Judgment will be DENIED in full.

### B. Ms. Wintjen's Motion for Summary Judgment
#### 1. The PMWA and FLSA Tip Credit Notice Claim

Ms. Wintjen, on behalf of the class and collective members, seeks summary in her favor that Denny's violated the FLSA and PMWA by failing to provide notice in conformity with § 203 (m). The Court has already found that Denny's' use of the Employee Handbook, postings, the orientation checklist and, now, the Information Sheet, are inadequate under the FLSA and PMWA because they fail to contain the fifth piece of information. *See supra* pp. 5–7, 12. However, it is undisputed that the Tip Credit Notice contains all five elements required by the FLSA and PMWA. ECF Nos. 251 ¶ 32, 258 ¶ 32. A genuine issue of material fact exists as to whether the Notice List Employees received the Tip Credit Notice. ECF Nos. 258 ¶ A.5 (a)-(j), 265 ¶ 5. Accordingly,

summary judgment on the tip credit notice claim under the FLSA is denied as to the Notice List Employees. Summary judgment on the tip credit notice claim under the FLSA and PMWA is granted as to Ms. Wintjen and all other class and collective members.

### 2. The Law of this Case Doctrine Means Willfulness is an Issue for the Jury

Ms. Wintjen next moves for summary judgment on the issue of whether Denny's' violation of the FLSA was willful. However, it is the law of the case that the issue of willfulness is an issue for the jury. *See supra* p. 7. Ms. Wintjen and the collective action members have not shown that any extraordinary circumstances exist. Accordingly, summary judgment as to the issue of willfulness is denied.

### 3. Liquidated Damages

Ms. Wintjen next contends that she and the members of the collective action are entitled to summary judgment on the issue of liquidated damages. Denny's opposes an award of liquidated damages, arguing that it acted in good faith and has reasonable grounds for believing that the fifth piece of information was not required. ECF No. 260 at 17–20. The FLSA provides that an employer who violates 29 U.S.C. § 203(m) "shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although the district court exercises "substantial discretion" on this issue, liquidated damages are considered mandatory. *See Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991) ("Double damages are the norm, single damages the exception . . . ") (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)). Courts consider them compensatory as a way to compensate employees "for losses they might suffer by reason of not receiving their lawful wage at the time it was due." *Id.* at 907 (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir.1982)).

That said, the FLSA allows an employer to avoid paying liquidated damages through the good faith exception. Under this exception, the employer must show that "the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. The employer's burden is "plain and substantial." *Martin*, 940 F.2d at 907. And, while the "good faith requirement is a subjective one that 'requires that the employer have an honest intention to ascertain and follow the dictates of the [FLSA],'" the reasonableness requirement "imposes an objective standard by which to judge the employer's conduct." *Williams v. Tri-Cnty. Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984) (quoting *Marshall*, 668 F.2d at 753). Absent this showing, the court cannot withhold liquidated damages that an employee is entitled to. *See Martin*, 940 F.2d at 907 (citing *Williams*, 747 F.2d at 129). Whether an employer's conduct under the FLSA was in good faith is a mixed question of law and fact. *Walsh v. East Penn Manufacturing Co., Inc.*, 555 F. Supp. 3d 89, 130 (E.D. Pa. 2021).

The Court finds that it would be premature to rule on the issue of liquidated damages. Denny's has presented sufficient evidence of its efforts to comply with the FLSA to survive this motion. Further, since the issue of whether Denny's violation of the FLSA was willful will be left to the jury, so too should the issue of whether Denny's acted in good faith. *Gallagher v. Lackawanna Cnty.*, No. 3:cv-07-0912, 2010 WL 1342922, at *6 (M.D. Pa. Mar. 31, 2010) (denying motion for summary judgment on the issue of liquidated damages where a dispute remained as to whether employer's violation was willful); *Karali v. Branch Banking and Trust Co.*, Civ. A. No. 16-02093, 2018 WL 4676073, at *6 (D.N.J. Sept. 28, 2018) ("a 'finding that the employer willfully violated the FLSA necessarily precludes the Court from finding that the employer acted in good faith'"). The Court will consider whether Ms. Wintjen and the collective

action members are entitled to liquidated damages after the outstanding issues of liability and willfulness are resolved at trial. Accordingly, summary judgment on the issue of liquidated damages is denied.

## IV. Conclusion

For the foregoing reasons, Ms. Wintjen's Motion for Partial Summary Judgment will be **GRANTED IN PART** and **DENIED IN PART**, and Denny's Motion for Summary Judgment will be **DENIED**, as more fully set forth in the accompanying order.

DATED this 22nd day of February, 2024

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):