**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JULI WINTJEN, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

DENNY'S, INC., *et al*,

Defendant.

Case No. 2:19-cv-00069-CCW

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL HISTORY ........ 2

III. THE PARTIES' SETTLEMENT AGREEMENT ........ 5

A. SETTLEMENT CONSIDERATION AND TERMS ........ 5

B. ATTORNEYS' FEES ........ 6

C. COSTS ........ 6

IV. ARGUMENT ........ 6

A. ATTORNEYS' FEES SHOULD BE AWARDED TO CLASS COUNSEL ........ 6

B. CLASS COUNSEL'S LODESTAR AND HOURLY RATES ARE REASONABLE AND APPROPRIATE ........ 9

1. Hours Expended ........ 10

2. Reasonable Hourly Rate ........ 13

C. THE *GUNTER/PRUDENTIAL* FACTORS SUPPORT PLAINTIFF'S FEE PETITION ........ 14

1. The Size of the Fund Created & Number of Persons Benefitted ........ 15

2. The Absence of Objections ........ 15

3. The Skill and Efficiency of Plaintiffs' Counsel ........ 15

4. The Complexity and Duration of Litigation ........ 16

5. The Risk of Non-Payment ........ 17

6. The Time and Effort Expended by Class Counsel .................................... 17

7. Awards in Similar Cases .......................................................................... 18

8. Value of Benefits Accruing to Class Members Attributable to the Efforts of Class Counsel as Opposed to the Efforts of Other Groups, Such as Government Agencies .................................................................. 18

9. Pennsylvania Law Supports Plaintiffs' Motion ....................................... 19

D. PLAINTIFF IS ENTITLED TO COSTS INCURRED IN LITIGATING THIS MATTER .......... 19

V. CONCLUSION ........................................................................................................ 20

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abrams v. Lightolier Inc.*,
50 F.3d 1204 (3d Cir. 1995)....................20

*Andersen v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946)....................8

*Becker v. ARCO Chem. Co.*,
15 F. Supp. 2d 621 (E.D. Pa. 1998)....................13

*Bonds v. GMS Mine Repair & Maint., Inc.*,
245 A.3d 1102, 2020 WL 7663844 (Pa. Super. Ct. 2020)....................9

*Bonett v. Educ. Debt Servs., Inc.*,
No. 01-6528, 2003 WL 21658267 (E.D. Pa. May 9, 2003)....................13

*Braun v. Wal-Mart Stores, Inc.*,
24 A.3d 875 (Pa. Super. Ct. 2011)....................9, 14

*Brooklyn Sav. Bank v. O'Neil*,
324 U.S. 697 (1945)....................7

*Brumley v. Camin Cargo Control, Inc.*,
No. CIV.A. 08-1798 JLL, 2012 WL 1019337 (D.N.J. Mar. 26, 2012)....................16

*Cheeks v. Freeport Pancake House, Inc.*,
796 F.3d 199 (2d Cir. 2015)....................8

*City of Burlington v. Dague*,
505 U.S. 557 (1992)....................10, 13

*Dynamic Capacity Grp., LLC v. Cappaert Manufactured Hous.*,
No. 23-cv-426-CCW, 2023 WL 4842786 (W.D. Pa. June 23, 2023)....................13

*Galdames v. N & D Inv. Corp.*,
432 F. App'x 801 (11th Cir. 2011)....................7

*Grajales v. Safe Haven Quality Care, LLC*,
2013 Pa. Dist. & Cnty. Dec. LEXIS 128 (2013)....................16, 19

*Gunter v. Ridgewood Energy Corp.*,
223 F.3d 190 (3d Cir. 1990)....................8, 9, 15

*Hoffman v. Bear Chase Brewing Co., LLC*,
No. 1:21CV1443, 2024 WL 1472793 (E.D. Va. Mar. 19, 2024)....................18

*Howe v. Hoffman-Curtis Partners Ltd., LLP*,
215 Fed. App'x 341 (5th Cir. Jan. 30, 2007) ....................8

*Imgarten v. Bellboy Corp.*,
383 F.Supp.2d 825 (D. Md. 2005) ....................17

*J & J Sports Prods., Inc. v. Thomas*,
No. CIV.A. 10-7051, 2011 WL 3156765 (E.D. Pa. July 26, 2011) ....................10

*Milkman v. Am. Travellers Life Ins. Co.*,
No. 011925, 2002 WL 778272 (Pa. Com. Pl. Apr. 1, 2002) ....................19

*Missouri v. Jenkins*,
491 U.S. 274 (1989) ....................14

*Mozingo v. Oil States Energy Servs., L.L.C.*,
No. CV 15-529, 2018 WL 4473345 (W.D. Pa. Sept. 18, 2018) ....................18

*New Berry, Inc. v. Smith*,
No. CV 18-1024, 2021 WL 5332165 (W.D. Pa. Nov. 15, 2021) ....................13

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
483 U.S. 711 (1987) ....................14

*Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*,
297 F.3d 253 (3d Cir. 2002) ....................10

*Prasker v. Asia Five Eight LLC*,
No. 08-CV-05811, 2010 WL 476009 (S.D.N.Y. Jan. 6, 2010) ....................7

*In re Prudential Insurance Company America Sales Practice Litigation Agent Actions*,
148 F.3d 283 (3d Cir. 1999) ....................8, 9

