IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULI WINTJEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S INC., *et al.*,<br><br>Defendants. | Civil Action No.: 2:19-cv-00069-CCW |

**FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Collective and Class Action Partial Settlement and Release Agreement ("Settlement Agreement") entered into by and between Plaintiffs Juli Wintjen ("Wintjen") and Sarah Gower ("Gower") (collectively, "Plaintiffs"), individually and on behalf of the Partial Settlement Class, and Defendant, the Court orders and finds as follows:

1. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, which can be found at ECF No. 309-1 and ECF No. 328-1.

2. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, Partial Settlement Class Members, and Defendant.

3. The Court determines that Plaintiff Gower is asserting claims on behalf of herself and the Partial Settlement Class for violations of applicable wage laws, including the Pennsylvania Minimum Wage Act ("PMWA") and the Fair Labor Standards Act ("FLSA"). Plaintiff Wintjen's FLSA claim was previously severed from the Collective Action, and is not adjudicated by this order.

4.      The Court determines that the Settlement, which includes the payment of Four Hundred Thirty-Seven Thousand Five Hundred Dollars ($437,500.00), on behalf of Defendant ("Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendant's Counsel. The Court further finds that at all times Plaintiff Gower has acted independently and that the Plaintiff Gower and Class Counsel have fairly and adequately represented the Partial Settlement Class in connection with the Action and the Settlement. The Court further finds that the Settlement arises from a genuine controversy between the Plaintiff Gower and the Partial Settlement Class on one side and Defendant on the other, and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5.      The Court determines that the Class Notice transmitted to the Partial Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Partial Settlement Class who could be identified through reasonable efforts. The Class Notice, along with the posting of the Class Notice on the website identified in the Class Notice and emailing individuals regarding the Class Notice, provides valid, due and sufficient notice of the Final Approval Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and thus the Class Notice has satisfied the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

6.      Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3), the Court previously certified a Partial Settlement Class consisting of a subclass – the ETCN Rule 23 Class – from the previously certified Rule 23 Class and the FLSA Collective. No evidence has been submitted to the Court that alters the Court's determination that certification of the Partial Settlement Class is

appropriate. As such, the Court hereby approves the maintenance of the Action as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). In addition, pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints Plaintiff Gower as the representative of the Partial Settlement Class and Connolly Wells & Gray, LLP and Lynch Carpenter LLP as Class Counsel.

7. On February 26, 2025, the Court held a fairness hearing to which Partial Settlement Class Members, including any with objections, were invited.

8. The Court notes that, notwithstanding the opportunity to do so, no objections to the Settlement Agreement were filed nor were any Requests for Exclusion submitted.

9. The Court finds that the Settlement is fair, reasonable and adequate, and hereby finally approves the Settlement Agreement submitted by the Parties, including the Release of Claims set forth in Section 6 of the Settlement Agreement.

10. Based on the Settlement, the Court hereby dismisses the FLSA claims of the FLSA Collective and the PMWA claims of the ETCN Rule 23 Class against Defendant with prejudice on the merits. Judgment is entered pursuant to Federal Rule of Civil Procedure 54(b) as outlined in the Settlement Agreement. For sake of clarity, the Court specifically notes that this judgment shall have no effect on Plaintiff Wintjen's claims nor the claims of the Rule 23 Class, which shall be adjudicated by separate judgment.

11. As of the Final Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions including the Release of Claims set forth in the Settlement Agreement. As set forth in the Settlement Agreement, Partial Settlement Class Members are deemed to have

released their claims under the Fair Labor Standards Act and applicable state laws as set forth in Paragraph 6.1 in the Settlement Agreement.

12. Class Counsel are hereby awarded reimbursement of expenses in the sum of Twenty-Six Thousand Dollars ($26,000.00) (the "Attorneys' Costs"). The Attorneys' Costs have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court. Attorneys' Costs shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

13. The Court hereby further finds that the administrative expenses incurred by the Claims Administrator in administering this Settlement are necessary and reasonable. Accordingly, the Court hereby orders all such expenses to be paid in accordance with the terms of the Settlement Agreement.

14. The Court has determined that, based on the evidence presented to it, a Service Payment is appropriate to Plaintiff Gower. She is hereby awarded a Service Payment in the following amount: Two Thousand Five Hundred Dollars ($2,500.00). This Service Payment has been determined by the Court to be fair, reasonable, and appropriate. The Service Payment shall be paid to Plaintiff Gower in accordance with the terms of the Settlement Agreement. She is also eligible for a share of the payment from the Settlement Amount as a member of the Partial Settlement Class. Other than these payments, no other award shall be awarded to the Plaintiff Gower in connection with the Settlement Agreement.

15. Defendant is hereby ordered to pay all other amounts as set forth in the Settlement Agreement.

16. No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Settlement Amount.

17. The Court finds that the distribution of the Settlement Amount to Partial Settlement Class Members as submitted by the Parties is approved as fair, reasonable, and adequate. The Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement.

18. In the event that, by operation of the terms of the Settlement Agreement, there is a Cy Pres Distribution, the Claims Administrator shall make the Cy Pres Distribution in accordance with the terms of the Settlement Agreement and, if necessary, to the following entity selected by the Court: Greater Pittsburgh Community Food Bank.

19. In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and the Action shall for all purposes with respect to the Parties revert to their status as of the day immediately before the execution of the Settlement Agreement. The Parties shall immediately contact the Court to obtain a new scheduling order and trial date.

20. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

21. The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED,** this __4th__ day of _____March_____, 2025**.**

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
UNITED STATES DISTRICT JUDGE