*Saddler v. Pennsbury Racquet & Athletic Club LLC*,
No. CV 16-1301, 2016 WL 7028078 (E.D. Pa. Nov. 30, 2016) ....................7

*Sullivan v. DB Investments, Inc.*,
667 F.3d 273 (3d Cir. 2011) ....................10

*Verma v. 3001 Castor, Inc.*,
No. 13-cv-3034 (E.D. Pa.), ECF No. 206 (Nov. 20, 2019) ....................18

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
No. 2:06-CV-1833, 2020 WL 1922902 (E.D. Pa. Apr. 21, 2020) ....................16

*Washington v. Philadelphia Court of Common Pleas*,
89 F.3d 1031 (3d Cir. 1996) ....................10

*Wintjen v. Denny's Inc.*,
No. 19-CV-69-CCW, 2024 WL 757085 (W.D. Pa. Feb. 22, 2024) ........................................12

**Statutes**

43 P.S. § 333.113 ........................................................................................................7, 20

Fair Labor Standards Act ........................................................................................ *passim*

Pennsylvania Minimum Wage Act ........................................................................... *passim*

**Other Authorities**

Pa.R.C.P. 171[7] ..............................................................................................................9

Pa.R.C.P. 1716 ................................................................................................................9

Pa.R.C.P. 1717 ........................................................................................................9, 19

Pa.R.C.P. 1717(2) ..........................................................................................................16

# I. INTRODUCTION

Plaintiff Sarah Gower ("Plaintiff" or "Gower"), on behalf of herself and all others similarly situated, by and through Class Counsel,[1] hereby moves the Court for attorneys' fees and costs pursuant to the proposed Collective and Class Action Partial Settlement and Release ("Settlement Agreement" or "SA")[2] entered into with Defendant Denny's, Inc. ("Defendant") (together with Plaintiff, the "Parties"). The Court approved the proposed Settlement Agreement on August 6, 2024. (ECF No. 331).

The basis for this motion also includes Class Counsel's success in obtaining the anticipated entry of judgment in favor of Plaintiff Juli Wintjen ("Wintjen" and together with Gower, "Plaintiffs") and the Rule 23 class she represents for their PMWA claim, arising out of Defendant's failure to comply with Pennsylvania's tip credit notification requirements. As a result of Class Counsel's efforts, Plaintiff Wintjen and the Rule 23 class stand to benefit from a judgment in their favor for at least $3,026,474.32 in back wages, and potentially an additional prejudgment interest amount of up to $951,523.53, depending on the Court's resolution of that pending motion.

Over the past five years, Class Counsel has devoted 1,837.68 hours to litigating this matter, resulting in a total combined lodestar of $1,201,954.50. The Parties have agreed to subtract from that amount $95,000.00 in legal fees Class Counsel previously received in connection with the prior Partial FLSA Settlement. (*See* Docket No. 234, ¶8). Consequently, Plaintiffs respectfully request an award of attorneys' fees in the amount of $1,106,954.50, andreimbursement of costs

---

[1] The Court appointed Connolly Wells & Gray, LLP ("CWG") and Lynch Carpenter, LLP ("LC") as class counsel in its Order granting class certification. *See* ECF No. 105. Additionally, CWG and LC have been appointed as Class Counsel for the partial settlement class as well. *See* ECF No. 330.

[2] ECF No. 309-1.

and litigation expenses in the amount of $24,053.90. As explained below, these amounts are reasonable and are supported by Plaintiff's and Class Counsel's significant investments of time, effort, expenses, and outstanding results achieved. Plaintiffs therefore respectfully request that the Court grant this Motion.[3]

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Wintjen[4] commenced this litigation on January 22, 2019 when she filed her complaint against Defendant asserting claims under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") and sought recovery of alleged unpaid wages, liquidated damages, and attorneys' fees and costs on behalf of herself and on behalf of a putative class and collective. Specifically, Plaintiff Wintjen alleged that Defendant violated the FLSA and PMWA by systematically and willfully denying its Tipped Employees certain wages due and owing. She alleged Defendant: (i) failed to satisfy the notice requirements of the tip credit provisions under federal and state law; and (ii) required tipped employees to perform excessive/unrelated side work in violation of federal law.[5] (*See* Complaint (ECF No. 1)). Defendant answered the Complaint on April 15, 2019 (ECF No. 14), after which Wintjen and Defendant engaged in the first of three mediation sessions in this matter.

---

[3] Class Counsel reserves the right to augment its fee request in the future to account for any legal work performed after this submission.

[4] Per Plaintiff's Motion to Certify Subclass, and Other Related Relief (ECF No. 305), Ms. Wintjen's individual FLSA claim has been severed from the FLSA Collective, and she is not a member of the ETCN Rule 23 Subclass. (*See* ECF No. 330). None of her claims have been resolved by the Settlement Agreement, but her PMWA claim will be resolved by the Court's anticipated entry of judgment.

[5] Plaintiff Juli Wintjen's excessive side work claim, and those of the FLSA Collective (the "80/20 claim") were settled earlier in this litigation and approved by the Court. (ECF No. 234). Pursuant to the terms of the Settlement Agreement, the unclaimed amounts remaining from that earlier 80/20 claim settlement (the "Residual FLSA Amount") will be used as an offset to the Settlement Amount Defendant must pay.

That first mediation was unsuccessful, and formal discovery ensued. The parties exchanged extensive written discovery. Class Counsel reviewed and analyzed thousands of pages of documents produced by Defendant. In addition, Class Counsel defended the deposition of the named Plaintiff and took the deposition of Defendant's corporate representative.

Pursuant to Court order, on July 6, 2020, the Parties filed cross-motions for summary judgment. (ECF Nos. 54, 57). On February 25, 2021, the Court granted Plaintiff Wintjen's motion for summary judgment on her individual tip credit notification claim under the FLSA but denied her summary judgment motion on her PMWA claim in light of the one-way intervention rule. (ECF No. 72). On that date, the Court also denied Defendant's motion for summary judgment. *Id*. Thereafter, Wintjen and Defendant engaged in a second mediation on April 29, 2021, but were again unable to resolve the case.

On May 17, 2021, Plaintiff Wintjen filed her motions for class certification of her PMWA claim and conditional certification of an FLSA collective (ECF Nos. 89–90), both of which were opposed by Defendant. (ECF Nos. 99–100). On November 18, 2021, the Court certified the Rule 23 class and conditionally certified the FLSA collective. (ECF No. 105). Subsequent to the Court's Order certifying the Rule 23 PMWA Class Defendant filed a 23(f) appeal with the Third Circuit seeking to overturn the certification of the PMWA Class. (*See* ECF No. 109). Class Counsel opposed that motion, and the Third Circuit subsequently denied Defendant's petition. (*See* ECF No. 118). Thereafter, Plaintiff Wintjen and Defendant, through their counsel, engaged in private settlement discussions regarding the 80/20 claim. On June 2, 2023, Plaintiff Wintjen filed an unopposed motion for approval of settlement of all pending FLSA 80/20 claims, which the Court granted on June 6, 2023. (ECF Nos. 225, 234). On July 13, 2023, the Court granted final certification of an FLSA collective which excluded certain opt-ins for whom Defendant had

produced a duly executed Employee Tip Credit Notification ("ETCN") form. In that same order, the Court also denied Defendant's motion to decertify the previously certified Rule 23 class but modified the previously-certified Rule 23 class to exclude Tipped Employees for whom Defendant had produced a duly executed ETCN form.

On August 7, 2023, the Parties again filed cross-motions for summary judgment. (ECF Nos. 249, 252). In her motion, Plaintiff Wintjen asked the Court to find that Defendant violated the tip credit notification requirements of the FLSA and the PMWA, and that Defendant had willfully violated the FLSA and failed to act in good faith, thereby justifying an award of liquidated damages to class and collective members. (ECF No. 252).

On February 22, 2024, the Court partially granted Plaintiff's motion, ruling that, as a matter of law, Defendant had failed to provide adequate tip credit notice to all FLSA collective and PMWA class members other than those individuals who may have received the ETCN form from Defendant. (ECF No. 271). The Court denied Plaintiff's motion on the issues of willfulness and good faith, finding that both issues were proper questions for the jury to decide. *Id*. On March 15, 2024, the Court amended its summary judgment Order to exclude from the grant of summary judgment all members of the Modified PMWA Class who are included on the ETCN List,[6] finding whether those individuals actually received the ETCN form was a question for the jury. (ECF Nos. 288, 289). Shortly thereafter, on March 18, 2024, the Parties engaged in a third mediation, this time conducted by Michael Russell, Esq. At that mediation, the Parties agreed to settle those issues which the Court determined were questions of fact for the jury. To facilitate the settlement, the

[6] The ETCN List consists of all Tipped Employees that Defendant asserts were sent an ETCN Form via intercompany mail. Members of the ETCN Rule 23 Subclass are those Tipped Employees whose names appear on the ETCN List but for whom no executed copy of an ETCN Form was produced.

Parties agreed to substitute Plaintiff Gower in for Plaintiff Wintjen as representative for the Modified FLSA Collective and ETCN Rule 23 Subclass, subject to Court approval. (SA at 4). Plaintiff Wintjen remains the representative of the Modified PMWA Class, which Defendant indicated would be part of a forthcoming appeal once judgment was entered against it.

On July 8, 2024, the Parties stipulated that the total number of hours worked by the Rule 23 Class (excluding members of the ETCN Rule 23 Subclass) within the Class Period[7] were 685,163.31, and that Defendant claimed a tip credit dollar amount of $3,026,474.32 for those hours. (ECF No. 318 at p.2, ¶¶ 1–2). Also on July 8, 2024, Plaintiff Wintjen moved for an award of prejudgment interest in the amount of $951,523.53 (provided that judgment is entered by October 2024). (ECF Nos. 319–320).

The Court approved the proposed Settlement Agreement on August 6, 2024. (ECF No. 331). Now, pursuant to the terms of the Settlement Agreement reached by the Parties—and Plaintiff Wintjen and the Rule 23 class's anticipated status as prevailing parties for their PMWA claim—Plaintiffs move the Court for statutory attorneys' fees and costs.

## III. THE PARTIES' SETTLEMENT AGREEMENT

### A. SETTLEMENT CONSIDERATION AND TERMS

The terms of the Settlement Agreement are set forth in detail in the briefing seeking preliminary approval of that proposed settlement. Notably, per the SA, Defendant has agreed to pay a Settlement Amount of $437,500, which does not include any attorneys' fees. (*See* SA at § 2.63).

[7] Unless otherwise defined herein, all capitalized terms used throughout this memorandum shall have the meanings ascribed to them in the Settlement Agreement. The Class Period for purposes of the stipulation is January 22, 2016 through August 1, 2019. *See* SA § 2.12.

### B. Attorneys' Fees

In accordance with the argument and authorities below, Plaintiff is seeking $1,106,954.50 in attorneys' fees. The Parties have agreed to submit the amount of attorneys' fees to the Court. (*See* SA § 5.16(A)). In particular, Plaintiff is entitled "to make an application to the Court for an award of all Attorney's Fees to which Class Counsel believes it is entitled under the FLSA and PMWA." (*Id*. at § 5.16(B)). Moreover, "Defendant expressly waives its entitlement to the credit for attorney's fees paid to Class Counsel under Paragraph 11 of the Prior Partial FLSA Settlement, and Defendant agrees that it shall not seek to reduce the amount of Class Counsel's Attorney's Fees awarded by the Court based on the Prior Partial FLSA Settlement." (*Id*. at § 5.16(D)). "Rather, Class Counsel shall submit all hours they deem appropriate in seeking an award of Attorney's Fees and shall reduce their total amount sought by ninety-five thousand dollars ($95,000), the amount paid by Defendant in the Prior Partial FLSA Settlement." *Id*.

### C. Costs

Under the Settlement Agreement, and subject to Court approval, Defendant agreed to pay up to $26,000 in costs, which also includes costs associated with the non-settling claims of the Rule 23 class. (*See* SA § 5.17). Defendant has agreed not to contest or appeal any award of costs in this action. *Id*. Class Counsel's expense reimbursement request is for $24,053.90.

## IV. ARGUMENT

### A. Attorneys' Fees Should Be Awarded to Class Counsel

Plaintiff is seeking an award of $1,106,954.50 in attorneys' fees from the Court, inclusive of fees earned in obtaining the anticipated judgment for Plaintiff Wintjen and the Rule 23 Class, and for the recovery obtained by way of the Settlement Agreement for Plaintiff Gower, the Modified FLSA Collective, and the ETCN Rule 23 Subclass. As a result, the Court has two

grounds on which to award fees: the fee-shifting provisions of the FLSA and PMWA, and Defendant's agreement in connection with the Settlement that the Court may order Defendant to pay reasonable fee amount (reserving its rights to challenge the amount requested and seek an appeal in connection with the claims resolved in favor of Plaintiff Wintjen and the Rule 23 Class).

"Under the FLSA, an award of reasonable attorneys' fees to a prevailing plaintiff is mandatory and unequivocal: 'The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Saddler v. Pennsbury Racquet & Athletic Club LLC*, No. CV 16-1301, 2016 WL 7028078, at *2 (E.D. Pa. Nov. 30, 2016) (quoting 29 U.S.C. § 216(b)). The Pennsylvania Minimum Wage Act of 1968 ("PMWA") is also clear – an employee "may recover in a civil action the full amount of" the minimum wage owed "together with costs and such reasonable attorney's fees as may be allowed by the court . . ." 43 P.S. § 333.113.

To encourage employees to enforce their FLSA rights in court, and thus to further the public policies underlying the FLSA, Congress has permitted individual employees to sue for back wages and liquidated damages and to receive reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709–10 (1945). Thus, a prevailing plaintiff in a FLSA case is entitled to a reasonable award of attorneys' fees and costs. *See Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (approving fee award larger than damages obtained).

A plaintiff's counsel who successfully pursues wage and hour claims "must be adequately compensated for their efforts," otherwise "wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Prasker v. Asia Five Eight LLC*, No. 08-CV-05811, 2010 WL 476009, at *6 (S.D.N.Y. Jan. 6, 2010). Civil enforcement of wage and

hour laws is an important supplement to the work of government regulators in carrying out the public policy of the FLSA. *Andersen v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-687 (1946) (noting the FLSA is a "remedial" statute that embodies "great public policy").

"The FLSA is a uniquely protective statute" and its "remedial purpose [is] to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). Consistent with the remedial purpose of the FLSA, it is not uncommon for attorneys' fees and costs to exceed the recovery to the employees. *See, e.g., Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. App'x 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples.").

In *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 1990), the Third Circuit directed that, when analyzing a fee award, a district court must consider several factors, including:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

The Third Circuit noted three additional factors in *In re Prudential Insurance Company America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 336–40 (3d Cir. 1999): (1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts of other groups, such as government agencies conducting investigations, (2) the percentage

fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained, and (3) any "innovative" terms of settlement.

Likewise, under Pennsylvania state law, the trial court has discretion with respect to determining the appropriate amount of the fee award, and "[i]n general, the manner by which attorneys' fees are determined in [Pennsylvania], under fee-shifting provisions, is the lodestar approach." *Bonds v. GMS Mine Repair & Maint., Inc.*, 245 A.3d 1102, 2020 WL 7663844, *11 (Pa. Super. Ct. 2020) (citation and quotation marks omitted). "However, in analyzing a fee petition regarding a Pennsylvania wage and hour claim, "[t]he court must consider the factors set forth in Pa.R.C.P. 171[7][8] in calculating the lodestar." *Braun v. Wal-Mart Stores, Inc.,* 24 A.3d 875, 975 (Pa. Super. Ct. 2011).[9]

In the instant matter, based on a review of both Class Counsel's lodestar and the factors set forth in *Gunter* and *Prudential*, as well as those prescribed by Pa.R.C.P. 1717, Class Counsel's fee request should be approved.

### B. Class Counsel's Lodestar and Hourly Rates Are Reasonable and Appropriate

The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-

---

[8] Rule 1717 states:

> In all cases where the court is authorized under applicable law to fix the amount of counsel fees it shall consider, among other things, the following factors:
> (1) the time and effort reasonably expended by the attorney in the litigation;
> (2) the quality of the services rendered;
> (3) the results achieved and benefits conferred upon the class or upon the public;
> (4) the magnitude, complexity and uniqueness of the litigation; and
> (5) whether the receipt of a fee was contingent on success.

[9] Rule 1716 was subsequently renumbered to Pa.R.C.P. 1717.

shifting statutes. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar method is used as the starting point to calculate an award of reasonable attorneys' fees. *See Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). This method involves multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Id.*; *see also Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011).

In the instant matter, Plaintiff requests an award of $1.106,954.50 in attorneys' fees, based on 1,837.68 hours expended, including time spent in preparation of the motion *sub judice.*[10] In support of their request for fees, the undersigned counsel has attached Declarations of Class Counsel, which include detailed timesheets of the work performed. Evidentiary records based on declarations of counsel have been found sufficient to award attorneys' fees. *See, e.g., J & J Sports Prods., Inc. v. Thomas*, No. CIV.A. 10-7051, 2011 WL 3156765, at *2 (E.D. Pa. July 26, 2011). Here, Class Counsel exceeds this standard. *See Washington,* 89 F.3d at 1038 (finding "computerized lists" submitted by counsel "clearly meet the standards" the Third Circuit deemed appropriate in analyzing fee petitions).

**1. Hours Expended**

As set forth in the attached Declarations, Class Counsel has spent an aggregate of 1,837.68 hours of professional time on this matter since it was initiated in 2019. The number of hours expended is reasonable given the subject matter, duration, and disputed nature of the litigation. In particular, the hours incurred on this matter have been proper and necessary and have included *inter alia*: (i) conferring with Plaintiff Wintjen regarding her claims; (ii) investigating her claims

[10] It is settled in this Circuit that an award of fees is appropriate for the time expended in pursuing a motion for award of attorneys' fees. *See Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.,* 297 F.3d 253, 268 (3d Cir. 2002) ("A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application").

and researching Defendant's corporate ownership; (iii) review of Defendant's policies and procedures, applicable law, and analysis of analogous cases; (iv) drafting and filing Plaintiff Wintjen's Complaint; (v) communicating with Defendant's counsel about the underlying claims; (vi) drafting and serving written discovery; (vii) review of thousands of pages of documents produced by Defendant; (viii) communicating with Defendant's counsel in an attempt to resolve certain discovery issues; (iv) defending Plaintiff's deposition and deposing Defendant's corporate representative; (x) filing motions for class and/or collective action certification (and defending same against decertification motions); (xi) opposing Defendant's Rule 23(f) Petition; (xii) drafting and responding to multiple Motions for Summary Judgment; (xiii) preparing for and participating in three mediations; and (xiv) other necessary pleadings and motions throughout the pendency of the case.

The "lion's share" of the time incurred in this matter was spent on discovery, contentious dispositive motions practice, class action-specific practice, and resolving those claims which could not be won via motion practice. The process of briefing each of the motions filed in this action was detailed and time-consuming. It included drafting, proofing, and editing the brief, legal research, and preparing and compiling the statements of undisputed facts and exhibits. Many of the issues raised in these motions were not specifically addressed by prior decisions from either the Third Circuit or sister courts in this District.

Thus, the present case did not involve "cookie cutter" factual issues or legal arguments drawn from previously-filed briefs. Rather, Class Counsel was required to research and analyze novel and complex issues within the law, as well as to address numerous decisions from outside of this Circuit. Ultimately, this Honorable Court found Class Counsel's argument persuasive with respect to the issue of whether the matter was appropriate for class and collective certification.

Similarly, Class Counsel prevailed on significant claims at summary judgment, and Defendant's efforts to extinguish the case were denied. Moreover, Class Counsel was able to negotiate a mutually satisfactory settlement for the claims unresolved after summary judgment.

Accordingly, there can be no dispute that the time invested by Class Counsel was reasonable, necessary, and ultimately served to benefit both Plaintiffs Gower and Wintjen, the FLSA Collective, and the PMWA Rule 23 class and subclass. Indeed, any complaint regarding the number of hours expended by Class Counsel must be seen as largely disingenuous, as it was Defendant itself who, among other things, chose to serially relitigate (and lose anew) issues this Court previously addressed. *See, e.g., Wintjen v. Denny's Inc.,* No. 19-CV-69-CCW, 2024 WL 757085, at *6 (W.D. Pa. Feb. 22, 2024) ("The Court has previously considered—and rejected—the very arguments that Denny's advances and declines to reconsider the issues, for what would be the third time.").

Both firms have attached itemized lists of tasks performed, the dates on which they were performed, the amount of time spent, and the identities and rates of the billers. (*See* Lynch Decl. at Ex. A; Wells Decl. at Ex). A. Both firms reviewed their time entries before submission, and each firm has voluntarily eliminated some entries to limit redundancy or time for marginal tasks. (Lynch Decl. ¶ 18; Wells Decl. ¶ 31).

In sum, Class Counsel's hours expended were reasonably incurred and were necessary for Plaintiff and the Classes to assert their statutory right to full wages. The success Class Counsel achieved in this matter confirms that the attorneys' fees requested are warranted and appropriate.[11]

---

[11] The Parties agreed in their Settlement that Plaintiffs' total request will be reduced by $95,000 to account for funds received per the Prior Partial FLSA Settlement in 2023. SA § 5.16(D). Thus, when determining a reasonable fee award, the Court need not consider any impact of the Prior Partial FLSA Settlement on the request.

### 2. Reasonable Hourly Rate

"The best evidence of a prevailing market rate is counsel's customary billing rate." *New Berry, Inc. v. Smith*, No. CV 18-1024, 2021 WL 5332165, at *2 (W.D. Pa. Nov. 15, 2021) (citing *E.C. v. School Dist. of Philadelphia*, 91 F. Supp. 3d 598, 603 (E.D. Pa. Mar. 4, 2015)). Class Counsel's rates have been approved by numerous courts within this Circuit and elsewhere in the past two years. (*See* Lynch Decl. ¶ 24; Wells Decl. ¶ 40). Thus, this Court should likewise approve Class Counsel's hourly rate here, as it is "consistent with prior awards for this attorney in this district." *Bonett v. Educ. Debt Servs., Inc.*, No. 01-6528, 2003 WL 21658267, at *8 (E.D. Pa. May 9, 2003).

In addition, Class Counsel's rates are in-line with the prevailing market rates in the community for complex class action litigation. *Becker v. ARCO Chem. Co.*, 15 F. Supp. 2d 621, 628 (E.D. Pa. 1998) (prevailing market rate can be established by attorneys "personal knowledge of the hourly rates customarily charged in the relevant market"). Moreover, in determining "whether the requested hourly rate is reasonable," a district court can look to "recent awards of attorneys' fees in this district" to determine whether "the rates charged . . . are within the range of the prevailing market rates of attorneys who performed similar services." *Dynamic Capacity Grp., LLC v. Cappaert Manufactured Hous.*, No. 23-cv-426-CCW, 2023 WL 4842786, at *2 (W.D. Pa. June 23, 2023). As noted in the Declarations, the hourly rates of Class Counsel have been approved by multiple courts in this District.

Further, compared to attorneys who perform non-contingent fee work , attorneys who perform contingency fee work ordinarily bill at a higher hourly rate to account for contingent nature of their work. *See, e.g., City of Burlington v. Dague,* 505 U.S. 557, 562–63 (1992) (noting that the risk of loss in a case is "ordinarily" accounted for in an attorney's lodestar which includes

"the higher hourly rate of the attorney skilled and experienced enough to" litigate claims on a contingent fee basis).[12] Further, class action wage and hour cases are often vigorously defended, are contingent in nature, and are not litigated by many plaintiffs' attorneys; accordingly, those attorneys who do litigate them need to have specialized skills.

Here, as set forth in the accompanying declarations, Class Counsels' skill, experience, and reputations have been recognized by courts across the country. (*See* Lynch Decl. ¶¶ 3–4 & Ex. B; Wells Decl. at ¶¶ 9–14). The attorneys comprising Class Counsel here all concentrate their practices on complex litigation, including wage and hour class actions. (*See* Wells Decl. at ¶ 1; Lynch Decl. at ¶¶ 1–4 & Ex. B). Notably, each firm has successfully represented thousands of aggrieved employees in analogous wage and hour class actions, and their fee requests in those cases have been routinely approved. (Wells Decl. at ¶¶ 9–14, 38–40; Lynch Decl. at ¶¶ 3–4, 24). Accordingly, their hourly rates should be approved by this Court.[13]

### C. THE *GUNTER/PRUDENTIAL* FACTORS SUPPORT PLAINTIFF'S FEE PETITION

As set forth above, Plaintiff's lodestar is eminently reasonable and, consequently, Class Counsel's fee request should be approved. In addition, several more factors evince the propriety of the fee request.

---

[12] *See also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 737 (1987) (Blackmun, J., dissenting) (the "hourly rate that is contingent on success is necessarily higher than the hourly rate charged when payment is current and certain").

[13] The U.S. Supreme Court and other courts have held that the use of current rates is proper, since such rates compensate for inflation and the loss of use of funds during the pendency of a case. *See Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989). Should Defendant object to Class Counsel's hourly rate, then Plaintiff respectfully requests an enhancement multiplier of Class Counsel's lodestar to account for the contingency risk removed from their hourly rates. *See Braun,* 24 A.3d at 980 ("A contingency enhancement on top of the lodestar is appropriate only if the lodestar does not reflect counsel's contingent risk.") (collecting cases).

**1. The Size of the Fund Created & Number of Persons Benefitted**

The Parties have agreed to the partial Settlement for $437,500, exclusive of attorneys' fees, (SA § 2.63), and Plaintiff Wintjen and the Rule 23 Class are seeking a judgment of $3,026,474.32 plus an award of prejudgment interest in the amount of $951,523.53. (ECF No. 318 at p.2, ¶¶ 1–2, ECF No. 319–320). If the Court approves those amounts, altogether Class Counsel will have obtained recoveries or judgments worth $4,415,497.85, excluding fees, expenses, and the prior Partial FLSA Settlement. In short, based on the work alone of Class Counsel, hundreds of Denny's employeeswho were denied their honestly-earned wages will each recover under the SA and/or anticipated judgment. Given the significant number of class members recovering and the obvious benefit of this action to them, Class Counsel's fee request is reasonable.

**2. The Absence of Objections**

Class Members will have an opportunity to object to the requests for attorneys' fees, reimbursement of costs and expenses, and the service award, and will be able to access Class Counsel's motion and accompanying exhibits on the settlement website. The deadline to object to the Settlement is October 10, 2024. (Wells Decl. at ¶ 21).

**3. The Skill and Efficiency of Plaintiffs' Counsel**

The attorneys comprising Class Counsel are well-versed in wage and hour litigation. Indeed, in opposing Plaintiff's class certification motion, Defendant did not challenge Class Counsel's qualifications. (ECF No. 99). As the Declarations make clear, Class Counsel individually and collectively are experienced, knowledgeable, and talented litigators in the realm of wage and hour class actions. (*See* Wells Decl. at ¶¶ 9–14, 38–40; Lynch Decl. at ¶¶ 3–4, 24). The Third Circuit has sought to ensure that "competent counsel continue to undertake risky, complex, and novel litigation." *Gunter*, 223 F.3d at 198. "The single clearest factor reflecting the

quality of class counsels' services to the class are the results obtained." *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2020 WL 1922902, at *28 (E.D. Pa. Apr. 21, 2020) (internal citation omitted).[14] Here, the "results obtained" – summary judgment on all issues of law and favorable settlement for issues of fact -- warrant the fees requested.

**4. The Complexity and Duration of Litigation**

As a sister court in this Circuit aptly noted, "FLSA claims and wage-and-hour law enforcement through litigation has been found to be complex by the Supreme Court and lower courts." *Brumley v. Camin Cargo Control, Inc.*, No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *11 (D.N.J. Mar. 26, 2012). Over the course of more than five years, Class Counsel successfully litigated claims regarding violations of state and federal law due to, *inter alia*, Defendant's failure to satisfy the notice requirements. (*See* Wells Decl. ¶¶ 15–16). The Parties extensively researched and briefed these complex and novel notice arguments on Summary Judgment, including addressing standing, concrete harm, the burden of proof, willful violation, and liquidated damages. (ECF No. 271).

The matter has been mediated three times since September 2019, with multiple meetings, the enlisting of professional mediators experienced in wage-and-hour litigation, analysis of wage-and-hour records for almost 1,000 class members in this case the formulation of damage models, and the negotiation of recoveries. As in *Brumley*, Class Counsel contends here "that this factor weighs in favor of approving their fee request as reasonable." *Brumley*, 2012 WL 1019337, at *11.

[14] *See also Grajales v. Safe Haven Quality Care, LLC*, 2013 Pa. Dist. & Cnty. Dec. LEXIS 128, *9 (2013), noting that "[The Explanatory Comment to Rule 1717(2) . . . explains that '[c]ounsel who possess more experience, knowledge and legal talent are entitled to and generally command compensation superior to counsel who are less endowed.'"

**5. The Risk of Non-Payment**

This matter has been litigated for more than five years on a purely contingent fee basis, and so far Class Counsel have been paid only $95,000 in connection with the prior partial settlement. (Lynch Decl. ¶ 15; Wells Decl. ¶ 22). From the outset, the risk of non-payment was material. Class Counsel faced legitimate risks of decertification and adverse summary judgment. If any of those events occurred, Class Counsel would have recovered nothing for their time. Even now, it is unclear whether Class Counsel will be able to recover the full fee award from Defendant, as it intends to appeal Plaintiff Wintjen's summary judgment win. Thus, this factor strongly supports approval of this Motion.

**6. The Time and Effort Expended by Class Counsel**

As set forth above, Class Counsel spent considerable time and effort over the past five plus years in prosecuting this litigation. A significant portion of this time was spent responding to largely unsuccessful motions filed by Defendant (such as their motion to decertify both the class and collective, their Rule 23(f) Petition and their multiple motions for summary judgment). As this Court is well aware, Defendant tenaciously litigated this case at every turn over the course of more than half a decade. As such, any complaints it might raise now regarding the significant time required of Class Counsel to prosecute this action should be given short shrift indeed. *See Imgarten v. Bellboy Corp.*, 383 F.Supp.2d 825, 840 (D. Md. 2005) ("Those who elect a militant defense are responsible for the time and effort they extract from their opponents. A party cannot litigate tenaciously and then complain about the time spent by the opposing party in response."). Class Counsel's efforts were reasonable, appropriate, necessary and extensively documented in their time records.

**7. Awards in Similar Cases**

The requested fee of $1,106,954.50 is consistent with the lodestars incurred and the fees awarded in similar cases resulting in significant settlements or judgments for workers. *See, e.g., Verma v. 3001 Castor, Inc.,* No. 13-cv-3034 (E.D. Pa.), ECF No. 206 (Nov. 20, 2019) (awarding $923,330 in attorneys' fees in PMWA class action where jury award and prejudgment interest totaled $5,795,322.71); *Mozingo v. Oil States Energy Servs., L.L.C.*, No. CV 15-529, 2018 WL 4473345 (W.D. Pa. Sept. 18, 2018) (in wage and hour case, awarding $2,263,904.50 in attorneys' fees after 8 plaintiffs were successful at trial); *Hoffman v. Bear Chase Brewing Co., LLC*, No. 1:21CV1443 (DJN/WEF), 2024 WL 1472793, at *9 (E.D. Va. Mar. 19, 2024), *report and recommendation adopted*, No. 1:21CV1443 (DJN), 2024 WL 1468336 (E.D. Va. Apr. 3, 2024) (recommending award of $289,275 in attorneys' fees for counsel who recovered "full request for damages in the amount of $34,245.61" from jury).

**8. Value of Benefits Accruing to Class Members Attributable to the Efforts of Class Counsel as Opposed to the Efforts of Other Groups, Such as Government Agencies**

In the instant matter, Plaintiffs either prevailed at summary judgment or were able to obtain a successful settlement. Every Partial Settlement Class Member will be compensated as a result of the agreement between the Parties in proportion to the actual damages they have incurred. Further, Plaintiff Wintjen and the Rule 23 Class stand to benefit from an anticipated judgment in excess of $3 million, and potentially up to almost $4 million if prejudgment interest is awarded. No public agencies were involved in the investigation or prosecution of these FLSA and PMWA claims; all favorable results are attributable solely to Class Counsel. As such, this factor also weighs in favor of approving the fee request.

#### 9. Pennsylvania Law Supports Plaintiffs' Motion

In *Grajales,* the Court considered the factors set forth in Rule 1717 in determining the appropriateness of a fee petition in a successfully litigated PMWA case. They are:

(1) the time and effort reasonably expended by the attorney in the litigation;

(2) the quality of the services rendered;

(3) the results achieved and benefits conferred upon the class or upon the public;

(4) the magnitude, complexity and uniqueness of the litigation; and

(5) whether the receipt of a fee was contingent on success.

*Grajales* at *3 (applying Rule 1717 factors in PMWA class action); *see also Milkman v. Am. Travellers Life Ins. Co.*, No. 011925, 2002 WL 778272, at *24 (Pa. Com. Pl. Apr. 1, 2002) (applying Pa.R.C.P. 1716 in class-action settlement context). A review of these five factors, which largely overlap those directed by *Gunter/Prudential*, clearly demonstrates the appropriateness of Class Counsel's fee request related to Plaintiffs' PMWA claim.[15] Indeed, Class Counsel obtained a significant result for Class Members insofar as it had this Court find that the language of the PMWA tip credit notification requirements should be read to require, at a minimum, the same notification requirements as the FLSA. This legal victory underscores the significant results obtained by Class Counsel.

### D. Plaintiff Is Entitled to Costs Incurred in Litigating this Matter

The Court should approve Class Counsel's reasonable litigation costs and expenses in the amount of $24,053.90, pursuant to the Parties' Settlement Agreement. These expenses include costs associated with taking a deposition, obtaining a damage analysis from RG2, and paying for

[15] Rule 1717 states that the "order in which the factors are listed is not intended to indicate the priority or weight to be accorded" each factor.

the third mediation. (Wells Decl. ¶ 44; Lynch Decl. ¶ 28). The Court should grant reimbursement of these expenses because they were reasonably incurred to facilitate the prosecution and settlement of this litigation. As the Third Circuit has long held, "[c]ounsel for a class action [are] entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224–25 (3d Cir. 1995). Likewise, pursuant to the PMWA, Plaintiffs are entitled to recover the costs incurred in prosecuting this action. 43 P.S. § 333.113.

The Parties' Settlement Agreement provides that Defendant agrees to pay up to $26,000 in costs if approved by the Court. (*See* SA § 5.17.). Moreover, Defendant has agreed not to contest or appeal any award of costs in this action. *Id*. Each of the costs for which Class Counsel seeks reimbursement is adequately documented in the aforementioned declarations. As such, Plaintiff respectfully requests that the Court approve the request for $24,053.90.

## V. CONCLUSION

Plaintiff Gower's favorable partial class settlement and Plaintiff Wintjen's anticipated judgment for herself and the Rule 23 Class are the direct results of the significant time and effort expended by Class Counsel. Consequently, for the reasons set forth above, Plaintiffs respectfully request an award of Attorneys' Fees in the amount of $1,106,954.50, and reimbursement of litigation expenses in the amount of $24,053.90.

Dated: August 13, 2024

Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III, Esq. (PA ID 88277)
(admitted pro hac vice)
Robert J. Gray, Esq. (PA ID 86251)
(admitted pro hac vice)

101 Lindenwood Drive, Suite 225
Malvern, PA 19355
T: 610-822-3700
F: 610-822-3800
gwells@cwglaw.com
rgray@cwglaw.com

**LYNCH CARPENTER, LLP**
Gary F. Lynch, Esq. (PA ID 56887)
Jamisen A. Etzel, Esq. (PA ID 311554)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
F: 412-231-0246
gary@lcllp.com
jamisen@lcllp.com

***Counsel for Plaintiff and the Classes***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of August 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III